ORIGINAL
w/ AFF

FILED

2004 JAN 28 P 2: 43

US DISTRICT
BRIDGEPORT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------------------

DONALD WAINRIGHT, JANET WAINRIGHT,   Doc.# 301-CV-2158 (WWE)
AND DEBORAH A. RUSSO-WILLIAMS,

                            Plaintiffs,
-against-

OSM COMMUNICATIONS, INC., ISRAEL H.
POLANSKY, ROBERT E. POLANSKY, AND
ANNE POLANSKY,
                           Defendants.   January 27, 2004

-----------------------------------------------------------------

### PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME

The plaintiffs in this matter hereby respectfully submit this motion for enlargement of time with which to permit discovery, specifically depositions, of 14 days to February 13, 2004. This is the second Motion for Enlargement of Time filed in the case. The expiration of the January 31, 2004 time period is because of failure to act and was the result of excusable neglect based on:

1. J. Michael Sulzbach, counsel for Israel and Anne Polansky, re-noticed depositions on the plaintiffs on January 22, 2004, seeking deposition dates of January 27th and 28th of 2004.

2. Plaintiffs Donald Wainright and Janet Wainright are unavoidably out of town on the proposed dates, but are available on February 6, 2004. Plaintiff's counsel has as of this date been unable to contact Deborah A. Russo-Williams.

1

3. There is no danger of prejudice to the defendants as the Plaintiff's will supply Defense counsel with documents requested in the Deposition Re-Notice well in advance of the proposed deposition dates requested by Defense Counsel J. Michael Sulzbach, and Defense counsel has until February 28, 2004 to file his expected Motion for Summary Judgment.

4. The reason for the delay is not within the reasonable control of the movant, despite movant's good faith efforts.

5. Pursuant to Local Rule 9, counsel for the plaintiff states that he has ascertained the position of the defendant's counsel, M. Michael Sulzbach, and counsel is available and willing to conduct the depositions of the Plaintiffs on February 5th and 6th, 2004, but has as of the date of this motion been unable to contact his clients in order to consent.

DATED: NEW HAVEN, CONNECTICUT
January 27, 2004

THE PLAINTIFF
BY: _____
ROBERT E. ARNOLD, ESQ.
LAW OFFICES OF ROBERT E ARNOLD LLC
412 ORANGE STREET
NEW HAVEN, CONNECTICUT 06511-6400
TELEPHONE: (203) 777-3000
FAX: (203) 777-2900
Federal Juris #: ct18093

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

-----------------------------------------------------------

DONALD WAINRIGHT, JANET WAINRIGHT,          Doc.# 301-CV-2158 (WWE)
AND DEBORAH A. RUSSO-WILLIAMS,

                                  Plaintiffs,
           -against-

OSM COMMUNICATIONS, INC., ISRAEL H.
POLANSKY, ROBERT E. POLANSKY, AND
ANNE POLANSKY,
                            Defendants.      Dated: January 27, 2004

## MEMORANDUM OF LAW IN SUPPORT

"Under Federal Rule of Civil Procedure Rule 6(b)(2), once a deadline has expired the court may only grant extensions of time where the party's failure to act was due to "excusable neglect." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 896 (1990). "Excusable neglect" under Rule 6(b)(2) is equivalent to "good cause." Putnam v. Morris, 833 F.2d 903, 905 (10th Cir. 1987). Some showing of "good faith" on the party seeking the enlargement and some reasonable basis for noncompliance within the time specified, is generally required to act was due to "excusable neglect." Lujan v. Nat'l WildlifeFed'n, 497 U.S. 871, 896 (1990).

3

"Without attempting a rigid or all-encompassing definition of `good cause,' it would appear to require *at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of `good faith on the part of the party seeking the enlargement *and* some reasonable basis for noncompliance within the time specified' is normally required. 10 Wright & Miller, *Federal Practice and Procedure: Civil* § 1165 at 622 (emphasis added). The district court is clearly not *compelled* to accept a lesser `excusable neglect' showing." Putnam v. Morris, 833 F.2d 903, 905 (10th Cir. 1987).

DATED: NEW HAVEN, CONNECTICUT
January 27, 2004
THE PLAINTIFF
BY: _____
ROBERT E. ARNOLD, ESQ.
LAW OFFICES OF ROBERT E ARNOLD LLC
412 ORANGE STREET
NEW HAVEN, CONNECTICUT 06511-6400
TELEPHONE: (203) 777-3000
FAX: (203) 777-2900
FEDERAL JURIS #: CT18093

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed, postage prepaid, this 27 day of January, 2004, to:


Counsel for the defendants OSM Communications, Inc., and Robert E. Polansky.

Richard C. Feldman, Esq.
Keith R. Ainsworth, Esq.
Evans, Feldman & Boyer, LLC
261 Bradley Street
P.O. Box 1694
New Haven, Connecticut 06507-1694


Counsel for the defendants Israel H. Polansky and Anne Polansky

J. Michael Sulzbach
385 Orange Street
New Haven, CT 06511
Tel. 203-781-0880
Fax. 203-781-0861

By: _____
Robert E. Arnold, Esq.
   (CT Federal Bar # CT18093)

ORIGINAL TO: UNITED STATES DISTRICT COURT, DISTRICT OF CONNECTICUT
915 LAFAYETTE BOULEVARD
BRIDGEPORT, CONNECTICUT 06604
PHONE: (203) 579-5861
ATTN: CLERK'S OFFICE