FILED

2004 FEB 17 P 12: 49

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

DONALD WAINRIGHT, JANET WAINRIGHT,   Doc.# 301-CV-2158 (WWE)
AND DEBORAH A. RUSSO-WILLIAMS,

                            Plaintiffs,
       -against-

OSM COMMUNICATIONS, INC., ISRAEL H.
POLANSKY, ROBERT E. POLANSKY, AND
ANNE POLANSKY,
                         Defendants.   February 13, 2004

---

## PLAINTIFFS' MOTION FOR LEAVE TO DEPOSE DEFENDANTS OUT OF TIME

The Plaintiffs Donald Wainright; Janet Wainright; and Deborah A. Russo-Williams, by their attorney, Law Offices of Robert E. Arnold LLC, respectfully seek leave to depose the Defendants in the above captioned matter out of time, or in the alternative to an enlargement of time for discovery.

The basis for Plaintiff's motion is as follows:

1. The Plaintiffs have, in good faith, prosecuted the above action resulting in a Default Judgment in favor of the Plaintiffs based on the Defendant's failure to appear or plead. The Plaintiffs opposed unsuccessfully the reopening of the Default Judgment and have dealt with the delays associated with the changes in the Defendants' legal counsel.

2. In early November of 2003, the Plaintiffs' attorney office suffered a flood in his office, resulting in damage to the paper file of the above captioned matter. In addition, the flood damaged the office computer system, resulting in the loss of the calendar of events with respect to the above captioned matter.

3. Plaintiffs' counsel has been informed recently by Defense counsel for Israel Polansky and Anne Polansky that a motion for Summary Judgment will be filed on behalf of the Defendants.

4. Enlargements of time have been granted in this case in order to accommodate the Defendant's request to depose the Plaintiffs Janet and Donald Wainright. Their deposition was conducted on February 10, 2004.

5. In order to properly defend against the expected Summary Judgment motion of the Defendants, the Plaintiffs respectfully request this Court to allow the Plaintiffs to conduct depositions of the Defendants.

6. Plaintiffs' attorney is prepared to conduct the proposed depositions at the earliest possible time after the granting of this motion, so as not to delay the case from going forward.

7. The Defendants oppose the granting of the instant motion.

Dated: New Haven, Connecticut
February 13, 2004

By: _____
Robert E. Arnold, Esq. (CT Federal Bar # CT18093)
Law Offices of Robert E Arnold LLC
412 Orange Street
New Haven, Connecticut 06511
Telephone: (203) 777-3000
Fax: (203) 777-2900

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------

DONALD WAINRIGHT, JANET WAINRIGHT,          Doc.# 301-CV-2158 (WWE)
AND DEBORAH A. RUSSO-WILLIAMS,

                                   Plaintiffs,
           -against-

OSM COMMUNICATIONS, INC., ISRAEL H.
POLANSKY, ROBERT E. POLANSKY, AND
ANNE POLANSKY,
                                Defendants,          February ___, 2004
-----------------------------------------------------------

## ORDER

WHEREAS, the foregoing Motion For Leave to Depose Out of Time was presented to this court by the Plaintiffs; and

WHEREAS, it appears that the Out-of-Time Notices of Deposition on the part of the Plaintiffs was the result of accidental damage to Plaintiffs' attorney's records and files and not inexcusable neglect or willful misconduct; and

WHEREAS, it appears that the Plaintiffs have been patient and reasonably diligent in their prosecution of this matter and have suffered through a default judgment for failure to plead or appear and changes in Defendant's counsel, and

WHEREAS, it would be inequitable to allow the Defendants to file and argue a Motion for Summary Judgment without an opportunity for the Plaintiffs to defend a dispositive motion by allowing for depositions of the defendants;

IT IS ORDERED that the Plaintiffs motion be granted and that depositions of the defendants be conducted as soon as possible.

Dated this ___ day of _____, 2004 at Bridgeport, Connecticut.

_____
Hon. Warren W. Eginton
United States District Court Judge

3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------

DONALD WAINRIGHT, JANET WAINRIGHT,   Doc.# 301-CV-2158 (WWE)
AND DEBORAH A. RUSSO-WILLIAMS,

                            Plaintiffs,
      -against-

OSM COMMUNICATIONS, INC., ISRAEL H.
POLANSKY, ROBERT E. POLANSKY, AND
ANNE POLANSKY,
                          Defendants,   February 13, 2004
------------------------------------------------------------

## PLAINTIFFS' MEMORANDUM IN SUPPORT OF ITS' MOTION FOR LEAVE TO DEPOSE DEFENDANTS OUT OF TIME

The Plaintiffs, Donald Wainright, Janet Wainright and Deborah A. Russo-Williams hereby respectfully submit this memorandum in support of their Motion For Leave to Depose Defendants Out of Time or in the alternative an Enlargement of Time for Discovery.

### FACTS

The Plaintiffs were not informed of Defendants' desire to Depose the Plaintiffs until late in December, 2003. The date for completion of discovery was December, 31, 2003. The Plaintiffs, on relatively short notice, attempted to accommodate the Defendants by successfully seeking two Enlargements of Time for Discovery, the second of which allowed for Discovery until February 13, 2004. The Plaintiffs, after having been informed of Defendant's intention to file a motion for Summary Judgment on or about the middle of January, 2004, noticed defense counsel of Depositions of the Defendants

4

Anne Polansky and Israel Polansky, to be held February 12, 2004. Defense counsel opposes such a Deposition as being out-of-time.

## BACKGROUND

The Complaint in the above captioned matter was filed on November 19, 2001, and timely served on the Defendants. The Defendants then embarked, through New York counsel, in a series of stalling tactics that resulted in a Default Judgment in favor of the Plaintiffs. The Plaintiffs, expending considerable time and expense, attempted to enforce its judgment by attaching property in satisfaction of the judgment in Massachusetts. Only the attempted enforcement of the judgment dragged the Defendants back before this Court, at which time they were represented by new counsel, and the matter was reopened. The Defendants have subsequently changed counsel again, this time separating Robert Polansky and OSM Communications, Inc. from Israel Polansky and Anne Polansky, apparently due to the fact that Robert Polansky and OSM Communications, Inc. have been sued numerous times and are judgment proof. The conduct of the Defendants throughout this case undercuts any argument they may have that depositions held out of time or in the alternative, a short enlargement of the time for discovery, will cause any undue hardship or prejudice on the part of the Defendants.

## LEGAL STANDARD

"Under Federal Rule of Civil Procedure Rule 6(b)(2), once a deadline has expired the court may only grant extensions of time where the party's failure to act was due to "excusable neglect." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 (1990). "Excusable neglect" under Rule 6(b)(2) is equivalent to "good cause." *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987). Some showing of "good faith" on the party seeking the enlargement and some reasonable basis for noncompliance within the time specified, is generally required to act was due to "excusable neglect." *Lujan v. Nat'l WildlifeFed'n, 497 U.S. 871*, 896 (1990).

"Without attempting a rigid or all-encompassing definition of `good cause,' it would appear to require *at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of `good faith on the part of the party seeking the enlargement *and* some reasonable basis for noncompliance within the time specified' is normally required. 10 Wright & Miller, *Federal Practice and Procedure: Civil* § 1165 at 622 (emphasis added). The district court is clearly not *compelled* to accept a lesser `excusable neglect' showing." *Putnam v. Morris, 833 F.2d 903*, 905 (10th Cir. 1987).

"We have previously observed that 'when alerted to a forthcoming motion for summary judgment, a party wanting more time for discovery should seek, through negotiation with the other party and, if necessary, through application to the district court, an appropriate discovery schedule.'" *Miller v. Wolpoff & Abramson, L.L.P.*,   321 F.3d 292, 302   C.A.2 (N.Y., 2003), quoting *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 927-28 (2d Cir.1985).

## CONCLUSION

This Court should allow additional discovery time in order to accommodate the Plaintiffs' request for depositions of the Defendants because the time and records lost due to a flood in the Plaintiffs' attorney's office is a reasonable basis for noncompliance with the discovery deadline. This Court has already extended the time for discovery to accommodate the Defendants. In addition, the Defendant's expected Summary Judgment motion, combined with their recent deposing of the Plaintiff Wainrights, require a complementary deposing of the Defendants in order to competently oppose a Summary Judgment motion.

Dated: New Haven, Connecticut
February 13, 2004

By: _____
Robert E. Arnold, Esq. (CT Federal Bar # CT18093)
Law Offices of Robert E Arnold LLC
412 Orange Street
New Haven, Connecticut 06511
Telephone: (203) 777-3000
Fax: (203) 777-2900