UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

--------------------------------------------------------------

DONALD WAINRIGHT, JANET WAINRIGHT,
AND DEBORAH A. RUSSO-WILLIAMS,

Doc.# 301-CV-2158 (WWE)

2004 APR 23  P 3: 03

U.S. DISTRICT COURT
BRIDGEPORT, CONN

                              Plaintiffs,

          -against-

OSM COMMUNICATIONS, INC., ISRAEL H.
POLANSKY, ROBERT E. POLANSKY, AND
ANNE POLANSKY,

                         Defendants.

April 22, 2004

--------------------------------------------------------------

## PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME TO OBJECT TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 6(b)(2) and 56(e), the Plaintiffs in this matter hereby respectfully submit this motion for enlargement of time with which to object to the Defendants' Motion for Summary Judgment (received by this firm on April 2, 2004). The Plaintiffs request an Enlargement of Time to Object, not to exceed 45 days, or until such time that the Plaintiffs are allowed to take the depositions and receive documents requested at the time of the depositions of Robert Polansky and Anne Polansky, and are allowed to complete the deposition of Israel Polansky, on the following grounds:

1. The reason for the delay in the completion of Defendants' depositions is not within the reasonable control of the movant, despite movant's good faith efforts.

2. Unavailability of either deponent or deponent's counsel has so far frustrated Plaintiffs' counsel from scheduling the aforementioned depositions (See Exhibits A, B, C and D attached hereto).

1

3. Depositions and accompanying document requests are necessary to oppose, outside of the pleadings, the affidavits submitted by the Defendants in support of their 56(c) Motion for Summary Judgment.

4. This motion is further supported by documents obtained by Plaintiffs' counsel from a New York civil case, *Jones v. OSM Communications, Inc., et al. S.D.N.Y. 97 Civ. 7595 (DC)*, demonstrating that Israel Polansky may have received a salary from OSM and acted as an active participant in OSM's activities (See Exhibits E and F attached hereto). These documents must be authenticated or denied by the Defendants in the instant matter through deposition testimony and document production in order to establish whether there is a dispute as to any material facts relevant to the Defendants' Motion for Summary Judgment.

5. The Plaintiffs' deposition of Defendant Anne Polansky and the accompanying request for documents must take place in order to establish whether there is a dispute as to any material fact relevant to the source of funds and the transfer of properties originating from income or investments of OSM.

6. It is the Plaintiff counsel's intention to conduct the aforementioned depositions as soon as possible.

7. Pursuant to Local Rule 9, counsel for the plaintiffs states that he has been unable to ascertain the position of the defendant's counsel, M. Michael Sulzbach, as he is out of the country presently and is unavailable.

This Court should therefore grant Plaintiffs' counsel an enlargement of time to respond to Defendants' Summary Judgment Motion in order to depose and seek

documents pursuant to depositions of the Defendants in order to effectively oppose the

affidavits submitted by the Defendants.


Dated: New Haven, Connecticut
April 22, 2004

By:_____
Robert E. Arnold, Esq. (CT Federal Bar # CT18093)
Law Offices of Robert E Arnold LLC
412 Orange Street
New Haven, Connecticut 06511
Telephone: (203) 777-3000
Fax: (203) 777-2900