United States District Court
District of Connecticut
FILED AT BRIDGEPORT
4/23, 2004
Kevin F. Rowe, Clerk
By _CW_
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------------

DONALD WAINRIGHT, JANET WAINRIGHT,        Doc.# 301-CV-2158 (WWE)
AND DEBORAH A. RUSSO-WILLIAMS,

                          Plaintiffs,
          -against-

OSM COMMUNICATIONS, INC., ISRAEL H.
POLANSKY, ROBERT E. POLANSKY, AND
ANNE POLANSKY,
                        Defendants.        April 22, 2004
-----------------------------------------------------------------

## MEMORANDUM OF LAW IN SUPPPORT OF
## PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME TO OBJECT TO
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 6(b)(2) and 56(e), the Plaintiffs in this matter hereby respectfully submit this motion for enlargement of time with which to object to the Defendants' Motion for Summary Judgment (received by this firm on April 2, 2004). The Plaintiffs request an Enlargement of Time to Object, not to exceed 45 days, or until such time that the Plaintiffs are allowed to take the depositions and receive documents requested at the time of the depositions of Robert Polansky and Anne Polansky, and are allowed to complete the deposition of Israel Polansky.

4

## LEGAL STANDARD

"Under Federal Rule of Civil Procedure Rule 6(b)(2), once a deadline has expired the court may only grant extensions of time where the party's failure to act was due to "excusable neglect." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 896 (1990). "Excusable neglect" under Rule 6(b)(2) is equivalent to "good cause." Putnam v. Morris, 833 F.2d 903, 905 (10th Cir. 1987). Some showing of "good faith" on the party seeking the enlargement and some reasonable basis for noncompliance within the time specified, is generally required to act was due to "excusable neglect." Lujan v. Nat'l WildlifeFed'n, 497 U.S. 871, 896 (1990).

"Without attempting a rigid or all-encompassing definition of `good cause,' it would appear to require *at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of `good faith on the part of the party seeking the enlargement *and* some reasonable basis for noncompliance within the time specified' is normally required. 10 Wright & Miller, *Federal Practice and Procedure: Civil* § 1165 at 622 (emphasis added). The district court is clearly not *compelled* to accept a lesser `excusable neglect' showing." Putnam v. Morris, 833 F.2d 903, 905 (10th Cir. 1987).

5

## THE PLAINTIFFS HAVE ACTED IN GOOD FAITH

In support of the instant motion, the Plaintiffs have acted in good faith in attempting to schedule the depositions needed to oppose affidavits filed by the Defendants in support of their motion for summary judgment. This Court should therefore "…permit affidavits to be supplemented or opposed by depositions…" as allowed under Fed. R. Civ. P. 56(e) and grant the Plaintiffs' Motion for Enlargement of Time To Object.

Dated: New Haven, Connecticut
April 22, 2004

By: _____
Robert E. Arnold, Esq. (CT Federal Bar # CT18093)
Law Offices of Robert E Arnold LLC
412 Orange Street
New Haven, Connecticut 06511
Telephone: (203) 777-3000
Fax: (203) 777-2900

6

## **CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was mailed, postage prepaid, this 23 day of April, 2004, to:

Counsel for the defendants OSM Communications, Inc., and Robert E. Polansky.

Richard C. Feldman, Esq.
Keith R. Ainsworth, Esq.
Evans, Feldman & Boyer, LLC
261 Bradley Street
P.O. Box 1694
New Haven, Connecticut 06507-1694

Counsel for the defendants Israel H. Polansky and Anne Polansky

J. Michael Sulzbach
385 Orange Street
New Haven, CT 06511
Tel. 203-781-0880
Fax. 203-781-0861

By: _____
Robert E. Arnold, Esq.
(CT Federal Bar # CT18093)

ORIGINAL TO: UNITED STATES DISTRICT COURT, DISTRICT OF CONNECTICUT
915 LAFAYETTE BOULEVARD
BRIDGEPORT, CONNECTICUT 06604
PHONE: (203) 579-5861
ATTN: CLERK'S OFFICE

**J. MICHAEL SULZBACH**
ATTORNEY AT LAW
385 Orange Street
New Haven, CT 06511

# FAX COVER SHEET

DATE: April 20, 2004
TO: ROBRT E. ARNOLD, ESQ.    FAX: (203) 777-2900

FROM: Barbara Barnes, Paralegal    TEL: (203) 781-0880
                                    FAX: (203) 781-0861

RE: Donald Wainright, et al. v. OSM Communications, Inc., et al.

Number of pages including cover sheet:  1

**Message:**

Dear Mr. Arnold:

This is to confirm that on Monday morning, April 19th, I left a voice message at your office [(203) 777-3000] notifying you that Mr. Sulzbach is presently out-of-the country on vacation and that the deposition of Robert Polansky scheduled for Friday, 4/23/04 would therefore need to be rescheduled to a later date.

Barbara Barnes

THE INFORMATION CONTAINED IN THIS COMMUNICATION MAY BE CONFIDENTIAL, MAY BE AN ATTORNEY/CLIENT PRIVILEGED COMMUNICATION OR CONFIDENTIAL INFORMATION DEVELOPED AS WORK PRODUCT, MAY CONSTITUTE INSIDER INFORMATION, AND IS INTENDED ONLY FOR THE USE OF THE ADDRESSEE. UNAUTHORIZED USE, DISCLOSURE OR COPYING IS STRICTLY PROHIBITED AND MAY BE UNLAWFUL. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US AT THE ABOVE MENTIONED TELEPHONE NUMBER. THANK YOU.

## UNITED STATES DISTRICT COURT

### DISTRICT OF CONNECTICUT

-----------------------------------------------------------x

DONALD WAINRIGHT, JANET WAINRIGHT,      Doc.# 301-CV-2158 (WWE)
AND DEBORAH A. RUSSO-WILLIAMS,

                     PLAINTIFFS,

   -AGAINST-

OSM COMMUNICATIONS, INC., ISRAEL H.
POLANSKY, ROBERT E. POLANSKY, AND
ANNE POLANSKY,

                     DEFENDANTS.     MARCH 26, 2004

-----------------------------------------------------------x

### RE-NOTICE OF DEPOSITION OF ISREAL H. POLANSKY

PLEASE TAKE NOTICE, that pursuant to Rules 30(b)(5), 30(b)(2) and 45 of the Federal Rules of Civil Procedure, the Plaintiffs in the above-captioned case, by the undersigned attorney will take the deposition of the party defendant before a Certified Court Reporter or some other competent authority, by videotape, in the above captioned matter, as follows:

NAME:         **ISRAEL H. POLANSKY**
DATE:          **Monday, March 29, 2004**
TIME:          **12:00 NOON**
LOCATION:   **Offices of J. Michael Sulzbach**
                      385 Orange Street, New Haven, Connecticut 06511,

at the Law Offices of Robert E. Arnold LLC. The deponent is required to appear with the documents identified in Schedule A attached hereto. The deposition is being taken for the purpose of discovery and / or use at trial or both, or for such other purposes as are permitted under the applicable and governing rules, pursuant to Federal Rules of Civil Procedure, and will continue from day to day until completed.

                                    THE PLAINTIEFS
                                    By_____
                                    Robert E. Arnold, Attorney of Record for Plaintiffs
                                    Law Offices of Robert E. Arnold LLC
                                    412 Orange Street
                                    New Haven, CT 06511
                                    (203) 777-3000 tel. (203) 777-2900 fax
                                    Federal Bar # CT 18093

Page 1

## Schedule A

For the purposes of this request, the term "documents" or "document" shall mean all writings of any type or kind, including but not exclusively by example and without limitation the following, in both original and copy and non-identical copy form: correspondence, memoranda, notes, diaries, statistics, letters, telegrams, emails, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, bulletins, printed matter, books, prospectuses, certificates, drawings, doings, doodles, plans, interoffice and intraoffice communications both paper and electronic, offers, faxes, notations made for the purpose of facilitating any of the communications alluded to herein, including communications made in the form of conversations during meetings, on the telephone, by interoffice and intraoffice intercom. In addition, as used herein, "documents" shall mean newspapers, magazines, and publications of any type or form, and any clippings or excerpts therefrom, press releases, computer printouts, teletypes, telecopies, invoices, ledgers, worksheets, spreadsheets, (including all drafts, modifications, alterations, amendments and/or changes of the foregoing) any and all graphic or aural representations of any kind, and/or transcriptions thereof.

1. All documents between you and any other party relating to any matter asserted in the complaint and your cross complaint.
2. Copies of Checks, front and back, and check registers of any accounts used to pay any expenses, payroll or costs of any kind of OSM Communications, Inc. and any of its affiliates from 1996 to the present, including any payments claimed as investments.
3. A list of all checking, savings, or any other account, including investment accounts, with the account numbers, of which you were or are a signatory, including the name and address of the banks or issuers of the accounts, since 1996.
4. Your federal and state income tax returns for the years 1996 to the present.
5. All documents relating to any interest in real property you either acquired, transferred or sold for the years 1996 to the present.

## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

-------------------------------------------------------------x

DONALD WAINRIGHT, JANET WAINRIGHT,         Doc.# 301-CV-2158 (WWE)
AND DEBORAH A. RUSSO-WILLIAMS,

                     PLAINTIFFS,
    -AGAINST-

OSM COMMUNICATIONS, INC., ISRAEL H.
POLANSKY, ROBERT E. POLANSKY, AND
ANNE POLANSKY,
                    DEFENDANTS.         MARCH 2, 2004

-------------------------------------------------------------x

### NOTICE OF DEPOSITION OF ROBERT E. POLANSKY

PLEASE TAKE NOTICE, that pursuant to Rules 30(b)(5), 30(b)(2) and 45 of the Federal Rules of Civil Procedure, the Plaintiffs in the above-captioned case, by the undersigned attorney will take the deposition of the party defendant before a Certified Court Reporter or some other competent authority, by videotape, in the above captioned matter, as follows:

| | |
|---|---|
| NAME: | **ROBERT E. POLANSKY** |
| DATE: | **THURSDAY MARCH 25, 2004** |
| TIME: | **10:00 A.M.** |
| LOCATION: | 412 Orange Street |
| | New Haven, Connecticut 06511, |

at the Law Offices of Robert E. Arnold LLC. The deponent is required to appear with the documents identified in Schedule A attached hereto. The deposition is being taken for the purpose of discovery and / or use at trial or both, or for such other purposes as are permitted under the applicable and governing rules, pursuant to Federal Rules of Civil Procedure, and will continue from day to day until completed.

                                            THE PLAINTIFFS
                                            By_____
                                            Robert E. Arnold, Attorney of Record for Plaintiffs
                                            Law Offices of Robert E. Arnold LLC
                                            412 Orange Street
                                            New Haven, CT 06511
                                            (203) 777-3000 tel. (203) 777-2900 fax
                                            Federal Bar # CT 18093

## Schedule A

For the purposes of this request, the term "documents" or "document" shall mean all writings of any type or kind, including but not exclusively by example and without limitation the following, in both original and copy and non-identical copy form: correspondence, memoranda, notes, diaries, statistics, letters, telegrams, emails, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, bulletins, printed matter, books, prospectuses, certificates, drawings, doings, doodles, plans, interoffice and intraoffice communications both paper and electronic, offers, faxes, notations made for the purpose of facilitating any of the communications alluded to herein, including communications made in the form of conversations during meetings, on the telephone, by interoffice and intraoffice intercom. In addition, as used herein, "documents" shall mean newspapers, magazines, and publications of any type or form, and any clippings or excerpts therefrom, press releases, computer printouts, teletypes, telecopies, invoices, ledgers, worksheets, spreadsheets, (including all drafts, modifications, alterations, amendments and/or changes of the foregoing) any and all graphic or aural representations of any kind, and/or transcriptions thereof.

1. All documents between you and any other party relating to any matter asserted in the complaint and your cross complaint.
2. Copies of Checks, front and back, and check registers of any accounts used to pay any expenses, payroll or costs of any kind of OSM Communications, Inc. and any of its affiliates from 1996 to the present, including any payments claimed as investments.
3. A list of all checking, savings, or any other account, including investment accounts, with the account numbers, of which you were or are a signatory, including the name and address of the banks or issuers of the accounts, since 1996.
4. Your federal and state income tax returns for the years 1996 to the present.
5. All documents relating to any interest in real property you either acquired, transferred or sold for the years 1996 to the present.

## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

------------------------------------------------------------x
DONALD WAINRIGHT, JANET WAINRIGHT,          Doc.# 301-CV-2158 (WWE)
AND DEBORAH A. RUSSO-WILLIAMS,

          PLAINTIFFS,

   -AGAINST-

OSM COMMUNICATIONS, INC., ISRAEL H.
POLANSKY, ROBERT E. POLANSKY, AND
ANNE POLANSKY,

          DEFENDANTS.           MARCH 2, 2004
------------------------------------------------------------x

### RE-NOTICE OF DEPOSITION OF ANNE POLANSKY

PLEASE TAKE NOTICE, that pursuant to Rules 30(b)(5), 30(b)(2) and 45 of the Federal Rules of Civil Procedure, the Plaintiffs in the above-captioned case, by the undersigned attorney will take the deposition of the party defendant before a Certified Court Reporter or some other competent authority, by videotape, in the above captioned matter, as follows:

NAME:      **ANNE POLANSKY**
DATE:      **FRIDAY MARCH 19, 2004**
TIME:      **01:00 P.M.**
LOCATION:  412 Orange Street
           New Haven, Connecticut 06511,

at the Law Offices of Robert E. Arnold LLC. The deponent is required to appear with the documents identified in Schedule A attached hereto. The deposition is being taken for the purpose of discovery and / or use at trial or both, or for such other purposes as are permitted under the applicable and governing rules, pursuant to Federal Rules of Civil Procedure, and will continue from day to day until completed.

                         THE PLAINTIFFS
                         By_____
                         Robert E. Arnold, Attorney of Record for Plaintiffs
                         Law Offices of Robert E. Arnold LLC
                         412 Orange Street
                         New Haven, CT 06511
                         (203) 777-3000 tel. (203) 777-2900 fax
                         Federal Bar # CT 18093

## Schedule A

For the purposes of this request, the term "documents" or "document" shall mean all writings of any type or kind, including but not exclusively by example and without limitation the following, in both original and copy and non-identical copy form: correspondence, memoranda, notes, diaries, statistics, letters, telegrams, emails, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, bulletins, printed matter, books, prospectuses, certificates, drawings, doings, doodles, plans, interoffice and intraoffice communications both paper and electronic, offers, faxes, notations made for the purpose of facilitating any of the communications alluded to herein, including communications made in the form of conversations during meetings, on the telephone, by interoffice and intraoffice intercom. In addition, as used herein, "documents" shall mean newspapers, magazines, and publications of any type or form, and any clippings or excerpts therefrom, press releases, computer printouts, teletypes, telecopies, invoices, ledgers, worksheets, spreadsheets, (including all drafts, modifications, alterations, amendments and/or changes of the foregoing) any and all graphic or aural representations of any kind, and/or transcriptions thereof.

1. All documents between you and any other party relating to any matter asserted in the complaint and your cross complaint.
2. Copies of Checks, front and back, and check registers of any accounts used to pay any expenses, payroll or costs of any kind of OSM Communications, Inc. and any of its affiliates from 1996 to the present, including any payments claimed as investments.
3. A list of all checking, savings, or any other account, including investment accounts, with the account numbers, of which you were or are a signatory, including the name and address of the banks or issuers of the accounts, since 1996.
4. Your federal and state income tax returns for the years 1996 to the present.
5. All documents relating to any interest in real property you either acquired, transferred or sold for the years 1996 to the present.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALAN M. JONES,

                      *Plaintiff,*

-against-

OSM COMMUNICATIONS, INC., ISRAEL H.
POLANSKY and ROBERT E. POLANSKY,

                      *Defendants.*

97 Civ. 7595 (DC)

**DECLARATION OF RALPH BERMAN IN FURTHER SUPPORT OF PLAINTIFF'S MOTION**

Ralph Berman hereby declares as follows:

1. I am a member of the bar of this Court and the law firm of Eisland, Selby & Berman LLP, counsel for plaintiff Alan M. Jones in the above-referenced action.

2. I make this declaration in further support of Mr. Jones' motion to strike defendants' answer. I personally participated in the events discussed below and, therefore, have personal knowledge of the matters addressed in this declaration.

3. In opposition to this motion, defendants make a false accusation concerning Mr. Jones' conduct during discovery, attempting thereby to equate Mr. Jones' conduct to defendants' four month pattern of ignoring their discovery obligations and misleading this Court. Defendants claim that:

> Jones himself might be subject to sanctions. Jones was untimely in his document production in response to Defendants' requests, whereupon Defendants' prior counsel contacted Mr. Berman by telephone, and eventually secured Jones' production."

Defendants' Memorandum of Law in Opposition to Motion to Strike Answer or Obtain Alternate Sanctions, dated September 25, 1998 ("Def's Memo."), at 6-7; *see* Affidavit of Robert E. Polansky in Opposition to Motion to Strike Answer or Obtain Alternate Sanctions, sworn to September 25, 1998 ("R. Polansky Aff."), ¶ 8. These assertions are false.

A CERTIFIED COPY
J. MICHAEL McMAHON,
BY: *Melanie L. Lopez*
        DEPUTY
CLERK
03-11-04

4. Defendants' request for production of documents was served on Mr. Jones by first class mail on January 16, 1998, rendering Mr. Jones' response due on February 18, 1998.

5. On February 17, 1998, I telephoned Lawrence J. Profeta, Esq. at Warshaw Burstein Cohen Schlesinger & Kuh, LLP, defendants' counsel at the time, to advise him that Mr. Jones' response to defendants' document request would be served on time but that copying the responsive documents had taken longer than I anticipated and would be delayed by a day or two. I must emphasize that I initiated this contact with Mr. Profeta and informed him of this situation before the deadline for production of documents had passed. I was not pursued by defendants' counsel as is claimed by defendants.

6. Mr. Profeta replied that, in fact, he had not expected documents to be produced with the response and, in any event, a delay of a day or two would not be a problem.

7. Thereafter, Mr. Jones' documents were produced *in their entirety* on February 20, 1998, two days after the response to defendants' document request had been served. Since that time, there has been no dispute with defendants over Mr. Jones' responses or the completeness of his document production.

8. In sum, defendants' version of events, set forth without attribution to any person with personal knowledge of these events (*see* Def's Memo. at 6-7, R. Polansky Aff. ¶ 8), is utterly untrue. Moreover, it is respectfully submitted that the two days that elapsed between the service of Mr. Jones' response to plaintiffs' document request and the actual production of *all* responsive documents would not, under any circumstances, be a basis for imposing sanctions on Mr. Jones and is in no way remotely equivalent to defendants' conduct, as detailed in this motion.

9. Annexed hereto as Exhibit A is a true and correct copy of selected pages from a document provided to potential investors in OSM during the period 1996 and 1997.

10. Annexed hereto as Exhibit B are true and correct copies of letters, dated September 25 and 28, 1998, from defendants' counsel to Ralph Berman.

Dated: New York, New York
October 2, 1998

_____
RALPH BERMAN

-3-

# IN-STORE ADVERTISING, INC. DELIVERS...



R. Polansky EXHIBIT 7
FOR IDENTIFICATION
8-20-98
D.H. LONDON



Exhibit B

BIOS - KEY PERSONNEL

## CHAIRMAN OF THE BOARD (DIRECTOR) - Israel H. Polansky

President of the Atlantic Paper Box Company, he put up the original $500,000 to start In-Store Advertising (ISA). He served as a member of the Board from 1986 - 1991.

Recognizing the potential of the Company, he moved rapidly to purchase Valassis In-Store Advertising from Valassis in April, 1996.

A knowledgeable and senior statesman, he brings a wealth of experience to the Company.

## PRESIDENT CEO (DIRECTOR) - Robert E. Polansky

Robert Polansky founded the original In-Store Advertising in 1986 after 18 years in Advertising in New York City. He began his career in advertising immediately after receiving an MBA from Columbia Business School (MBA'68).

As an Account Manager, he worked at several different shops including Benton & Bowles, Ogilvy & Mather and Young & Rubicam on accounts such as GE Major Appliances, Lever Brothers, General Foods, Nabisco, Colgate-Palmolive and JOHNSON & JOHNSON.

It was his work for the major New York Agencies on important "marketing oriented" accounts, that provided the background and experience to begin ISA.

Committed to the restaging of the Venture which did close to $20,000,000 under his leadership, he has aggressively put together a mixture of the old team and new to drive the business.

## EXECUTIVE V.P. BUSINESS DEVELOPMENT - Leighton (Lee) York Jr.

Lee York has been in the out-of-home "business" for 11 years.

Beginning his career with the Campbell Soup Company, he was both a Regional Sales Manager and New Product Marketing Manager. Moving to Sarah lee, where he spent ten and a half years, he was Vice President and General Manager of Branded and Non-Branded Food Products.

He worked with ACTMedia for 4 years where he was V.P. of Retail Sales and New Products. Moving to ISA in 1988, as head of Retail Sales, he helped to sign over 72 supermarket chains.

After ISA, he managed the introduction of the RENTRAK Software Video Program (An ABC Venture) into supermarkets. His most recent

AJ    0204

Exhibit B

**PLUNKETT & JAFFE, P.C.**
ATTORNEYS AT LAW

WHITE PLAINS OFFICE
1 NORTH BROADWAY
WHITE PLAINS, NEW YORK 10601
(914) 949-7722

230 PARK AVENUE
NEW YORK, NEW YORK 10169

ALBANY OFFICE
111 WASHINGTON AVENUE
ALBANY, NEW YORK 12210
(518) 443-1800

TELEPHONE: (212) 922-1800
FACSIMILE: (212) 922-1819

JUSTIN E. DRISCOLL, III

September 25, 1998

Ralph Berman, Esq.
Eisland, Selby & Berman LLP
111 Broadway, 4th floor
New York, New York 10006

Re: Alan M. Jones v. OSM Communications, Inc., et al.
    S.D.N.Y. 97 Civ. 7595 (DC)

Dear Ralph:

Please find enclosed the documents -- bank transfers, cancelled checks and wire transfer confirmations -- evidencing Israel Polansky's investments in, and loans to, OSM Communications.

Sincerely,

*[signature]*

JUSTIN E. DRISCOLL, III

Enclosures

**PLUNKETT & JAFFE, P.C.**
ATTORNEYS AT LAW

WHITE PLAINS OFFICE
1 NORTH BROADWAY
WHITE PLAINS, NEW YORK 10601
(914) 948-7722

230 PARK AVENUE
NEW YORK, NEW YORK 10169

TELEPHONE: (212) 922-1800
FACSIMILE: (212) 922-1819

ALBANY OFFICE
111 WASHINGTON AVENUE
ALBANY, NEW YORK 12210
(518) 462-1800

JUSTIN E. DRISCOLL, III

September 28, 1998

Ralph Berman, Esq.
Eisland, Selby & Berman LLP
111 Broadway, 4th Floor
New York, NY 10006

Re: Alan M. Jones v. OSM Communications, Inc., et al.
S.D.N.Y. 97 Civ. 7595 (DC)

Dear Mr. Berman:

Enclosed please find further documents not included with my letter of September 25th.

Sincerely,

JUSTIN E. DRISCOLL, III

JED:jha
Enclosures

| | Startup Costs | Year 1 | Year 2 | Year 3 | Year 4 | Year 5 | Year 6 | Year 7 |
|---|---|---|---|---|---|---|---|---|
| **O&H Overall** | | | | | | | | |
| Overheads: | | | | | | | | |
| Salary: Bob Polansky | | $150,000 | 154,500 | 159,135 | 163,909 | 168,826 | 173,891 | 179,108 |
| Israel Polansky | | 50,000 | 51,500 | 53,045 | 54,636 | 56,275 | 57,964 | 59,703 |
| Carmen Iossa | | | | | | | | |
| CFO | | 75,000 | 77,250 | 79,568 | 81,955 | 84,413 | 86,946 | 89,554 |
| Al Jones (retail sales) | | 120,000 | 123,600 | 127,308 | 131,127 | 135,061 | 139,113 | 143,286 |
| Admin (new bookkeeper) | | 55,000 | 56,650 | 58,350 | 60,100 | 61,903 | 63,760 | 65,673 |
| + 25% misc/fringe | | 112,500 | 115,875 | 119,351 | 122,932 | 126,620 | 130,418 | 134,331 |
| **Total** | $0 | $562,500 | $579,375 | $596,756 | $614,659 | $633,099 | $652,092 | $671,654 |
| **Other OH** | | | | | | | | |
| Legal/Accounting | | 100,000 | 103,000 | 106,090 | 109,273 | 112,551 | 115,927 | 119,405 |
| Office Supplies | | 25,000 | 25,750 | 26,523 | 27,318 | 28,138 | 28,982 | 29,851 |
| Insurance | | 50,000 | 51,500 | 53,045 | 54,636 | 56,275 | 57,964 | 59,703 |
| Rent | | 96,000 | 98,880 | 101,846 | 104,902 | 108,049 | 111,290 | 114,629 |
| Warehouse | | 15,000 | 15,450 | 15,914 | 16,391 | 16,883 | 17,389 | 17,911 |
| Utilities (Phone/electric) | | 220,000 | 226,600 | 233,398 | 240,400 | 247,612 | 255,040 | 262,692 |
| **Total Other OH** | 345,854 | 506,000 | 521,180 | 536,815 | 552,920 | 569,507 | 586,593 | 604,190 |
| **System Managers:** | | | | | | | | |
| Lee York | | 120,000 | 123,600 | 127,308 | 131,127 | 135,061 | 139,113 | 143,286 |
| Don Wainright | | 85,000 | 87,550 | 90,177 | 92,882 | 95,668 | 98,538 | 101,494 |
| Additional Retail Manager | | 60,000 | 61,800 | 63,654 | 65,564 | 67,531 | 69,556 | 71,643 |
| Debbie Russo | | | | | | | | |
| Dan Giorgetti | | 65,000 | 66,950 | 68,959 | 71,027 | 73,158 | 75,353 | 77,613 |
| **Total** | 0 | 330,000 | 339,900 | 350,097 | 360,600 | 371,418 | 382,560 | 394,037 |