UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------

DONALD WAINRIGHT, JANET WAINRIGHT,   Doc.# 301-CV-2158 (WWE)
AND DEBORAH A. RUSSO-WILLIAMS,

                          Plaintiffs,
       -against-

OSM COMMUNICATIONS, INC., ISRAEL H.
POLANSKY, ROBERT E. POLANSKY, AND
ANNE POLANSKY,
                      Defendants.   July 30, 2004
------------------------------------------------------------

## PLAINTIFFS' SECOND MOTION FOR ENLARGEMENT OF TIME TO OBJECT TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 6(b)(2) and 56(e), the Plaintiffs in this matter hereby respectfully submit their second motion for enlargement of time with which to object to the Defendants' Motion for Summary Judgment (received by this firm on April 2, 2004). The Plaintiffs request a Second Enlargement of Time to Object, not to exceed 45 days, in order to allow the Plaintiffs to take the depositions and receive documents requested at the time of the depositions of Robert Polansky and Anne Polansky, and to allow the completion of the deposition of Israel Polansky OR in the alternative, until August 3, 2004, on the following grounds:

1. Plaintiffs' counsel Attorney Robert E. Arnold is currently in the process of moving his offices from New Haven, Connecticut to New Britain, Connecticut. In addition, Attorney Arnold has moved his residence as well. As a result, portions of the Plaintiffs' file, including scheduling of events and the Defendants' Motion for Summary Judgment is currently being pulled from inadvertent storage

1

and will not be available until Saturday, August 1, 2004. Plaintiffs' counsel has had less time available to schedule the depositions necessary to reply to the Defendants' Summary Judgment Motion (please note the new fax number below);

2. The reason for the delay in the completion of Defendants' depositions is not within the reasonable control of the movant, despite movant's good faith efforts;

3. Unavailability of either deponent or deponent's counsel has so far frustrated Plaintiffs' counsel from scheduling the aforementioned depositions (See Plaintiffs' Motion For Enlargement of Time dated April 22, 2004 and attached exhibits);

4. Depositions and accompanying document requests are necessary to oppose, outside of the pleadings, the affidavits submitted by the Defendants in support of their 56(c) Motion for Summary Judgment;

5. This motion is further supported by documents obtained by Plaintiffs' counsel from a New York civil case, *Jones v. OSM Communications, Inc., et al. S.D.N.Y. 97 Civ. 7595 (DC)*, demonstrating that Israel Polansky may have received a salary from OSM and acted as an active participant in OSM's activities (See Exhibits E and F attached to Plaintiffs' Motion For Enlargement of Time dated April 22, 2004). These documents must be authenticated or denied by the Defendants in the instant matter through deposition testimony and document production in order to establish whether there is a dispute as to any material facts relevant to the Defendants' Motion for Summary Judgment;

6. The Plaintiffs' deposition of Defendant Anne Polansky and the accompanying request for documents must take place in order to establish whether there is a

2

dispute as to any material fact relevant to the source of funds and the transfer of properties originating from income or investments of OSM;

7. It was and still is the Plaintiffs' counsel's intention to conduct the aforementioned depositions as soon as possible, but that effort has been stymied by the Defendant Robert Polansky being unavailable. In addition, it has been represented to Plaintiffs' counsel that Robert Polansky is no longer represented by Evans, Feldman & Boyer, LLC of New Haven, as of the date of the last scheduled deposition of Robert Polansky;

8. Pursuant to Local Rule 9, counsel for the plaintiffs states that he has been unable to ascertain the position of the defendant's counsel, M. Michael Sulzbach, as he is out of the country presently and is unavailable. The apparently unrepresented Defendant Robert Polansky has not been able to be contacted by Plaintiffs' counsel in order to ascertain his position on this Motion;

This Court should therefore grant Plaintiffs' counsel an enlargement of time to respond to Defendants' Summary Judgment Motion in order to depose and seek documents pursuant to depositions of the Defendants in order to effectively oppose the affidavits submitted by the Defendants.

Dated: New Haven, Connecticut
July 30, 2004

By: _____
Robert E. Arnold, Esq. (CT Federal Bar # CT18093)
Law Offices of Robert E Arnold LLC
412 Orange Street
New Haven, Connecticut 06511
Telephone: (203) 777-3000
FAX: (860) 224-0400

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------

DONALD WAINRIGHT, JANET WAINRIGHT,   Doc.# 301-CV-2158 (WWE)
AND DEBORAH A. RUSSO-WILLIAMS,

        Plaintiffs,
  -against-

OSM COMMUNICATIONS, INC., ISRAEL H.
POLANSKY, ROBERT E. POLANSKY, AND
ANNE POLANSKY,
        Defendants.  July 30, 2004
-----------------------------------------------------------

## MEMORANDUM OF LAW IN SUPPPORT OF PLAINTIFFS' SECOND MOTION FOR ENLARGEMENT OF TIME TO OBJECT TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 6(b)(2) and 56(e), the Plaintiffs in this matter hereby respectfully submit their second motion for enlargement of time with which to object to the Defendants' Motion for Summary Judgment (received by this firm on April 2, 2004). The Plaintiffs request a Second Enlargement of Time to Object, not to exceed 45 days, in order to allow the Plaintiffs to take the depositions and receive documents requested at the time of the depositions of Robert Polansky and Anne Polansky, and to allow the completion of the deposition of Israel Polansky OR in the alternative, until August 3, 2004.

## LEGAL STANDARD

"Under Federal Rule of Civil Procedure Rule 6(b)(2), once a deadline has expired the court may only grant extensions of time where the party's failure to act was due to "excusable neglect." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 896 (1990). "Excusable neglect" under Rule 6(b)(2) is equivalent to "good cause." Putnam v. Morris, 833 F.2d 903, 905 (10th Cir. 1987). Some showing of "good faith" on the party seeking the enlargement and some reasonable basis for noncompliance within the time specified, is generally required to act was due to "excusable neglect." Lujan v. Nat'l WildlifeFed'n, 497 U.S. 871, 896 (1990).

"Without attempting a rigid or all-encompassing definition of 'good cause,' it would appear to require *at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of 'good faith on the part of the party seeking the enlargement *and* some reasonable basis for noncompliance within the time specified' is normally required. 10 Wright & Miller, *Federal Practice and Procedure: Civil* § 1165 at 622 (emphasis added). The district court is clearly not *compelled* to accept a lesser 'excusable neglect' showing." Putnam v. Morris, 833 F.2d 903, 905 (10th Cir. 1987).

## THE PLAINTIFFS HAVE ACTED IN GOOD FAITH

In support of the instant motion, the Plaintiffs have acted in good faith in attempting to schedule the depositions needed to oppose affidavits filed by the Defendants in support of their motion for summary judgment. This Court should therefore "…permit affidavits to be supplemented or opposed by depositions…" as allowed under Fed. R. Civ. P. 56(e) and grant the Plaintiffs' Motion for Enlargement of Time To Object.

Dated: New Haven, Connecticut
July 30, 2004

By: _____
Robert E. Arnold, Esq. (CT Federal Bar # CT18093)
Law Offices of Robert E Arnold LLC
412 Orange Street
New Haven, Connecticut 06511
Telephone: (203) 777-3000
Fax: (860) 224-0400

6

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed, postage prepaid, this ___ day of July, 2004, to:

Counsel for the defendants OSM Communications, Inc., and Robert E. Polansky.

Richard C. Feldman, Esq.
Keith R. Ainsworth, Esq.
Evans, Feldman & Boyer, LLC
261 Bradley Street
P.O. Box 1694
New Haven, Connecticut 06507-1694

Counsel for the defendants Israel H. Polansky and Anne Polansky

J. Michael Sulzbach
385 Orange Street
New Haven, CT 06511
Tel. 203-781-0880
Fax. 203-781-0861

By: _____
Robert E. Arnold, Esq.
(CT Federal Bar # CT18093)

ORIGINAL TO: UNITED STATES DISTRICT COURT, DISTRICT OF CONNECTICUT
915 LAFAYETTE BOULEVARD
BRIDGEPORT, CONNECTICUT 06604
PHONE: (203) 579-5861
ATTN: CLERK'S OFFICE