FILED

2004 OCT 12 A 11: 21

U.S. DISTRICT COURT
BRIDGEPORT, CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
----------------------------------------------------------------

DONALD WAINRIGHT, JANET WAINRIGHT,     DOCKET NO. 301-CV-2158 (WWE)
AND DEBORAH A. RUSSO-WILLIAMS,

                             PLAINTIFFS,
               -AGAINST-

OSM COMMUNICATIONS, INC., ISRAEL H.
POLANSKY, ROBERT E. POLANSKY, AND
ANNE POLANSKY,
                               DEFENDANTS,          OCTOBER 8, 2004
----------------------------------------------------------------

### PLAINTIFFS' THIRD MOTION FOR ENLARGEMENT OF TIME TO OBJECT TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 6(b)(2) and 56(e), the Plaintiffs in this matter hereby respectfully submit their third motion for enlargement of time with which to object to the Defendants' Motion for Summary Judgment (received by this firm on April 2, 2004). The Plaintiffs request a Third Enlargement of Time to Object, not to exceed 45 days, in order to allow the Plaintiffs to take the depositions and receive documents requested at the time of the depositions of Robert Polansky and Anne Polansky, and to allow the completion of the deposition of Israel Polansky OR in the alternative, until October 30, 2004, on the following grounds:

1. To date, none of the documents agreed to at the first partial deposition of Israel Polansky have been forthcoming from the defendant Israel Polanksy.

2. The untimely death (she was 32 years old) of Attorney Arnold's paralegal and notary who videotaped the defendant Israel Polansky and charged with setting up the second deposition has hampered this case, Attorney Arnold's practice and his office organization The transcription has never occurred and it is now necessary to have another notary transcribe the tape.

3. The defendant's counsel has not responded too the plaintiff's request to schedule the deposition of Israel Polansky, and the discovery process is hindered due to the action of the defendants.

4. Counsel herein has attempted to schedule the deposition pending the outcome of an extension motion, but again the defendant has refused to provide a date.

5. Despite plaintiff's counsel attempts to proceed in good faith a date has not been forthcoming and despite the plaintiff's counsel's offer to continue the deposition to BOSTON, MASSACHUSETTS (which considerably adds to the burden of costs for the plaintiffs) the defense has refused to assist.

6. The move of the Law Office of Robert E. Arnold LLC from New Haven to New Britain, Connecticut has taken more time than projected, and Attorney Donovan Riley is no longer associated on a full time basis with the firm.

7. As a result, portions of the Plaintiffs' file, including scheduling of events and the Defendants' Motion for Summary Judgment is currently being compiled for the use of Attorney Karen Haley who has filed an appearance simultaneously with this motion.

8. The reason for the delay in the completion of Defendants' depositions is not within the reasonable control of the movant despite movant's good faith efforts.

9. The lack of response from Defense Counsel of either defendant and lack of representation from the defendant Robert Polansky (as his counsel has withdrawn from the case) has so far frustrated Plaintiffs' counsel from scheduling the aforementioned depositions (See Plaintiffs' Motion For Enlargement of Time dated April 22, 2004 and attached exhibits).

10. Depositions and accompanying document requests are necessary to oppose, outside of the pleadings, the affidavits submitted by the Defendants in support of their 56(c) Motion for Summary Judgment.

11. This motion is further supported by documents obtained by Plaintiffs' counsel from a New York civil case, *Jones v. OSM Communications, Inc., el al. S.D.N, Y, 97 Civ. 7595 (DC)*, demonstrating that Israel Polansky may have received a salary from OSM and acted as an active participant in OSM's activities (See Exhibits E and F attached to Plaintiffs' Motion For Enlargement of Time dated April 22, 2004). These documents must be authenticated or denied by the Defendants in the instant matter through deposition testimony and document production in order to establish whether there is a dispute as to any material facts relevant to the Defendants' Motion for Summary Judgment.

12. The Plaintiffs' deposition of Defendant Anne Polansky and the accompanying

request for documents must take place in order to establish whether there is a dispute as to any material fact relevant to the source of funds and the transfer of properties originating from income or investments of OSM.

13. It was and still is the Plaintiffs' counsel's intention to conduct the aforementioned depositions as soon as possible, but that effort has been stymied by the Defendant Robert Polansky being unavailable and not dates from the defendants despite the offers to depose Israel POLANSKY in Boston, Mass..

14. In addition, Robert Polansky is no longer represented by Evans, Feldman & Boyer, LLC of New Haven, as of the date of the last scheduled deposition of Robert Polansky.

15. **Pursuant to Local Rule 9,** counsel for the plaintiffs states that he has been able to ascertain the position of the defendant's counsel, M. Michael Sulzbach, and he does not consent to this motion.

16. The unrepresented Defendent Robert Polansky has not been able to be contacted by Plaintiffs' counsel in order to ascertain his position on this Motion.

This Court should therefore grant Plaintiffs' counsel an enlargement of time to respond to Defendants' Summary Judgment Motion in order to depose and seek documents pursuant to depositions of the Defendants hi order to effectively oppose the affidavits submitted by the Defendants.

## THE PLAINTIFFS HAVE ACTED IN GOOD FAITH

In support of the instant motion, the Plaintiffs have acted in good faith in attempting to schedule the depositions needed to oppose affidavits filed by the Defendants in support of their motion for summary judgment. This Court should therefore "...permit

affidavits to be supplemented or opposed by depositions..." as allowed under Fed. R. Civ. P. 56(e) and grant the Plaintiffs' Motion for Enlargement of Time To Object.

Dated: New Haven, Connecticut    October 8, 2004

Sworn to:

By: *[signature]*

Robert E. Arnold III
(CT Federal Bar # CT18093)
295 Bassett Street
New Britain, CT 06051
Telephone: (203) 777-3000 Fax: (860) 224-0400