UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 OCT 12 A 11: 21

DONALD WAINRIGHT, JANET WAINRIGHT,   Doc.# 301-CV-2158 (WWE)
AND DEBORAH A. RUSSO-WILLIAMS,

                          Plaintiffs, -
     against-

OSM COMMUNICATIONS, INC., ISRAEL H.
POLANSKY, ROBERT E. POLANSKY, AND
ANNE POLANSKY,
                         Defendants.        October 8, 2004

## MEMORANDUM OF LAW IN SUPPPORT OF PLAINTIFF'S THIRD MOTION FOR ENLARGEMENT OF TIME TO OBJECT TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 6(b)(2) and 56(e), the Plaintiffs in this matter hereby respectfully submit their second motion for enlargement of time with which to object to the Defendants[1] Motion for Summary Judgment (received by this firm on April 2, 2004). The Plaintiffs request a Third Enlargement of Time to Object, not to exceed 45 days, in order to allow the Plaintiffs to take the depositions and receive documents requested at the time of the depositions of Robert Polansky and Anne Polansky, and to allow the completion of the deposition of Israel Polansky OR in the alternative, seek an order of the Court to set the depositions and location of the depositions.

### LEGAL STANDARD

"Under Federal Rule of Civil Procedure Rule 6(b)(2), once a deadline has expired the court may only grant extensions of time where the party's failure to act was due to "excusable neglect." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 896 (1990). "Excusable neglect" under Rule 6(b)(2) is equivalent to "good cause." Putnam v. Morris, 833 F.2d 903, 905 (10th Cir. 1987). Some showing of "good faith" on the party seeking the enlargement

and some reasonable basis for noncompliance within the time specified, is generally required to act was due to "excusable neglect." Lujan v. Nat'L WildlifeFexi'n. 497 U.S. 871. 896 (1990).

"Without attempting a rigid or all-encompassing definition of 'good cause,' it would appear to require *at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice, and some showing of good faith on the part of the party seeking the enlargement *and* some reasonable basis for noncompliance within the time specified' is normally required. 10 Wright & Miller, *Federal Practice and Procedure: Civil* § 1165 at 622 (emphasis added). The district court is clearly not *compelled* to accept a lesser 'excusable neglect' showing." Putnam v. Morris, 833 F.2d 903. 905 (10th Cir. 1987).

### THE PLAINTIFFS HAVE ACTED IN GOOD FAITH

In support of the instant motion, the Plaintiffs have acted in good faith in attempting to schedule the depositions needed to oppose affidavits filed by the Defendants in support of their motion for summary judgment. This Court should therefore "...permit affidavits to be supplemented or opposed by depositions..." as allowed under Fed. R. Civ. P. 56(e) and grant the Plaintiffs' Motion for Enlargement of Time To **Object.**

Dated: New Haven, Connecticut
October 8, 2004

By: [signature]

Robert E. Arnold III
(CT Federal Bar # CT18093)
295 Bassett Street
New Britain, CT 06051
Telephone: (203) 777-3000 Fax: (860) 224-0400

## CERTIFICATION

This is to Certify that a copy of the foregoing was mailed, postage prepaid, of October 8, 2004, to:


Counsel for the defendants Israel H. Polansky and Anne Polansky
J. Michael Sulzbach, Esq.
385 Orange Street
New Haven, CT 06511 Tel. 203-781-0880 Fax.03-781-0861

Defendant Robert E. Polansky
3 East 69th Street
New York, New York 10021

Defendant OSM Communications, Inc.
432 Park Avenue South
Suite 705
New York, New York 10016

**ORIGINAL TO:**
**United States District Court, District Of Connecticut**
**915 LAFAYETTE BOULEVARD**
**BRIDGEPORT, CONNECTICUT 06604**
phone: (203) 579-5861 attn: clerk's office

By: _____
Robert E. Arnold III
(CT Federal Bar # CT18093)
295 Bassett Street
New Britain, CT 06051
Telephone: (203) 777-3000 Fax: (860) 224-0400