UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
----------------------------------------------------------------

| | |
|---|---|
| DONALD WAINRIGHT, JANET WAINRIGHT, AND DEBORAH A. RUSSO-WILLIAMS, | DOCKET NO. 301-CV-2158 (WWE) |
| PLAINTIFFS, | |
| -AGAINST- | MOTION TO ENLARGE TIME |
| OSM COMMUNICATIONS, INC., ISRAEL H. POLANSKY, ROBERT E. POLANSKY, AND ANNE POLANSKY, | |
| DEFENDANTS, | OCTOBER 30, 2004 |

----------------------------------------------------------------

### PLAINTIFFS' FOURTH MOTION FOR ENLARGEMENT OF TIME TO OBJECT TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 6(b)(2) and 56(e), the Plaintiffs in this matter hereby respectfully submit their fourth motion for enlargement of time with which to object to the Defendants' Motion for Summary Judgment (received by this firm on April 2, 2004). The Plaintiffs request a Fourth Enlargement of Time to Object, not to exceed 45 days, in order to allow the Plaintiffs to take the depositions and receive documents requested at the time of the depositions of Robert Polansky and Anne Polansky, and to allow the completion of the deposition of Israel Polansky OR in the alternative, until December 15, 2004, on the following grounds:

1. To date, none of the documents agreed to at the first partial deposition of Israel Polansky have been forthcoming from the defendant Israel Polansky.

2. The defendant's counsel has not responded to the plaintiff's request to schedule the

1

deposition of Israel Polansky, and Anne Polansky and the discovery process is hindered due to the action of the defendants and their failure to cooperate in the discovery since March of 2004.

3. A Motion for Order pursuant to Rule 37 is pending and a date certain should be set by the court to compel the compliance of the defendants.

4. Robert Polansky has refused to return any calls from the plaintiff's office and has refused to submit to a deposition.

5. Further complicating the matter, and already addressed in the third motion for an extension of time is due to the untimely death (32 years old) of the notary who videotaped the defendant Israel Polansky it is now necessary to have another notary transcribe the tape, however since the tapes have not been found in the estate, and were in the possession of the notary, it appears a new deposition is now needed.

6. Counsel herein has attempted to schedule the deposition pending the outcome of an extension motion, but again the defendant through counsel, Michael Sulzbach, has refused to provide a date.

7. Despite plaintiffs counsel attempts to proceed in good faith a date has not been forthcoming and despite the plaintiff's counsel's offer to continue the deposition to BOSTON, MASSACHUSETTS (which considerably adds to the burden of costs for the plaintiffs) the defense has refused to assist.

8. The reason for the delay in the completion of Defendants' depositions is not within the reasonable control of the movant despite movant's good faith efforts.

9. The lack of response from Defense Counsel of either defendant and lack of representation from the defendant Robert Polansky (as his counsel has withdrawn from the case) has so