hereto. There, a subcontractor claimed that an owner had guaranteed payment in the event of default by the general contractor. The court applied the statute of frauds, § 5-701 (a)(2) because whether or not the alleged promise was supported by new consideration, there was no evidence that "the promisor has become in the intention of the parties a principal debtor primarily liable *[Id.* at 89]". The court considered dispositive the facts that the plaintiff invoiced the general contractor after the purported guarantee and that there was no indication that the new promise was intended to extinguish the general contractor's liability. [H]

In this case until the commencement of this lawsuit no demand for payment was made upon Israel Polansky and all demands were made upon OSM (see Exhibits 7, 10, and 11 to Deborah Russo-Williams' deposition, copies of which are attached hereto). All of these are demands for money addressed to OSM Communications. Of particular note is the fact that Ms. Russo-Williams' lengthy and self-serving letter of December 2000 (Exhibit. 10) sets forth hi great detail her employment history at OSM. It details the June 1998 job offer but makes no reference to Israel Polansky. In fact, she states "I decided to remain with OSM because I believed in the company and thought we could make it profitable again. My supervisor, Donald Wainright, also felt strongly about the deal that was being negotiated, which helped persuade me to stay." No mention is made of Israel Polansky or a guarantee.

The fifth cause of action asserts that Israel Polansky falsely represented that he would reimburse Mr. Wainright and Mrs. Wainright for relocation expenses. Given that Israel Polansky and Mr. Wainright had no communications before Mr. Wainright came on board at OSM and,

by Mr. Wainright's own testimony, had no discussions beyond Mr. Polansky's dismay at continuing to flind OSM, it is impossible for Mr. Polansky to have guaranteed anything.

As to Mrs. Wainright's claim it should be particularly noted that there was never any communication between Janet Wainright and Mr. Polansky, and there was no contractual relationship between Mrs. Wainright and OSM. Her claim is without any basis at all.

Conclusion

For the foregoing reasons, these defendants respectfully ask that their motions for summary judgment be granted as to all causes of action.

THE DEFENDANTS
ISRAEL H. POLANSKY and ANNE POLANSKY


By: _____
        J. Michael Sulzbach
        385 Orange Street
        New Haven, CT 06511
        Telephone: (203)781-0880
        Fed. BarNo.ct00206
        Attorney for Defendants
        Israel H. Polansky and Anne Polansky
17

# <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this 31st day of March, 2004, a copy of the foregoing was deposited in the United States mails, first-class, postage prepaid, addressed to: Robert E. Arnold, Esquire Law Offices of Robert E. Arnold, LLC 412 Orange Street New Haven CT 06511 - Attorney for the Plaintiffs -


Keith R. Ainsworth, Esquire
Richard C. Feldman, Esquire
Evans Feldman & Boyer, LLC
261 Bradley Street
PO Box 1694
New Haven CT 06507
- Attorney for the Defendants OSM Communications, Inc. and Robert Polansky -



                                        J. Michael Sulzbach

OCT 12 A!!: 2

DISTRICT Cr?i:?T

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DONALD WAINRIGHT, JANET WAINRIGHT, AND DEBORAH A. RUSSO-WILLIAMS, | DOCKET No. 301-CV-2158 |
| PLAINTIFFS, | |
| -AGAINST- | |
| OSM COMMUNICATIONS, INC., ISRAEL H. POLANSKY, ROBERT E. POLANSKY, AND ANNE POLANSKY, | |
| DEFENDANTS, | OCTOBER 8,2004 |

### PLAINTIFFS' THIRD MOTION FOR ENLARGEMENT OF TIME TO OBJECT TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 6(b)(2) and 56(e), the Plaintiffs in this matter hereby respectfully submit their third motion for enlargement of time with which to object to the Defendants' Motion for Summary Judgment (received by this firm on April 2,2004). The Plaintiffs request a Third Enlargement of Time to Object, not to exceed 45 days, in order to allow the Plaintiffs to take the depositions and receive documents requested at the time of the depositions of Robert Polansky and Anne Polansky, and to allow the completion of the deposition of Israel Polansky OR in the alternative, until October 30,2004, on the following grounds:

1. To date, none of the documents agreed to at the first partial deposition of Israel Polansky have been forthcoming from the defendant Israel Polanksy.

2. The untimely death (she was 32 years old) of Attorney Arnold's paralegal and notary who videotaped the defendant Israel Polansky and charged with setting up the second deposition has hampered this case, Attorney Arnold's practice and his office organization The transcription has never occurred and it is now necessary to have another notary transcribe the tape.

3. The defendant's counsel has not responded too the plaintiff's request to schedule the deposition of Israel Polansky, and the discovery process is hindered due to the action of the defendants.

4. Counsel herein has attempted to schedule the deposition pending the outcome of an extension motion, but again the defendant has refused to provide a date.

5. Despite plaintiffs counsel attempts to proceed in good faith a date has not been forthcoming and despite the plaintiffs counsel's offer to continue the deposition to BOSTON, MASSACHUSETTS (which considerably adds to the burden of costs for the plaintiffs) the defense has refused to assist.

6. The move of the Law Office of Robert E. Arnold LLC from New Haven to New Britain, Connecticut has taken more time than projected, and Attorney Donovan Pvlley is no longer associated on a full time basis with the firm.

7.  As a result, portions of the Plaintiffs' file, including scheduling of events and the Defendants' Motion for Summary Judgment is currently being compiled for the use of Attorney Karen Haley who has filed an appearance simultaneously with this motion.

8.  The reason for the delay in the completion of Defendants' depositions is not within the reasonable control of the movant despite movant's good failh efforts.

9.  The lack of response from Defense Counsel of either defendant and lack of representation from the defendant Robert Polansky (as his counsel has withdrawn from the case) has so far frustrated Plaintiffs' counsel from scheduling the aforementioned depositions (See Plaintiffs' Motion For Enlargement of Time dated April *22,* 2004 and attached exhibits).

10. Depositions and accompanying document requests are necessary to oppose, outside of the pleadings, the affidavits submitted by the Defendants *in* support of their 56(c) Motion for Summary Judgment.

11. This motion is further supported by documents obtained by Plaintiffs' counsel from a New York civil case, *Jones v. OSMCommunications, Inc., el al. S.D.N, Y, 97 Civ. 7595 (DC),* demonstrating that Israel Polansky may have received a salary from OSM and acted as an active participant in OSM"s activities (See Exhibits E and F attached to Plaintiffs' Motion For Enlargement of Time dated April 22, 2004). These documents must be authenticated or denied by the Defendants in the instant matter through deposition testimony and document production in order to establish whether there is a dispute as to any material facts relevant to the Defendants' Motion for Summary Judgment.

12. The Plaintiffs' deposition of Defendant Anne Polansky and the accompanying

request for documents must take place in order to establish whether there is a dispute as to any material fact relevant to the source of funds and the transfer of properties originating from income or investments of OSM.

13. It was and still is the Plaintiffs' counsel's intention to conduct the aforementioned depositions as soon as possible, but that effort has been stymied by the Defendant Robert Polansky being unavailable and not dates from the defendants despite the offers to depose Israel POLANSKY in Boston, Mass..

14. **In addition, Robert** Polansky is no longer represented by Evans, **Feldman & Boyer, LLC of New Haven, as of the** date **of the last** scheduled **deposition of** Robert **Polansky.**

15. **pursuant to Local Rule 9,** counsel for the plaintiffs states that he has been able to ascertain the position of the defendant's counsel, M. Michael Sulzbach, and he does not consent to this motion.

16. The unrepresented Defendant Robert Polansky has not been able to be contacted by Plaintiffs' counsel in order to ascertain his position on this Motion.


This Court should therefore grant Plaintiffs' counsel an enlargement of time to respond to Defendants' Summary Judgment Motion in order to depose and seek documents pursuant to depositions of the Defendants hi order to effectively oppose the affidavits submitted by the Defendants.

THE PLAINTIFFS HAVE ACTED IN GOOD FAITH In support of the instant motion, the Plaintiffs have acted in good faith in attempting to schedule the depositions needed to oppose affidavits filed by the Defendants in support of their motion for summary judgment. This Court should therefore".. .permit

affidavits to be supplemented or opposed by depositions..." as allowed under Fed. R. Civ. P.

56(e) and grant the Plaintifls' Motion for Enlargement of Time To Object Dated: New

Haven, Connecticut       October 8,2004

By:

Robert E. Arnold ffl
(CT Federal Bar # CT1 8093)
295 Bassett Street
New Britain, CT 06051
Telephone: (203) 777-3000 Fax: (860) 224-0400

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

p ' *II*  5T

DONALD WAINRIGHT, JANET WAINRIGI IT,        Doc.#301-CV-2158(WWE)
AND DEBORAH A. RUSSO-WILLIAMS,

*ocr l -)*

Plaintiffs,-against-

OSM COMMUNICATIONS, INC., ISRAEL H.
POLANSKY, ROBERT E. POLANSKY, AND
ANNEPOLANSKY,

Defendants.        October 8, 2004

## MEMORANDUM OF LAW IN SUPPPORT OF
## PLAINTIFF'S THIRP MOTION FOR ENLARGEMENT OF TIME TO
## OBJECT TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 6(b)(2) and 56(e), the Plaintifls in this matter hereby respectfully

submit their second motion for enlargement of time with which to object to the Defendants[1]

Motion for Summary Judgment (received by this firm on April 2,2004). The Plaintiffs request a

Third Enlargement of Time to Object, not to exceed 45 days, in order to allow the Plaintiffs to

take the depositions and receive documents requested at the time of the depositions of Robert

Poiansky and Anne Polansky, and to allow the completion of the deposition oflsrael Polansky

OR in the alternative, seek an order of the

Court to set the depositions and location of the depositions.

## LEGALSTANDARD

"Under Federal Rule of Civil Procedure Rule 6(b)(2), once a deadline has expired the

court may only grant extensions of time where the party's failure to act was due to "excusable

neglect." Lujan v. Nal'l Wildlife Fed'n, 497 US. 871,896 (1990). "Excusable neglect" under Rule

6(b)(2) is equivalent to "good cause." Putnam v. Morris, 833 F.2d 903, 905 (10th Cir. 1987).

Some showing of "good faith" on the party seeking the enlargement

(098) :»tf 000£-/,U (£02)

UOIPJAI .syB^Id ^q; jmwS pire (3)95 -j

•A|3 "a -paj oapun paA\oi[B SB ./-suoiiisodap Xq psjuaiuajddns sq oj sjiABpgje

IIIL -jirawgpnf XjBuiums JQJ uopoui J!3ip jo yoddns ui aqj Kq

ps[ij sjiAepijje ssoddo 01 papasu suoijisodsp aqt ajnpsqos 04 §uij in qjiBj pooS in

pspe 3ABq ^ijurei j sip 'uoijoui juejsin oqi jo yoddns uj

## aooo MIaaxav SAVHs^aiiMVHHHJ,

•(i86l '-no q,0l) £06 '£06 PS'd ££8 'suio^ -A UIEUJIVE M-3uiMoqB *pa@ya* aiqBsnoxs, e
id933E o}/73//9(/wo3 jou X[jB3p si ynoD pujsip 3ijx "(psppB sjsBqduia) *1Z9*

si ^tjjosds aunj aqi urqiiA\ souBjiduioDuou aoj siseq

aqt Suptaas X:pBd sifijo jied aqj uo I^TEJ poo3 jo SuiA\oqs ouios pue 'aa^ffns jou saop

A"]]Bnsn S3[nj aqijo souBJOuSj ao [ssunoo jo gjpjsnn jo sDuspsApBui ajduiTS iptqM oj SB

'joajSau 3[qBsnaxa A\oqs oj psombai sq ppioM SB qpmu SG ;HJ^/ ;» annbaj 01 JEaddc p[noM ji

/ssn.83 poo§,, jo uoTjiinjap 3uissBduiooua-|iB ao pi3u B Smjdiusys jnotpiy^,,

'(0661)968

\\*U&* 'S'fl iet[7] '".P^^JHPnAVTi^N 'tA ^f[11]! ,,'P3l§3U giqesnojra,, 01 anp SUM pe oj paJtnbai i

'psgioads suii^ sqi unpiM aoueijduiooouou aoj siseq 9[qBuosBaa auios pire

## CERTTFICATTON

lliis is to Certify that a copy of the foregoing was mailed, postage prepaid, of October 8,2004, to:


Counsel for the defendants Israel H. Polansky and Anne Polansky

J, Michael Sulzbach, Esq.

385 Orange Street

New Haven,CT 06511 Tel. 203-781-0880 Fax.03-78 1-0861


Defendant Robert E. Polansky

3 East 69*[l] Street

New York, New York 10021


Defendant OSM Communications, Inc.

432 Park Avenue South

Suite 705

New York, New York 10016


ORK3NALT0:

**United** States **District Court, District Of Connecticut**

**915 LAFAYETTE BOULEVARD**

**BRIDGEPORT, CONNECTICUT** 06604

phone: (203) 579-5861 attn: clerk's office


*y*
*f*


febertE. Arnold ffl

(CT Federal Bar # CT18093)

295 Bassett Street

New Britain, CT 06051

Telephone: (203) 777-3000 Fax: (860) 224-0400