UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

DONALD WAINRIGHT, ET AL,     CASE NO. 3:01-CV-02158
(WWE)

           Plaintiffs

             v.

OSM COMMUNICATIONS, INC., ET AL.,
:
          Defendants.     OCTOBER 30, 2004

**JOINT MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANTS
ISRAEL H. POLANSKY'S AND ANNE POLANSKY'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiffs in the above titled action, by and through their attorney, hereby submit this Joint Memorandum of Law in opposition to defendant's ISRAEL H. POLANSKY'S AND ANNE POLANSKY'S Motion for Summary Judgment.

**INTRODUCTION**

     The plaintiffs herein are seeking validation from the court for fraudulent inducement, failure to pay wages , and breach of contract, both legally and in terms of public policy and common law. This is an action primarily by Donald Wainright and Deborah Russo Williams to recover wages, expenses and benefits due as employees of defendant OSM

1

Communications, Inc. ("OSM"). Mr. Wainright was induced to become an employee of OSM through fraudulent representations by OSM's two principals, defendants Israel H. Polansky and Robert E. Polansky, concerning OSM's financial viability and the willingness of Israel Polansky to personally guarantee that OSM would meet its obligations to Mr. Wainright. In the nearly four years that Mr. Wainright worked for OSM, OSM failed to pay Mr. Wainright any of the bonuses that were provided for in his employment contract, failed to pay Mr. Wainright all of the salary and failed to reimburse Mr. Wainright for considerable expenses in relocating his family from Michigan to Connecticut to work for the Polanskys and OSM. The Polanskys have also failed to honor their promise that Israel Polansky would personally cover OSM's obligations to Mr. Wainright if necessary. The damages resulting from this action by the Polanskys are discussed in the depositions (**See Exhibit B** - Deposition of Donald Wainright, Pages 22, 66-68, 70, 96, 99, Deborah Russo Williams Pages 47, 48, 50, 53, 78, 80-84 and Janet Wainright page 25 as well as in the Affidavits of Donald Wainright and Deborah Russo-Williams).

**GENERAL LEGAL STANDARDS**:

Pursuant to Rule 56(c), summary judgment is appropriate and the Federal Rules of Civil Procedure provides that a motion for summary judgment may be granted when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Summary judgment "is properly regarded not as a disfavored procedural shortcut, but

rather as an integral part of the Federal Rules as a whole, which are designed `to secure the just, speedy and inexpensive determination of every action." See: Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986). The Second Circuit has repeatedly noted that "as a general rule, all ambiguities and inferences to be drawn from the underlying facts should be resolved in favor of the party opposing the motion, and all doubts as to the existence of a genuine issue for trial should be resolved against the moving party." Brady v. Town of Colchester, 863 F.2d 205, 210 (2d Cir. 1988) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 330 n. 2 (1986) (Brennan, J., dissenting)); see Tomka v. Seiler Corp., 66 F.3d 1295, 1304 (2d Cir. 1995); Burrell v. City Univ., 894 F. Supp. 750, 757 (S.D.N.Y. 1995). If, when viewing the evidence produced in the light most favorable to the non-movant, there is no genuine issue of material fact, then the entry of summary judgment is appropriate. See Burrell, 894 F. Supp. at 758 (citing Binder v. Long Island Lighting Co., 933 F.2d 187, 191 (2d Cir. 1991)). For a dispute to be genuine, there must be more than "metaphysical doubt." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." See: Anderson, 477 U.S. at 249-50 (citations omitted). Materiality is defined by the governing substantive law. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

(1986). "[T]he mere existence of factual issues — where those issues are not material to the claims before the court — will not suffice to defeat a motion for summary judgment." Quarles v. General Motors Corp., 758 F.2d 839, 840 (2d Cir. 1985). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses. Celotex, Supra, 477 U.S. at 323-24.

This motion is further supported by documents obtained by Plaintiffs' counsel from a New York civil case, *Jones v. OSM Communications, Inc., el al. S.D.N, Y, 97 Civ. 7595 (DC),* demonstrating that Israel Polansky may have received a salary from OSM and acted as an active participant in OSM's activities (**See Exhibits C and D attached hereto**). These documents must be authenticated or denied by the Defendants in the instant matter through deposition testimony and document production in order to establish whether there is a dispute as to any material facts relevant to the Defendants' Motion for Summary Judgment.

When a corporation is mere instrumentality or agent of another corporation or individual owning all or most of its stock, the general rule, which recognizes individuality of corporate entities and independent character of each in respect to their corporate transactions, and the obligations incurred by each in the course of such transactions, will be disregarded in favor of piercing the corporate veil, where interests of justice and righteous dealing so demand. C.G.S.A. § 33-673(b).

"When determining whether piercing the corporate veil is proper, our Supreme Court has endorsed two tests: the instrumentality test and the identity test. The instrumentality rule requires, in any case but an express agency, proof of three elements: (1) Control, not mere majority or complete stock control, but complete domination, not only of finances but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; (2) that such control must have been used by the defendant to commit (See: 75 Conn.App. 27, 32, 815 A.2d 688, 692) fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest or unjust act in contravention of plaintiff's legal rights; and (3) that the aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

The identity rule has been stated as follows: If a plaintiff can show that there was such a unity of interest and ownership that the independence of the corporations had in effect ceased or had never begun, an adherence to the fiction of separate identity would serve only to defeat justice and equity by permitting the economic entity to escape liability arising out of an operation conducted by one corporation for the benefit of the whole enterprise…The concept of piercing the corporate veil

is equitable in nature and courts should pierce the corporate veil only under exceptional circumstances." (Internal quotation marks omitted.) Although the identity rule primarily applies to prevent injustice where two corporations are controlled as one enterprise; [Angelo Tomasso, Inc. v. Armor Construction & Paving, Inc., 187 Conn. 544, 560, 447 A.2d 406 (1982)](); it has been applied to hold an individual liable for a corporate obligation. See [Saphir v. Neustadt, 177 Conn. 191, 209-10, 413 A.2d 843 (1979)](); [Zaist v. Olson, 154 Conn. 563, 575-78, 227 A.2d 552 (1967)]().

The…court [has] noted that delay alone is an insufficient ground to deny a motion to amend, but that delay may become "undue" if the opposing party is prejudiced by the delay. To determine whether [a defendant] would suffer undue delay or prejudice if the motion were granted, the district court considered and discussed the facts of the case in view of the factors described in Fromson v. Citiplate, Inc., 886 F.2d 1300, 1303-04, 12 USPQ2d 1299, 1302 (Fed. Cir. 1989). These factors include: "(1) whether Defendants' claim against [third party] arises out of the same conduct set forth in the original pleadings; (2) whether [third party] had notice sufficient to avoid prejudice to his defense and should have known that the action could have been brought against him; and (3) whether [third party] could be personally liable because he personally participated in or directed the

wrongdoing that led to the corporation's liability." Ohio Cellular, slip op. at 4 (Mar. 25, 1998) (granting motion to amend).

With respect to the first Fromson factor, the district court made the following findings:

> "In this case, there is no dispute that Defendants' claim against Nelson arises out of the same conduct set forth in the original pleadings--inequitable conduct before the PTO. Indeed, the Court's finding that the Plaintiff corporation [Ohio Cellular] had engaged in inequitable conduct before the PTO was based on a factual determination that Nelson had intentionally failed to disclose a material piece of prior art to the PTO. Nelson personally claimed to be the inventor of the process for which he sought and obtained the patents that were subsequently invalidated by this Court. Nelson is the president and sole shareholder of the Plaintiff corporation. The evidence is clear that Nelson was personally involved in all aspects of the Plaintiff corporation's operations, including the prosecution of the invalid patents and the filing of the instant lawsuit.
> Id. Thus, the district court found that the first factor weighed against finding prejudice to Nelson.

With respect to the second factor, the district court concluded that there was not "any dispute that Nelson had notice sufficient to avoid prejudice to his

7

defense and should have known that the action could have been brought against him." <u>Id.</u> at 5. In coming to this conclusion, the district court stated:

> The notice requirement is satisfied if there is a sufficient "identity of interest" between the original defendant and the newly added defendant, so that the institution of an action against one serves to provide notice of the litigation to the other. <u>Jacobsen v. Osborne</u>, 133 F.3d 315, 320 (5th Cir. 1998); <u>Fromson</u>, 886 F.2d at 1304; <u>Hernandez Jimenez v. Calero Toledo</u>, 604 F.2d 99, 102-03 (1st Cir. 1979). Nelson is the president and sole shareholder of the plaintiff corporation; thus, the identity of interest between the two parties is near-complete. Nelson had every reason to believe from the moment that Plaintiff corporation instituted this action that every penny the corporation spent would be a penny out of his own pocket. Further, Nelson has been actually aware of and involved in this litigation from its outset; he was the motivating force behind the institution of the lawsuit. He has diligently--even fiercely--acted to protect his interests at every stage of the proceedings.
>
> <u>Id.</u> The district court therefore found that the second factor weighed against a conclusion that Nelson would be unduly prejudiced by the amendment.

As to the third factor, the district court found as follows:

Finally, Nelson was on notice that Defendants' claim could have been brought against him personally, and that he might personally be liable for the Plaintiff corporation's tortious conduct. It is well accepted that the officers of a corporation are personally liable for the corporation's torts committed in violation of the patent laws if they "personally took part in the commission of the tort or specifically directed other officers, agents or employees of the corporation to commit the tortious act." <u>Orthokinetics, Inc. v. Safety Travel Charis, Inc.</u>, 806 F.2d 1565, 1579 (Fed. Cir. 1986); <u>accord</u> <u>Sensonics, Inc. v. Aerosonic Corp.</u>, 81 F.3d 1566, 1575 (Fed. Cir. 1996); <u>Fromson</u>, 886 F.2d at 1304; <u>Water Techs. Corp. v. Calco, Ltd.</u>, 850 F.2d 660 (Fed. Cir. 1988). In this case, Nelson was personally responsible for the tortious conduct that led to the Plaintiff corporation's liability. Therefore, he is subject to personal liability for that conduct.

<u>Id.</u> Thus, the district court discerned that all three factors weighed against a finding that Nelson would suffer undue prejudice if added as a party, even though the motion to amend was filed over four months after the fee liability judgment was entered and two weeks after the amount of the fee awards was determined. Accordingly, the district court granted Defendants' motion. This appeal was then timely filed

9

by Nelson. We have jurisdiction pursuant to 28 U.S.C. 1295(a)(1) (1994)."

US Court of Appeals Fed Cir Case No. 98-1448, *OHIO CELLULAR PRODUCTS CORPORATION, Plaintiff/Third Party Plaintiff-Appellant, and DONALD E. NELSON, Third Party Defendant-Appellant, v. ADAMS USA, INC. and APEHEAD MANUFACTURING, INC., Defendants/Third Party Plaintiffs-Appellees, v. ALL AMERICAN SPORTS CORPORATION, Third Party Defendant.* Decided: April 23, 1999)

**ARGUMENT RESPONSE**

There would be no prejudice or undue delay that would cause harm to the defendants because of the granting and acceptance of this response. The defendant argues on behalf of Israel Polansky that he is elderly and this has caused him undue stress in his life. Clearly, this action has been delayed by the actions of the defendants primarily, as the plaintiffs had already obtained a default judgment because of the inaction of the defendants. The defendants delayed this proceeding through their failure to respond initially to the complaint, and their failure to follow through on proper court procedures. Coupled with the defense's own inaction and failure to cooperate with discovery they should not benefit from their inaction here as in not cooperating with discovery.

The court has enough information at its disposal to pierce the corporate veil of OSM and find that the defendants individually (Israel, Anne and Robert Polansky) are personally liable to the plaintiffs on the ground that OSM merely was an instrumentality of Robert and Israel Polansky. In making this determination, the court should conclude that enough information and material facts are in dispute that a jury should be able to determine these factual disputes. Israel and Robert exercised complete control OSM sufficient to satisfy the first prong of the *Fromson* test. The defendants individually exercised that control in such a way as to commit a fraud or wrong, in that they caused the finances of OSM to be depleted while the debts to the plaintiffs remained unpaid. The Polanskys are also

11

liable under the identity rule and stated that "to adhere to the fiction of a separate legal existence between OSM and Robert and Israel Polansky, would serve to defeat justice and equity, and would allow Robert and Israel Polansky to avoid payment of lawful debts due to the plaintiffs. It does not matter that " Although one might reasonably conclude that [Robert Polansky] misapplied company assets to his personal use and inappropriately handled company finances," the court should "not persuaded that his actions warrant application of the common-law exception to the statutory protection against personal liability." *(CELLULAR PRODUCTS CORPORATION, et al v. ADAMS USA, INC. et al, Supra)*

Defendants herein have attempted to state that there are no material differences of fact that exist and therefore summary judgment is appropriate remedy. The defense simply ignores the fact that Israel Polansky, Robert Polansky and Anne Polansky have all failed to maintain the formality of a corporation whereby they are not afforded the protection from liability for their acts there-under and are responsible for tearing apart the lives of two families, the Wainrights and Williams.

The defendants have chosen to focus on those facts that take the defendants word at face value and plaintiffs' version of the facts as irrelevant. The affidavit of Israel Polansky and his involvement with While glancing over the fact that the plaintiffs have suffered emotional and financial distress while waiting their day in court, long delayed now by the defendant's actions in not appearing for their noticed depositions and failing

to reschedule those deposition and frustrating the discovery process, they portray the facts in dispute as simply a three page affidavit from the defendant Israel Polansky.

Further, the defense fails to give sufficient weight to each independent cause of action and further to the damages suffered as a result. Plaintiff can demonstrate sufficient evidence to show fraud and theft and misrepresentation as to material facts disputed herein. These counts do no require an expert opinion. Plaintiffs can demonstrate that they never received any money after for the last four to five pay periods worked and no expert opinion is required to demonstrate damages in this area. Further, the plaintiffs can show that they never received payment for the insufficient checks that were returned by the bank.

The mere fact that the defendant's paid out money to the plaintiffs and failed to honor those checks, and failed to pay them their wages due as per their employment agreements is a direct breach of contract. "Where the legal grounds for a motion…are dependant upon facts not alleged in the plaintiff's complaint, the defendant must await the evidence at trial and the motion should be denied" See <u>AA Electronic Security Engineering, Inc. v. Sonitrol</u>, 2001 WL 1199896, Superior Court of Connecticut No. CV970576149 (2001) annexed as defendant's exhibit A-5).

Deposition testimony, which is heavily relied upon by the defendants is also not a basis, which the courts have accepted as determinative for issues in a motion for summary judgment. However, since raised by the

defense the plaintiffs will submit their response as if the court accepts the minimal weight it duly deserves. (See: <u>Faulise v. Eisenstein et al.,</u> Supra, page 4)

      The remaining claims for public policy and common law are also issues of fact which the plaintiffs are entitled to a jury to determine. It is disputed that the amount of money given to the plaintiffs was for labor performed at the request of Israel and Robert Polansky, acting in concert as father and son, to promote the son's business attempts and activities. The father had supplied checks as recently as May 2004 (See Exhibit A – "Affirmation Attorney Robert E. Arnold" attached hereto) and has failed to produce those statements as requested for a continued deposition, To allow Israel Polansky to refuse to participate in the continuation of his deposition and allow him only to stand on a three page affidavit is contrary to the rules of discovery. A party should not benefit from his own refusal to participate in discovery and then rely on the lack of evidence presented to the court. It is clear that the corporation was for the benefit of the three defendants. Robert and Anne paid for personal bills and their own use and Israel funded the needs of the bank account of OSM to support Israel and his son's activities. The avoidance of taxation from the State of New York as well as the United States government was a benefit that all there enjoyed. The burden of demonstrating where the money came from is a genuine issue of material fact that a jury is empowered to hear and decide, as is whether to pierce the corporate veil.

The defendants fail to see that damages are an issue of fact for the fact finder to determine and are not simply determined by an affidavit from their client, but rather through testimony at a trial before a fact finder.  The amount of damages is not an issue of law.  Further, as a result, other damages are demonstrable as mentioned before, such as emotional distress, attorney's fees and costs of this action, to name just a few.

Based on the aforementioned reasoning, the Defendants' motion for summary judgment should be denied.

                                            The Plaintiffs

                                            _____
                                            By: ROBERT E. ARNOLD, ESQ.
                                            **Attorney for the Plaintiffs**
                                            Law Offices of Robert E. Arnold  LLC
                                            295 Bassett Street
                                            New Britain, CT 06051
                                            Tel: (203) 777-3000
                                            FED. JURIS. NO. ct18093

## **CERTIFICATION**

This is to Certify that a copy of the foregoing was mailed, postage prepaid, of October 30, 2004, to:


By hand delivery to Counsel for the defendants Israel H. Polansky and Anne Polansky
J. Michael Sulzbach
385 Orange Street
New Haven, CT 06511 Tel. 203-781-0880 Fax.03-781-0861

By mail Defendant Robert E. Polansky
3 East 69th Street
New York, New York  10021

By mail Defendant OSM Communications, Inc.
432 Park Avenue South
Suite 705
New York, New York  10016


**ORIGINAL TO:**
United States District Court, District Of Connecticut

915 LAFAYETTE BOULEVARD
BRIDGEPORT, CONNECTICUT 06604
phone: (203) 579-5861 attn: clerk's office


Dated: _____                        _____
                                              Robert E. Arnold, Esq.
                                              295 Bassett Street
                                              New Britain, CT 06051
                                              Tel: (203) 777-3000
                                              FED. JURIS. NO. ct18093