FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT    2004 DEC 23  P 2: 16

U.S. DISTRICT COURT
BRIDGEPORT, CONN

DONALD WAINRIGHT,
JANET WAINRIGHT and
DEBORAH A. RUSSO-WILLIAMS

v.                                  :   CIV. NO. 3:01CV2158 (WWE)

OSM COMMUNICATIONS, INC.,
ISRAEL H. POLANSKY,
ROBERT E. POLANSKY, and
ANNE POLANSKY

## SCHEDULING ORDER

A telephone conference was held on December 22, 2004. Plaintiffs' counsel reported to the Court that he had received virtually no compliance with the Court's order of November 30, 2004. A five page proposed agenda was faxed to the Court in advance of the conference.  Upon inquiry from the Court, it became evident that all counsel failed to comply with the Scheduling Order dated December 13, 2004, requiring that

> before **Monday, December 20, 2004**, the parties meet and confer on the outstanding objections to the document requests.  For any objections not resolved, on or before **Tuesday, December 21, 2004**, the parties will file simultaneous briefs with the Court, identifying each unresolved the document request with a brief written argument supporting their position on whether the motion to compel should be granted or denied.  The Court will then decide the objections on the papers.

Robert Polansky filed his on-going objection to production of OSM documents for the time frame of 2002 through the present.

Counsel for Israel and Anne Polansky indicated that no one contacted him to discuss outstanding discovery issues; he believed until the conference that he had complied fully with discovery ordered by the Court. During the conference, Israel Polansky's counsel agreed to produce tax returns for the dates 1996 through the present to the Court for <u>in camera</u> review. Counsel further agreed to resend the signed affidavit of Anne Polansky to plaintiffs and agreed to send a signed affidavit from Israel Polansky on the subject of whether he provided loans to OSM from 2000 through 2004. Unless otherwise ordered, this discovery will be provided **on or before January 7, 2004.**

It was further ordered by the Court on December 13, 2004, that Robert Polansky "produce the documents for the time frame as to which there is no objection." Robert Polansky has produced no discovery to date. He was instructed both in writing and during the conference call that he may not withhold unobjected to documents previously ordered produced while his objection to business records from 2000 to the present is pending decision.

Accordingly, it is hereby ordered that, on or before **January 7, 2005**, Robert Polansky will file a written proposal for complying with the Court's order on discovery. The proposal will identify the documents individually or by category, state which are in Mr. Polansky's possession and which must be obtained from third parties, and include a breakdown of costs to reproduce the documents and a mechanism and time frame to produce them. The proposal will set forth separately what documents exist for the

time period 2000 to the present, the cost to reproduce those documents and a mechanism and time frame to produce them. Plaintiffs' counsel will file a brief with supporting documentation regarding the relevance of OSM's business documents from 2000 to the present. Defendants may respond within five (5) days.

The Court will schedule an argument after the issues are properly presented to the Court pursuant to the Court's orders of November 30, December 13, 2004 and today. Copies of the Court's orders dated November 30, December 13 and today will be provided to any counsel appearing for OSM forthwith.

The parties will contact the Court immediately if there are any problems complying with this order, so that timely orders may enter.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 22 day of December 2004.

HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE