```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

|  |  |
|---|---|
| DONALD WAINRIGHT, <br> JANET WAINRIGHT and <br> DEBORAH A. RUSSO-WILLIAMS <br><br> v. <br><br> OSM COMMUNICATIONS, INC., <br> ISRAEL H. POLANSKY, <br> ROBERT E. POLANSKY, and <br> ANNE POLANSKY | : <br> : <br> : <br> : <br> : <br> : <br> : CIV. NO. 3:01CV2158 (WWE) <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

<u>RULING ON MOTION TO COMPEL and SCHEDULING ORDER</u>

Plaintiffs' Motion to Compel **[Doc. # 68] is DENIED** for failure to comply with D. Conn. L. Civ. R. 37(a)(2).

> No motion pursuant to Rules 26 through 37, Fed. R. Civ. P. Shall be filed unless counsel making the motion has <u>conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution</u>. In the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion shall file with the Court, as part of the motion papers, <u>an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court</u>, and has been unable to reach such an agreement. If some of the issues raised by the motion have been resolved by agreement, the affidavit shall specify the issues so resolved and the issues remaining unresolved.

(emphasis added).

The local rule is reprinted here because both sides demonstrated at oral argument that they failed to follow it and failed to confer in a "good faith effort to eliminate or reduce the area of controversy." D. Conn. L. Civ. R. 37(a)(2). This failure has resulted in a needless delay of the case and the needless expenditure of judicial resources. The parties are cautioned that any further delay in this case will not be tolerated. Any requests for extensions of time that are filed after the passing of a court deadline will not be considered. D. Conn. L. Civ. R. 7(b). Objections raised without good cause will not be considered. See D. Conn. L. Civ. R. 37(a)(4). Moreover, failure by the parties to confer to resolve disputes may result in future sanctions. The parties are hereby warned that failure to comply with the Court's rulings and orders may subject the non-complying party to sanctions including, but not limited to, attorneys' fees, costs, and other appropriate sanctions, which may include dismissal of this action. See Fed. R. Civ. P. 37.

Scheduling Order

Discovery will be completed in accordance with the schedule set by this Court at oral argument on November 23, 2004, and memorialized as follows:

Defendant and Robert Polansky is ordered to appear at a deposition, at the place and time set forth in plaintiffs' notice, on Tuesday, December 14, 2004. Robert Polansky was given

twenty-four (24) hours from oral argument to confirm his attendance or to seek an alternate date to be scheduled within seven (7) days of December 14, 2004.

Seven (7) days prior to the deposition, Robert Polansky will produce all the documents requested by plaintiffs unless he files a formal objection to an individual request in advance of the date of production.  See D. Conn. L. Civ. R. 37(a)(3). All requests not objected to will be complied with.

On or before Monday, December 6, 2004, Anne Polansky will respond to plaintiffs' document request and provide copies of the relevant portions of her tax returns.  If documents do not exist or cannot be located, Mrs. Polansky will provide a statement under oath that any documents having to do with OSM could not be found after a good faith effort to locate them.  Mrs. Polansky will provide a list of real property which she bought or sold from 1996 to the present, but need not produce any underlying documentation at this time.  Any renewal of plaintiffs' request for further documentation must be made by a motion with citation to authority within the time frame of this abbreviated scheduling order.

Counsel for Israel Polansky is encouraged to contact plaintiffs' counsel to negotiate a stipulations regarding the money contributed to OSM by Israel Polansky and the OSM losses reflected in his tax returns.  If agreement cannot be reached, Israel Polansky will respond to plaintiffs' document request and provide copies of the relevant portions of his tax returns on or

3

before Monday, December 6, 2004.  If documents do not exist or cannot be located, Israel Polansky will provide a statement under oath that any documents having to do with OSM could not be found after a good faith effort to locate them. The Court assumes that there will be books and records of OSM that will demonstrate the disposition of funds provided by Israel Polansky to the corporation.  If there are no corporate documents, the Court will entertain an application from plaintiffs for a list of the accounts from which money was provided to OSM by Israel Polansky.

Once the documents are produced and/or statements under oath provided, the Court will entertain an application from plaintiffs to conduct the deposition of Israel Polansky by written questions, pursuant to Fed. R. Civ. P. 31.  Plaintiffs will submit their questions to the Court on or before Friday, December 10, 2004.  The Court will decide, based on the information provided by Robert Polansky about OSM, whether it appears that Israel Polansky can provide anything relevant or useful through a deposition.

Plaintiffs' response to the pending summary judgment motion is due two (2) weeks after the production of the documents. Counsel for defendants will file a notice with the Court when he has complied with the document production so the time can start to run.  Any reply memoranda shall be filed in accordance with D. Conn. L. Civ. R. 7(d).

Discovery will close three (3) weeks after the deposition of Robert Polansky, unless extended by the Court based on a specific

4

application from plaintiffs, seeking additional information or discovery with a proposed schedule for completion.

The parties will contact the Court immediately if there are any problems complying with this order, so that timely orders may enter.

Defendant Robert Polansky

As noted on the record, defendant Robert Polansky is proceeding pro se in this case.

> Courts often are less demanding of pro se litigants than of parties who are represented by counsel.  However, pro se litigants are expected to obey court orders, and are not immune from sanctions for failing to comply with discovery orders, especially if the court concludes that the disobedience is deliberate, or the litigant was warned in advance that sanctions would ensue if the litigant did not comply.

7 James Wm. Moore, Moore's Federal Practice §37.50[1][d] (3d Ed. 2003).  Mr. Robert Polansky must understand that if he fails to work with plaintiffs' counsel, refuses to produce the documents that the plaintiffs have requested, or fails to appear and participate in his deposition as directed, the Court could determine that he has willfully failed to participate in discovery and failed to follow an order of the Court regarding discovery, and that sanctions should enter. See Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994) (affirming dismissal with prejudice of employment discrimination claim where record revealed "sustained and willful intransigence in the face

5

of repeated and explicit warnings from the court that the refusal to comply with court orders . . . would result in the dismissal of [the] action").  "[A]ll litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they . . . must suffer the consequences of their actions." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988). "Noncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the party's control." Baba v. Japan Travel Bureau Int'l, 165 F.R.D. 398, 402-03 (S.D.N.Y. 1996), aff'd, 111 F.3d 2 (2d Cir. 1997); see also Davidson v. Dean, 204 F.R.D. 251, 258 (S.D.N.Y. 2001) ("Once the discovery Orders in this case were issued, plaintiff had two choices--to comply with the Orders or to appeal. Plaintiff did appeal the Orders and lost. Plaintiff's only choice at that point was to comply with the Orders, and only the Court ... could excuse him from that obligation."); Worldcom Network Servs., Inc. v. Metro Access, Inc., 205 F.R.D. 136, 143 (S.D.N.Y. 2002) ("sanctions are permissible under Rule 37(b)(2) when a party fails to comply with a court order, regardless of the reasons"); see also Faretta v.. California, 422 U.S. 806, 834 n. 46 (1975) ("The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law.").

    This is not a recommended ruling.  This is a discovery

ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 30th day of November 2004.

```
    ____/s/_____
    HOLLY B. FITZSIMMONS
    UNITED STATES MAGISTRATE JUDGE
```