=======================================START OF PAGE 1=======

SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C.

Litigation Release No. 15031 / September 4, 1996
Accounting and Auditing Enforcement Release No. 810

Securities and Exchange Commission v. Robert E. Polansky, John E. Capps and Anthony Guerriero, Case No 96-CV-02052 (D.D.C.) (filed September 4, 1996)

On September 4, 1996, the Commission filed a complaint in the United States District Court for the District of Columbia against Robert Polansky ("Polansky"), John Capps ("Capps") and Anthony Guerriero ("Guerriero") alleging that the defendants violated the antifraud and recordkeeping provisions of the federal securities laws in connection with In-Store Advertising, Inc.'s ("ISA") 1990 initial public offering ("IPO") of $40 million in common stock. According to the Commission's complaint, offering materials for ISA's IPO materially misstated its net income to make the company appear more profitable than it actually was prior to the IPO. In particular, ISA's revenues were shifted forward in periods before the July 1990 IPO and were then shifted back and decelerated in the period after the IPO. The complaint alleged that, to conceal the fraud, Polansky, ISA's president, chairman and chief executive officer, instructed Capps, ISA's chief financial officer, and Guerriero, ISA's assistant controller, to create two sets of contracts to provide advertising and other services to some of its clients. One set of contracts correctly reflected the amounts, conditions and time period for which ISA's clients had paid for services. The second set, however, contained changes to the time frames during which the advertising was to run and/or the conditions in the contracts. The falsified contracts were provided to ISA's auditors as well as the underwriters for ISA's IPO. In addition, the falsified contracts were used to prepare financial statements presented in connection with the IPO. The complaint also alleged that material misrepresentations were made by ISA in its offering materials regarding the effectiveness of its advertising.

Simultaneously with the filing of the complaint, Polansky, Capps and Guerriero, without admitting or denying the allegations of the complaint, consented to the entry of permanent injunctions prohibiting them from future violations of Section 17(a) of the Securities Act of 1933 and Section 10(b) of the Securities Exchange Act of 1934 and Rules 10b-5, 13b2-1 and 13b2-2 thereunder.