UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
DONALD WAINRIGHT,                    :
JANET WAINRIGHT and                  :
DEBORAH A. RUSSO-WILLIAMS            :
                                     :
                                     :
v.                                   :   CIV. NO. 3:01CV2158 (WWE)
                                     :
OSM COMMUNICATIONS, INC.,            :
ISRAEL H. POLANSKY,                  :
ROBERT E. POLANSKY, and              :
ANNE POLANSKY                        :
                                     :
                                     :
                                     :
```

<u>Ruling on Defendants Israel Polansky's
and Anne Polansky's Motions for Summary Judgment</u>

In this action, plaintiffs Donald and Janet Wainright (husband and wife), and Deborah Russo-Williams seek damages against defendants OSM Communication, Inc., Israel Polansky, Robert Polansky and Anne Polansky, to recover wages, expenses and benefits due to plaintiffs Donald Wainwright and Deborah Russo-Williams as employees of OSM.  Specifically, the plaintiffs allege breach of contract, violation of the Connecticut General Statutes sections 31-71b and 31-72, breach of guarantee made by Israel Polansky, and fraudulent inducement.  Plaintiffs' first and second causes of action alleged that "OSM is an alter-ego and mere instrumentality" of the individual defendants.

Defendants Israel Polansky and Anne Polansky have each moved for summary judgment, arguing that they cannot be held liable under an alter ego theory, and that defendant Israel Polansky never guaranteed the salaries and benefits of Janet Wainright. Plaintiffs have filed an opposition to defendants' motions, but

represent that they have not had an opportunity to obtain documents and information from the defendants to present a defense to the motions.

On November 30, 2004, Magistrate Judge Fitzsimmons issued a scheduling order requiring:  1) defendant Robert Polansky to appear at a deposition on December 14, 2004, and to produce all documents requested by plaintiffs seven days prior to that deposition unless he filed a formal objection; 2) defendant Anne Polansky to respond to plaintiffs' document requests and provide copies of relevant portions of her tax returns and a list of real property purchased from 1996 to the present by December 6, 2004; and 3) defendant Israel Polansky to respond to the plaintiffs' document requests and provide relevant portions of his tax returns or, in the alternative, to reach a stipulation regarding the amount of money that he contributed to OSM by December 6, 2004.

On January 11, 2005, plaintiffs filed a brief in support of a motion to compel asserting that defendants continue to frustrate their efforts to obtain requested documents and financial information from the defendants, which information the plaintiffs claim is essential to the Court's assessment of the motions for summary judgment.  In light of this on-going discovery dispute and alleged non-compliance with Magistrate Judge Fitzsimmons' scheduling order, the Court cannot review the merits of the motions for summary judgment.  Accordingly, the motions for summary judgment will be denied without prejudice.

Since this case appears to be one susceptible to settlement, the Court will also refer this case to Magistrate Judge Fitzsimmons for a settlement conference. The renewed motions for summary judgment may be filed upon resolution of this discovery dispute and conclusion of settlement discussions with Magistrate Judge Holly Fitzsimmons.

## CONCLUSION

For the foregoing reasons, the motions for summary judgment [docs. 48 and 49] are DENIED without prejudice upon resolution of the on-going discovery dispute by Magistrate Judge Fitzsimmons and after the conclusion of a settlement conference with Magistrate Judge Fitzsimmons.

In the event that defendants refile their motions for summary judgment, the Court instructs defendants' counsel to provide briefing on the case law relevant to the choice of law and piercing the corporate veil pursuant to an alter ego theory.

The clerk is instructed to docket the plaintiff's brief in support of a motion to compel [doc. #80] as a pending motion to compel, which motion the Court will refer to Magistrate Judge Fitzsimmons.

SO ORDERED at Bridgeport this 7th day of March, 2005.

_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE