ruv

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALAN M. JONES,

                        *Plaintiff,*

-against-

OSM COMMUNICATIONS, INC., ISRAEL H. POLANSKY and ROBERT E, POLANSKY,

                        *Defendants.*

19  ORIGINAL

97 Civ. 7595 (DC)

DECLARATION **OF RALPH HERMAN IN FURTHER SUPPORT OF PLAINTIFF'S** MOTION

Ralph Berman hereby declares as follows:

1. I am a member of the bar of this Court and the law firm of Eisland, Selby &r Berman LLP, counsel for plaintiff Alan M. Jones in the above-referenced action.

2. I make this declaration in further support of Mr. Jones' motion to strike defendants' answer. I personally participaied in the events discussed below and, therefore, have personal knowledge of the matters addressed in this declaration.

3. In opposition to this motion, defendants make a false accusation concerning Mr. Jones' conduct during discovery, attempting thereby to equate Mr. Jones[1] conduct to defendants' four month pattern of ignoring their discovery obligations and misleading this Court. Defendants claim that:

> Jones himself might be subject to sanctions. Jones was untimely in his document production in response to Defendants' requests, whereupon Defendants' prior counsel contacted Mr. Berman by telephone, and eventually secured Jones' production."

Defendants' Memorandum of Law in Opposition to Motion to Strike Answer or Obtain Alternate Sanctions, dated September 25, 1998 ("Dcfs Memo."), at 6-7; *see* Affidavit of Robert E. Polansky in Opposition to Motion to Strike Answer or Obtain Alternate Sanctions, sworn to September 25, 1998 ("R. Polansky Aff"), <j] 8. These assertions are false.

A CERTIFIED COPY

4. Defendants' request for production of documents wag served on Mr. Jones by first class mail on January 16,1998, rendering Mr. Jones' response due on February 18,1998.

5. On February 17, 1998, I telephoned Lawrence J. Profeta, Esq. at Warshaw Bin-stein Cohen Schlesinger & Kuh, LLP, defendants' counsel at the time, to advise him that Mr. Jones' response to defendants' document request would be served on time but that copying the responsive documents had taken longer than I anticipated and would be delayed by a day or two. I must emphasize that I initiated this contact with Mr. Profeta and informed him of this situation before the deadline for production of documents had passed. I was not pursued by defendants' counsel as is claimed by defendants.

6. Mr. Profeta replied that, in fact, he had not expected documents to be produced with the response and, in any event, a delay of a day or two would not be a problem.

7. Thereafter, Mr. Jones' documents were produced *in their entirely* on February 20, 1998, two days after the response to defendants' document request had been served. Since that time, there has been no dispute with defendants over Mr. Jones' responses or the completeness of his document production.

8. In sum, defendants' version of events, set forth without attribution to any person with personal knowledge of these events *(see* Defs Memo, at 6-7, R. Polansky Aff, f 8), is utterly untrue. Moreover, it is respectfully submitted that the two days that elapsed between the service of Mr. Jones' response to plaintiffs' document request and the actual production of *all* responsive documents would not, under any circumstances, be a basis for imposing sanctions on Mr. Jones and is in no way remotely equivalent to defendants' conduct, as detailed in this motion.

9. Annexed hereto as Exhibit A is a true and correct copy of selected pages from a document provided to potential investors in OSM during the period 1996 and 1997.

10. Annexed hereto as Exhibit B are true and correct copies of letters, "dated September 25 and 28, 1998, from defendants' counsel to Ralph Berman.

Dated: New York, New York
      October 2, 1998

                                      _____
                                            RALPH BERMAN

# IN-STORE ADVERTISING, INC. DELIVERS...

V I



*ff '*

EXHIBIT >
: IDENTIFICATION
.D H.LONDON

*PJ*