UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE IN-STORE ADVERTISING, INC. SECURITIES LITIGATION | x<br>:  MASTER FILE NO.<br>:  90 CIV. 5594 (PKL)<br>x |
| THIS DOCUMENT RELATES TO:<br>ALL CASES | :<br>:<br>:<br>x |

### NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION, APPLICATION FOR ATTORNEYS' FEES AND SETTLEMENT HEARING THEREON

TO:   ALL PERSONS OR ENTITIES WHO PURCHASED SHARES OF COMMON STOCK OF IN-STORE ADVERTISING, INC. ("IN-STORE" OR THE "COMPANY") DURING THE PERIOD JULY 19, 1990 THROUGH AND INCLUDING NOVEMBER 8, 1990 ("THE CLASS PERIOD").

1. This Notice is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Order of the United States District Court for the Southern District of New York (the "District Court") dated October 21, 1996. The purpose of this Notice is to advise you that the above-entitled consolidated class action litigation (the "Action") is now pending in the District Court and that the parties to the Action have reached a settlement (the "Settlement") with the Settling Defendants, as defined below, which would resolve plaintiffs' claims in the Action. This Notice describes the rights you may have under the proposed Settlement and what steps you may take in relation to the Settlement and the Action. The Settlement is subject to approval by the District Court and if approved, will result in (i) payment, as set forth below, by or on behalf of the Settling Defendants of $9,250,000 plus accrued interest in full settlement of the Action; (ii) the assignment of plaintiffs' and the Class' claims against the Non-Settling Defendants (as defined below) to the Settling Defendants; and (iii) dismissal of the Action on the terms and conditions summarized below. As described more fully at paragraph 30 below, if the Settlement is approved plaintiffs' counsel will request the Court to award them attorneys' fees and reimbursement of expenses from the proceeds of the Settlement.

2. A hearing (the "Settlement Fairness Hearing") shall be held on December 18, 1996 at 4:30 p.m. in the United States Courthouse, 500 Pearl Street, New York, New York before the Honorable Peter K. Leisure to consider (i) whether the proposed Settlement of the Action should be finally approved as fair, reasonable and adequate and in the best interests of the Class; and (ii) whether the judgment finally approving the Settlement and dismissing the Action with prejudice should be entered. At or after the Settlement Fairness Hearing, the Court shall also consider the application of counsel for the named plaintiffs and the Class in the Action (the "Plaintiffs") for an award of attorneys' fees and reimbursement of costs and expenses as described in paragraph 30 of this Notice.

3. This Notice is not intended to be and should not be construed as an expression of any opinion by the District Court with respect to the truth of the allegations in the Action or the merits of the claims or defenses asserted. This Notice is merely to advise you of the pendency of the Action, the proposed Settlement of the Action and of your rights with respect thereto.

### DESCRIPTION OF THE LITIGATION

4. There is pending in the District Court a consolidated action entitled In Re In-Store Advertising, Inc. Securities Litigation, consisting of eleven purported class actions. These class actions were commenced in the District Court and were consolidated for all purposes before the Honorable Kenneth Conboy pursuant to Stipulation and Pre-trial Order No. 1 entered by the District Court on or about October 17, 1990.

5. On or about August 27, 1991, Plaintiffs filed a First Amended Consolidated Class Action Complaint. After answers were filed to the First Amended and Consolidated Class Action Complaint in October 1991, the parties entered into settlement negotiations which culminated in the execution of a stipulation of settlement in August 1992. In September 1992, however, In-Store publicly disclosed that it could not obtain financing and pursuant to the terms of the stipulation of settlement, withdrew from the settlement, causing that settlement to be terminated. On July 16, 1993, Plaintiffs filed their Second Amended Consolidated Class Action Complaint (the "Amended Complaint").

6. The Amended Complaint alleges that the defendants violated the federal securities laws and committed common law fraud and negligent misrepresentation (the "Class Claims") by making materially false and misleading statements in a Registration Statement dated July 19, 1990, filed with the Securities and Exchange Commission in connection with the initial registered public offering of In-Store common stock (the "Offering"). Plaintiffs allege, among other things, that the Registration Statement contained materially false and misleading statements concerning In-Store's financial results, its compliance with generally accepted accounting principles for the recognition of revenue and its financial condition and prospects. Plaintiffs further allege that defendants' actions artificially inflated the market price of In-Store's common stock during the Class Period.

7. The Amended Complaint names as "Defendants" In-Store's former Chairman, President and CEO, Robert E. Polansky; In-Store's former Secretary, Treasurer and CFO, John E. Capps; five former outside directors of In-Store, S. Curtis Johnson, Bruce Maggin, Israel H. Polansky, R. Stephen McCormack and Jeffrey C. Walker; four venture capital firms that held capital in In-Store prior to the Offering, Wind Point Partners II, L.P., Capital Cities/ABC Video Enterprises, Inc., ML Venture Partners II, L.P. and Chemical Venture Capital Associates; In-Store's independent auditors prior to and at the time of the Offering, KPMG Peat Marwick, L.L.P. ("Peat Marwick"); and the co-lead underwriters of the Offering, Alex. Brown & Sons, Inc. and Bear, Stearns & Co., Inc., who were also named as class representatives of a defendant class of all the underwriters of the Offering. In-Store was not named as a defendant because it filed a petition for protection from its creditors under Chapter 11 of the United States Bankruptcy Code in 1993, as a result of which it was relieved from any liability with respect to this lawsuit.

8. **THE COURT HAS NOT EXPRESSED ANY OPINION ON THE MERITS OF ANY CLAIM OR DEFENSE**, except that Plaintiffs' claims against Peat Marwick were dismissed by orders of the Court dated December 30, 1993 (with regard to the federal securities laws claims) and February 21, 1995 (with regard to the state law claims for common law fraud). Prior to the dismissal, Peat Marwick was named as a third-party defendant on claims filed by certain of the defendants.

9. Defendants (other than In-Store and Peat Marwick, who are no longer defendants) have served their answers to the Amended Complaint, have denied all substantive allegations of wrongdoing complained of therein, and have asserted various affirmative defenses. The Settling Defendants (as defined below) have expressly denied and continue to deny any and all wrongdoing or violation of the law, and deny any legal liability to Plaintiffs or the Class or any other party in the lawsuit with respect to any and all facts or claims alleged in the Amended Complaint and do not concede any infirmity in the defenses they have asserted in the Action.

10. The "Settling Defendants" are as follows: S. Curtis Johnson, Bruce Maggin, R. Stephen McCormack, Jeffrey C. Walker, Chemical Venture Capital Associates, Wind Point Partners II, L.P., ML Venture Partners II, L.P., Capital Cities/ABC Video Enterprises, Inc., Alex. Brown & Sons, Inc. and Bear Stearns & Co., Inc. All the underwriters will also be deemed Settling Defendants.

11. The "Non-Settling Defendants" are as follows: Robert E. Polansky, Israel H. Polansky and John E. Capps.

## THE CLASS CERTIFIED BY THE COURT

12. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and by Order dated October 18, 1996, the Court has determined that the Action may be maintained by Plaintiffs as a class action on behalf of all persons who purchased In-Store common stock during the Class Period (the "Class"). Excluded from the Class are In-Store, KPMG Peat Marwick, L.L.P., the Defendants, directors and officers of any Defendant, members of the immediate families of the individual defendants or of the directors and officers of any Defendant, and any subsidiary, parent or other affiliate of any Defendant. If you are a member of the Class and do not request exclusion from the Class in the manner set forth below, your rights in connection with the subject of this action will be determined by the Action and, if approved, the Settlement. If you request exclusion, you will not share in the benefits of the Settlement and you will not be subject to the binding effect of final approval of the Settlement and dismissal of the Action.

13. If you do not properly request exclusion from the Class and wish to share in the Net Settlement Fund, you must file a Proof of Claim as provided for herein. Your rights will be represented by Plaintiffs' Lead Counsel, the law firms of Milberg Weiss Bershad Hynes & Lerach LLP, One Pennsylvania Plaza, New York, New York 10119, and Wolf Popper Ross Wolf & Jones, L.L.P., 845 Third Avenue, New York, New York 10022. If you wish, you may enter a legal appearance individually or through your own counsel at your own expense.

## DECISION TO SETTLE AND BENEFITS OF SETTLEMENT

14. Counsel for the Plaintiffs are law firms with extensive and particular expertise and experience in the prosecution of securities class actions. Plaintiffs and their counsel have made a thorough investigation into the facts and circumstances relevant to the allegations in the Amended Complaint. In connection with that investigation they have conducted extensive discovery. Plaintiffs' counsel have consulted with experienced experts in connection with (a) Plaintiffs' claims and Defendants' defenses thereto regarding the Offering, (b) the accounting procedures In-Store used in reporting its financial condition, and (c) the analysis and establishment of the damages incurred by the Class. Plaintiffs' counsel have also conducted over 30 depositions of party and non-party witnesses, including: (a) In-Store's senior management during the relevant time period, (e.g. In-Store's former Chairman of the Board, President and CEO, and its former Secretary, Treasurer and CFO); (b) other of In-Store's employees, (e.g. the director of sales and a sales representative); (c) certain outside directors of In-Store (e.g. the representatives of the venture capital firms on In-Store's Board of Directors); (d) the employees who worked on the In-Store Offering from Bear Stearns & Co., Inc. & Alex. Brown & Sons, Inc., the lead underwriters in the Offering; (e) the counsel to the lead underwriters who worked on the Offering; (f) the auditors from Peat Marwick who worked on the In-Store account; and (g) several of In-Store's customers.

15. In evaluating the Settlement, Plaintiffs, through their counsel, have considered the expense and length of time necessary to prosecute the Action against the Settling Defendants through trial and through appeals, and the defenses asserted by and available to the Settling Defendants. Plaintiffs and their counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as here, as well as the difficulties and delay inherent in litigation.

16. Counsel for Plaintiffs believe that the Settlement of the Action described in this Notice confers substantial cash benefits to