the Class and each of its members, without the substantial additional cost, uncertainty and delay that would result if the Action was to proceed against the Settling Defendants through trial and appeal. Based upon these considerations, Plaintiffs and their counsel have concluded that it is in the best interests of Plaintiffs and the Class to settle the Action on the terms set forth herein.

17. The Settling Defendants in this Action vigorously deny any and all wrongdoing or violation of the law, and any liability to Plaintiffs or the Class or any other party in the lawsuit with respect to any and all facts or claims alleged in the Amended Complaint and do not concede any infirmity in the defenses they have asserted in the Action. However, the Settling Defendants consider it desirable that the Action be dismissed on the terms set forth herein in order to avoid further expense, to dispose of burdensome and protracted litigation, to permit the continued operation of the Settling Defendants' affairs unhindered by expensive litigation and by distraction and diversion of their personnel.

18. The Court has not ruled on the merits of the claims against, nor on the defenses of, the Settling Defendants. This Notice does not imply that there has been or would be any finding of any violations of the law by any Settling Defendant, or that recovery could or could not be had in any amount if the Action was not settled.

19. If and when the Settlement becomes final, each member of the Class who does not properly request exclusion will conclusively be deemed to have released and discharged the Settling Defendants and their present and former officers, directors, agents, attorneys, employees, affiliates, subsidiaries, heirs, executors, administrators, successors and assigns and KPMG Peat Marwick L.L.P. (the "Released Parties") from, and be permanently barred and enjoined from asserting, either directly or indirectly, against any or all of the Released Parties, any claim, demand, right, liability or cause of action, known or unknown, which were or could have been asserted in the Action, based upon, arising out of, or in any way related to the purchase or sale of any In-Store common stock during the Class Period or any of the acts, facts, transactions, occurrences, representations or omissions referred to in the Amended Complaint. In addition, as a condition of the Settlement all of the Plaintiffs' and the Class Members' claims against the Non-Settling Defendants both known or unknown, which were or could have been asserted in the Action, based upon, arising out of, or in any way related to the purchase or sale of any In-Store common stock during the Class Period or any of the acts, facts, transactions, occurrences, representations or omissions referred to in the Amended Complaint will be assigned to the Settling Defendants.

## SUMMARY OF THE TERMS OF THE PROPOSED SETTLEMENT

20. A Settlement agreement has been reached covering the Action between the Plaintiffs and the Settling Defendants, which is embodied in the Stipulation of Settlement on file with the District Court. The following description of the proposed Settlement is only a summary. Reference should be made to the full text of the Stipulation of Settlement on file with the District Court for a full statement of its provisions.

## THE SETTLEMENT FUND

21. In full settlement of the Class Claims against them, the Settling Defendants, on or about September 20, 1996, paid the sum of Nine Million Two Hundred Fifty Thousand Dollars ($9,250,000) into a fund for the benefit of the Class (the "Class Action Settlement Fund"). The Class Action Settlement Fund, including all interest earned thereon, has been placed into a separate escrow account maintained by Wolf Popper Rosa Wolf & Jones L.L.P. as Escrow Agent in the name and for the benefit of the Class for distribution after the "Effective Date" (i.e. after the Settlement has been approved by the Court and any appeals have been determined or the time to appeal has expired).

22. The "Net Settlement Fund" shall be comprised of the Class Action Settlement Fund together with all interest earned thereon, less the costs and expenses of giving Notice to the Class and the costs of the administration of the Settlement, less any taxes on the earnings of the Class Action Settlement Fund, and less the fees and expenses of Plaintiffs' counsel, to the extent awarded by the Court.

23. If the proposed Settlement is finally approved, the Net Settlement Fund shall be distributed to members of the Class who timely file properly completed and acceptable Proofs of Claim ("Authorized Claimants"). Payments to Authorized Claimants shall be proportional based upon each Authorized Claimant's "Allocable Claim" (as determined in paragraph 24 below).

24. An Authorized Claimant's "Allocable Claim" shall be determined as follows:

(a) With respect to transactions in In-Store common stock, an Authorized Claimant's Allocable Claim shall be the purchase price paid for the In-Store common stock (including brokerage commissions and transaction charges), less:

(i) with respect to In-Store common stock sold on or before November 8, 1990, the net sales price (after paying brokerage commissions and transaction charges) received on the sale of such In-Store common stock; or

(ii) with respect to In-Store common stock held after November 8, 1990, a $2.375 per share "holding value," which reflects the average closing price of In-Store common stock for the five days subsequent to the end of the Class Period.

(b) For purposes of calculation of the Allocable Claim, if a member of the Class purchased In-Store common stock during the Class Period and subsequently sold the same In-Store common stock during the Class Period, the stock sold during the Class Period (and, if there has been more than one sale, the stock sold first) shall be matched against those securities purchased during the Class Period for purposes of calculating an Allocable Claim, unless the member of the Class submits proof to the contrary.

(c) Only transactions resulting in a loss shall be considered in determining an Authorized Claimants' Allocable Claim.

## CLAIMS BARRED

3

25. Payment to members of the Class in the manner set forth above shall be deemed conclusive against them. Each member of the Class who does not file a Proof of Claim or whose Proof of Claim is not approved by the District Court shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all the terms of the Stipulation of Settlement, including the terms of the judgment to be entered in the Action.

26. If the proposed Settlement is approved by the District Court, the District Court will enter a final judgment which will dismiss with prejudice, as against the Settling Defendants, the Amended Complaint and the Class Claims without costs as to any party, including all members of the Class who do not request exclusion. The Order and Final Judgment shall also provide that the Plaintiffs and the Members of the Class assign their Class Claims against the Non-Settling Defendants to the Settling Defendants.

27. Pursuant to the Settlement and upon the approval by the District Court of its terms, all members of the Class who do not properly request exclusion shall conclusively be deemed to have released and discharged the Settling Defendants and their present and former officers, directors, agents, attorneys, employees, affiliates, parents, subsidiaries, shareholders, heirs, executors, administrators, successors and assigns from, and a judgment will be entered dismissing the Action as against the Settling Defendants and permanently barring and enjoining each member of the Class who does not properly request exclusion from asserting either directly or indirectly, against any or all of the Settling Defendants, any claim, demand, right, liability or cause of action, known or unknown, which were or could have been asserted in the Action, based upon, arising out of, or in any way related to the purchase or sale of any In-Store common stock during the Class Period or any of the acts, facts, transactions, occurrences, representations or omissions referred to in the Amended Complaint. In addition as a condition of the Settlement all of the Plaintiffs' and the Class Members' Class Claims against the Non-Settling Defendants, both known or unknown, which were or could have been asserted in the Action, based upon, arising out of, or in any way related to the purchase or sale of any In-Store common stock during the Class Period or any of the acts, facts, transactions, occurrences, representations or omissions referred to in the Amended Complaint will be assigned to the Settling Defendants.

## TERMINATION OF THE SETTLEMENT

28. The Settlement may be terminated in the event that the Court does not approve all of its terms or if such approval is reversed on appeal. The Settlement may also be terminated by the Settling Defendants in the event more than a certain amount of Class Members exclude themselves from the Class. In the event that the Stipulation is terminated, the Stipulation shall be deemed null and void, and shall have no further force and effect with respect to any party in the Action and neither the Stipulation, the Exhibits thereto, nor the settlement negotiations shall be used or referred to in the Action or in any other actions or proceedings for any purpose, the remaining portion of the Net Settlement Fund shall then be returned to the Settling Defendants without further order of the District Court, and the Action shall thereupon revert forthwith to its status prior to the date of the execution of the Stipulation and shall proceed as if the Stipulation and related orders and papers had not been executed.

## EXCLUSION FROM THE CLASS

29. Any member of the Class may request exclusion from the Class by mailing a written request for exclusion addressed to:

In-Store Advertising Securities Litigation
Exclusion Requests
c/o Gilardi & Co.
Claims Administrator
P.O. Box 5100
Larkspur, CA 94977-5100

The written request for exclusion must be post-marked on or before December 3, 1996 and must have your name, address, social security or taxpayer identification number, the amount (i.e., number of shares) of In-Store common stock purchased during the Class Period, the purchase price, the date of each purchase, the amount, if any, of In-Store common stock sold, the sale price, and the date of each sale. Each request for exclusion must be signed by or on behalf of each person or entity so requesting the exclusion and must include all of the foregoing information in order to be valid. If the Class Member requesting exclusion purchased the shares of In-Store common stock in joint names with others, he must state this in the Request for Exclusion, set forth the names and current addresses of all joint purchasers and have each sign the Request for Exclusion. If a Request for Exclusion is made on behalf of a Class Member other than the person making the request, the person making the request must attach written proof of his, her or its authority to act on the Class Member's behalf. If the request for exclusion does not contain all of the foregoing information, it will not be considered valid. **PERSONS WHO EXCLUDE THEMSELVES FROM THE CLASS WILL NOT BE ENTITLED TO SHARE IN THE BENEFITS OF THE PROPOSED SETTLEMENT.**

## APPLICATION FOR ATTORNEYS' FEES AND COSTS

30. If the Settlement is approved by the Court, Plaintiffs' counsel shall apply to the Court for an award of attorneys' fees not to exceed one-third (33-1/3%) of the Gross Settlement Fund plus accumulated interest and for reimbursement of their litigation and administrative expenses incurred to date. Plaintiffs' counsel further reserve the right to make a further application to the District Court for attorneys' fees, costs or disbursements incurred by Plaintiffs' counsel in connection with the administration of the Gross Settlement Fund, and such additional attorneys' fees, costs or disbursements as might be awarded shall be payable only out of the Gross Settlement Fund.