UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
---------------------------------------------------------------X    Docket No. 301 CV 02158
DONALD WAINRIGHT, JANET WAINRIGHT
and DEBORAH A. RUSSO-WILLIAMS,

            Plaintiffs,

    - against -    :    **AFFIDAIVT**

OSM COMMUNICATIONS, INC., ISRAEL H.
POLANSKY, ROBERT E. POLANSKY and
ANNE POLANSKY,

            Defendants.
---------------------------------------------------------------X

**MEMORANDUM OF LAW
IN SUPPORT OF APPLICATION TO
APPEAR PRO HAEC VICE**

Defendants' deem it important to recite some of the facts previously litigated in this matter in response to the Memorandum of Law dated February 7, 2005 and submitted by the plaintiffs in opposition to the instant application.

The plaintiffs' principal opposition to my admission pro haec vice to appear on behalf of defendants Robert E. Polansky and OSM Communications, Inc. is that my initial involvement in the matter resulted in a default judgment against the defendants -- which this court overturned after a hearing into the facts -- and that I am essential witness for the plaintiffs.

    Let me dispose of the first concern. Whatever I may have done wrong the court addressed, overturned the default and permitted the defendants to answer the complaint. Mr. Arnold was and remains solely responsible for the delay about which

again he now complains all of which arose out of his effort to obtain an unfair advantage over the defendants in his desire to avoid resolution of the matter on the merits. Thus the court concluded that I did nothing to thwart justice in this matter, did not act in bad faith and granted the motion to open the default judgment.

Prior to answering the complaint, Mr. Arnold indeed wrote to me that I have been identified as an essential witness in the action and that if the firm I was then affiliated with appeared he would move to disqualify the firm. I responded in writing to Mr. Arnold's letter asserting that his information about me being an essential witness was incorrect.

The defendants Robert E. Polansky and OSM Communications, Inc. have been clients of mine for a number of years. There is no question that over that time I have acquired knowledge arising out of the attorney-client relationship. While it is Mr. Arnold's prerogative to call me as a witness with this court's permission I am quite confident that the defendants would not waive the privilege attendant to the attorney-client relationship thereby precluding me from testifying to anything of value to either the defendants or the plaintiffs.

There is no credible conflict of interest between my representation of defendant OSM Communications, Inc. and defendant Robert E. Polansky. Initially, such a conflict would have to be asserted by OSM Communications, Inc., Robert E. Polansky or even Israel Polansy. Mr. Arnold and the plaintiffs simply have no standing to assert the conflict. Further, Mr. Arnold's presentation of a letter to the court dated August 16, 2000 consisting of a letter drafted by me upon consultation with my clients does not

2

change the result. Without a waiver of the attorney-client privilege I could not testify about my conversations with my clients during the preparation of the letter.

Like any other attorney who has dealings with his clients I have come into knowledge that I cannot be compelled to reveal without a waiver of the attorney-client privilege by my clients whether or not that information could be helpful or harmful to another litigant. Consequently, Mr. Arnold's protestations regarding his intention to call me as an essential witness demonstrates a complete lack of understanding of the law regarding the attorney-client privilege.

Finally, I was admitted to the federal court for the Southern and Eastern Districts of New York on November 30, 1982. I was admitted to federal court for the Western District of New York on May 31, 1988. And, I was admitted to the Second Circuit Court of Appeals on March 16, 1984. I have made myself familiar with the rules of the Federal Court for the District of Connecticut and I have secured the services of local counsel Tagliatela & Tagliatela, L.L.C. located at 385 Orange Street, New Haven, CT 06511 (203) 624-9363 to assist me with all filings and appearances.

It is respectfully submitted that based upon the foregoing and the affidavit of Michael P. Goldsmith, Esq. sworn to the 25th day of February 2005, the motion to Appear Pro Haec Vice should be granted.

Michael P. Goldsmith, Esq.
38 West 21st Street
5th Floor
New York, NY 10010-6977
(212) 677-4441 ext. 18
(NY Federal Bar # 5538)