UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DONALD WAINRIGHT,
JANET WAINRIGHT and
DEBORAH A. RUSSO-WILLIAMS

v.                                          :    CIV. NO. 3:01CV2158 (WWE)

OSM COMMUNICATIONS, INC.,
ISRAEL H. POLANSKY,
ROBERT E. POLANSKY, and
ANNE POLANSKY

RULING ON PLAINTIFFS' MOTION TO COMPEL and SCHEDULING ORDER

Pending is plaintiffs' Motion to Compel Outstanding Discovery [**Doc. #87**]. On March 7, 2005, Judge Eginton denied defendants' Motion for Summary Judgment in light of plaintiffs' claim that they were unable to respond to summary judgment without certain outstanding discovery. Oral argument was held on April 13, 2005. After careful consideration of the parties' arguments, the Court rules as follows.

Defendants OSM, Robert Polansky, Israel Polansky and Anne Polansky will provide the following information. If any one of the defendants does not have this information, they will provide a statement under oath that they have made a good faith effort to find the information and do not have access to it.

(1) Identify who sent the payment(s) to the State of
    Delaware on behalf of OSM from 2000 to date. What were

1

       the date(s) of the payment(s)? What bank account(s)? What was the amount of the payment(s)?

(2)   Identify who paid OSM's accountant. On what date(s) were payment(s) made on behalf of OSM? From what bank account(s)? What was the amount of the payment(s)?

(3)   Provide the closing balance on the last OSM bank statement. Identify the bank(s) and account number(s). If the balance was not zero, explain where the money went?

Plaintiffs will review the OSM bank statements and determine if they reflect any incoming wire transactions from Israel Polansky. Plaintiffs will provide the dates and amount(s) of those wire transfers, if any, to counsel for Israel Polansky.

Israel Polansky will query the bank to determine if there is any evidence of wire transfers since the closing of the last OSM bank account through to 2005. If there is evidence of wire transfers to OSM, Israel Polansky will provide the date of the transfer, the amount(s) and identify the recipient by bank, account and name.

Israel Polansky will produce evidence of any and all expenses he has paid on behalf of OSM since the closing of OSM's last bank account.

Israel Polansky will provide the amount of the losses claimed on his tax returns for OSM for the years 1996 through 2000. Counsel may provide an explanation if there is any discrepancy between the Schedule K-1 and the tax return losses.

Any followup questions by plaintiffs must be propounded within ten (10) days after the receipt of this discovery.

At the hearing, counsel for OSM and Robert Polansky represented that his clients complied with the Court's order and produced the documents in their possession by FedEx delivery in January. Incredibly, counsel for plaintiffs had not reviewed the document production prior to the hearing and was unable to address the deficiencies of that production, if any. Unfortunately for plaintiffs, this was a missed opportunity.

All of plaintiffs' other discovery requests are otherwise denied. Any request for further information based on the receipt of this limited discovery must be supported by specific reference to the documents already turned over. The parties will copy the Court on any exchange of discovery or further requests for information.

Discovery will close within ten (10) days of the receipt of defendants' outstanding discovery. Plaintiffs' failure to respond within ten (10) days will effectively close discovery. Summary Judgment may be renewed immediately thereafter.

Plaintiffs' summary judgment will be filed within thirty (30) days after the close of discovery.

Any extension of time must will be granted only on a showing of good cause and must be requested in advance of the deadline set in this order.

Accordingly, plaintiffs' Motion to Compel Outstanding Discovery [**Doc. #87**] is **GRANTED** in part and **DENIED** in part.

3

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 12 day of ~~April~~ May 2005.

HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE