# <u>EXHIBIT D</u>

offer of employment from Purchaser.  Purchaser shall not be responsible for the payment of any severance obligations of the Company to any of the Company's employees or former employees except those who accept an offer of employment from Purchaser.

5.4    Transition Team.  The Company will make Jeffrey Mount, Donald Wainright and three retail sales personnel and a computer designer to be agreed upon by the parties hereto available to Purchaser on an exclusive basis for a period of time from the Closing Date until May 31, 1996 (the "Transition Period") to assist Purchaser in integrating the Assets into the Purchaser's business; provided, however, that if such individuals are no longer employed by the Company or the Purchaser, the Company shall not have any obligations to make such individuals available to the Purchaser unless and until such individuals have entered into severance agreements with the Company.  In addition, the Company shall make Donald Wainwright available to Purchaser for a period of 60 days following the Transition Period, on a non-exclusive basis, to the extent reasonably requested by Purchaser.  All compensation and other expenses of the transition team shall be paid by the Company during the Transition Period as well as the compensation and other expenses of Mr. Wainwright during the 60 day period referred to in the preceding sentence.

5.5  Further Assurances.  At any time and from time to time after the Closing, each party shall, without further consideration, execute and deliver to the other such other instruments of transfer and assumption and shall take such other action as the other may reasonably request to carry out the transfer of assets and assumption of liabilities contemplated by this Agreement.

5.6    Line of Credit.  The Purchaser shall have arranged for, prior to the Closing Date, a line of credit in the amount of $250,000 with Ameristar Capital Corporation, which, by its terms, will not expire for a period of at least one year from the Closing Date. The Purchaser will use such credit line for working capital purposes in integrating the Assets into the Purchaser's business.

5.7  Access to Warehouse.  The Company shall provide Purchaser with access to the warehouse where certain of the Assets are located immediately after the Closing.

5.8  Bank Financing Statements.  The Company will file the financing statements referred to in Sections 6.1.5 amd 6.2.5 as soon as practicable after the Closing Date.

## ARTICLE VI

### Conditions Precedent

6.1  Conditions to Performance by Purchaser.  The obligations of Purchaser under this Agreement shall be subject to the fulfillment of each and all of the following

J:\DATA\CLI\67\39667\010\APA3.OSM

# EXHIBIT E



**AMERISTAR CAPITAL CORPORATION**

444 MADISON AVENUE
SUITE 303
NEW YORK, NY 10022
212 750-7878
212 750-2326 FAX

April 18, 1996

Mr. Robert E. Polansky
OSM Communications, Inc.
444 Madison Avenue
New York, New York, 10022

Dear Mr. Polansky,

Ameristar Capital Corporation ("Ameristar") is pleased to provide this line of credit commitment to OSM Communications, Inc. (hereinafter referred to as "Debtor") in accordance with the terms and conditions set forth herein:

| | |
|---|---|
| Lender: | Ameristar Capital Corporation |
| Debtor: | OSM Communications, Inc. |
| Collateral: | 4000 Digital Display Signs |
| Line Availability: | Up to $250,000.00 |
| Term of Line: | Twelve (12) months |
| Interest Rate: | <u>One and one half percent (1 1/2%)</u> per month on the outstanding balance |
| Lease Commitment Fee: | Debtor will pay Lender a fee equal to $10,000 to establish the line facility, payable upon acceptance of this commitment by Debtor. |
| Release of Collateral: | Debtor agrees that the collateral will remain with Lender until all Loan obligations to be performed by Debtor have been fulfilled. |
| Personal Guarantee: | The personal guaranty of Robert Polansky will be required, in a form acceptable to Lender. |
| Legal Fees and Costs: | Debtor agrees to pay Lender's legal fees (if any) in connection with the negotiation, documentation and closing of the loan agreement whether or not the Loan is consummated. All costs for fees will be paid by Debtor upon execution of the Loan and Security Agreement. |
| Monthly Retainage Fee: | In conjunction with the acceptance of this commitment, Debtor agrees to commence the payment of a monthly retainage, in the |

Mr. Robert B. Polansky
April 18, 1996
Page 2.

amount of $1000, to Lender as consideration of its services as a financial advisor to Debtor. The term of this shall be twelve (12) months.

**Insurance:**

Debtor will be required to furnish to Lender, evidence of insurance in form acceptable to Lender covering the equipment naming Lender as lender and loss payee. Such evidence of insurance will be required upon Loan execution.

**Landlord Waiver:**

The landlord of the property where the equipment is to be located will be required to waive any rights or claims it may have in the equipment in a form acceptable to Lender.

**Documentation:**

Lender will provide all documentation necessary to identify the obligations of the transaction contemplated herein. All such documentation will be in a form and format acceptable to Lender and its counsel.

**Additional Information:**

Such other information (whether financial or otherwise) as Lender may, from time to time, request must be delivered promptly.

Mr. Polansky, if this commitment is acceptable to you, please so indicate by signing the acknowledgement below within five (5) business days from the date hereon and return it to Ameristar along with a check in the amount of eleven thousand dollars ($11,000) to be applied to the line commitment fee and first month's retainage. In the event the executed copy is not received within five (5) business days from the date hereon, this commitment will, at Lender's option be declared null and void. The undertakings by Lender in this commitment cannot be accepted conditionally and any such conditional acceptance or modification will terminate absolutely the undertakings made herein.

If you have any questions, please give me a call.

Very truly yours,
AMERISTAR CAPITAL CORPORATION

Joseph J. Messina
President

JJM:gl

AGREED AND ACCEPTED:
OSM COMMUNICATIONS, INC.

By _____ President

Date: 4/18/96          Title

# **EXHIBIT F**



**OSM**
Communications, Inc.

Phone: 212-308-5400

Fax: 212-308-6551

313-432-2864

To: Don Wainright

From: Bob Polansky

Re: Employment Contract

Date: July 23, 1996

This is to forward the following terms of employment beginning September 3, 1996.

Base Salary: $100,000

Bonus: 25% guaranteed bonus

Benefits: Comprehensive Medical Coverage plus inmsurance (dental too).

Stock Options: To participate in the Company's stock option program

Other Parameters:

1. Moving expenses.

2. Bonus to be expanded to cover short fall in sale of house vs. purchase price (Polansky approval needed)

3. Car to be included if business is in New York City not to exceed $500/month.

Timing: September 10, 1996

444 Madison Avenue    ●    Suite 303    ●    New York, New York 10022