```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
                                        :
DONALD WAINRIGHT,                       :
JANET WAINRIGHT and                     :
DEBORAH A. RUSSO-WILLIAMS               :
                                        :
                                        :
v.                                      :   CIV. NO. 3:01CV2158 (WWE)
                                        :
OSM COMMUNICATIONS, INC.,               :
ISRAEL H. POLANSKY,                     :
ROBERT E. POLANSKY, and                 :
ANNE POLANSKY                           :
                                        :
                                        :
                                        :
```

 FOLLOW-UP RULING ON PLAINTIFFS' MOTION TO COMPEL **[Doc. #87]** and RULING ON DEFENDANTS' MOTIONS FOR EXTENSION OF TIME [**Doc. #102, 103, 108]**

On May 13, 2005, this Court ruled on plaintiffs' Motion to Compel Outstanding Discovery [**Doc. #87**]. The ruling stated, in relevant part, that at the hearing on April 13, 2005,

> counsel for OSM and Robert Polansky represented that his clients complied with the Court's order and produced the documents in their possession by FedEx delivery in January. **Incredibly, counsel for plaintiffs had not reviewed the document production prior to the hearing and was unable to address the deficiencies of that production, if any. Unfortunately for plaintiffs, this was a missed opportunity.**
>
> **All of plaintiffs' other discovery requests are otherwise denied.** Any request for further information based on the receipt of this limited discovery must be supported by specific reference to the documents already turned over.  The parties will copy the Court

>on any exchange of discovery or further requests for information.
>
>**Discovery will close within ten (10) days of the receipt of defendants' outstanding discovery. Plaintiffs' failure to respond within ten (10) days will effectively close discovery.** Summary Judgment may be renewed immediately thereafter.

[Doc. #99 at 3 (emphasis added)].

On June 29, 2005, a telephone conference was held, at the request of plaintiffs, to clarify the Court's May 13, 2005 ruling and order.[1] [Doc. #99 at 3]. The Court memorialized the telephone conference in an order stating,

>all motions for summary judgment will be filed thirty (30) days after the close of discovery. Plaintiff's counsel indicated that he will receive defendants' compliance with discovery by fax transmission today, June 29. In accordance with the April scheduling order in place, "[d]iscovery will close within ten (10) days of the receipt of defendants' outstanding discovery. **Plaintiffs' failure to respond within ten (10) days will effectively close discovery.**" Summary judgment will be filed within thirty (30) days after the close of discovery.

[Doc. #101 at 1 (emphasis added)].

On July 28, 2005, plaintiffs filed Responses to the discovery provided by defendants on June 29, and sought further discovery. [Doc. #100].[2] Defendants first argue, and the Court

---

[1] Defendants submitted their responses to the Court on June 22, 2005, in compliance with the May 13 ruling and order.

[2] Plaintiffs' submission was dated July 7, 2005; however, the motion was not docketed until July 28, 2005. [Doc. #100]. Defendants stated they did not receive anything from plaintiffs

agrees, that plaintiff's response is untimely.  More importantly, defendants assert that plaintiff's "response" is in effect a request to reopen discovery which was previously denied by the Court due to plaintiff's failure to address any deficiencies in defendants' document production. See Doc. #99 at 3. Indeed, plaintiff's "response" disregards the Court's order requiring that "[a]ny request for further information based on the receipt of this limited discovery must be supported by specific reference to the documents already turned over." [Doc. #99 at 3]. After careful consideration of the parties' arguments and the Court's prior rulings, plaintiffs' request for additional discovery is **DENIED** and discovery is closed.

Defendants' Motions for Extension of Time in which to file summary judgment **[Doc. ##102, 103, 108]** are **GRANTED**.  Defendants will file their motion for summary judgment ten (10) days after receipt of this order.

Any extension of time will be granted only on a showing of good cause and must be requested in advance of the deadline set in this order.

---

within the ten (10) period ordered by the Court. They contend that they received plaintiff's response on August 2, 2005 by virtue of an CM-ECF e-mail from the Court. The Court's CM-ECF records indicate that plaintiffs' "response" was received from Robert E. Arnold III on July 28, 2005 and entered on August 1, 2005 at 12:07 PM. Notice was electronically mailed to all counsel of record on that date.  Plaintiffs have not provided any contrary evidence to support their contention that their response was received or docketed at an earlier time.
    Plaintiffs filed a motion for summary judgment on August 8, 2005. [Doc. #105].

This is not a recommended ruling.  This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 25th day of August 2005.

____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE