UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DONALD WAINRIGHT, ET AL., | : | |
| | : | CIVIL ACTION NO. |
| Plaintiffs; | : | 3:01-CV-02158 (WWE) |
| | : | |
| V. | : | |
| | : | |
| OSM COMMUNICATIONS, INC., | : | |
| ET AL; | : | |
| | : | September 9, 2005 |
| Defendants; | : | |

**DEFENDANTS OSM COMMUNICATIONS, INC. AND ROBERT E. POLANSKY'S LOCAL RULE 56(a)2 STATEMENT**

Defendants, OSM Communications, Inc. and Robert E. Polansky hereby submit a list of "Disputed Issues of Material Fact" as to which defendants contend there are genuine issues to be tried.

By way of preamble, defendants contend and the proof exchanged in discovery and on the parties' respective motions for summary judgment demonstrates that the facts are as follows:

1. The plaintiffs were employed in New York, performed their duties in New York and had their State and Local taxes paid in New York. Thus Connecticut statutes do not apply to their New York employment.

2. Plaintiff Donald Wainright signed an employment agreement with defendant OSM Communications that affirmatively states that his contract is governed

by the laws of the State of New York. Thus Connecticut statutes do not apply to his New York employment.

3. Under New York law for a person to answer for the debt of another such promise must be in writing. There being no such writing produced in discovery or admitted having existed in deposition testimony, the plaintiffs' claim of personal liability by the guarantees must be denied.

4. Plaintiffs admitted in deposition testimony to denying OSM Communications access to information contained on its computers by password protecting access to the computers and failing to provide the password information to OSM Communications.

### Disputed Issues of Material Fact

1. Defendant OSM Communications properly terminated the plaintiffs' employment thereby obviating any further payment obligation to plaintiffs.

2. Defendant Ann Polansky never had anything to do with defendant OSM Communications; she did not receive anything of value from OSM Communications and is not a proper party to the lawsuit.

3. Defendant Israel Polansky was nothing more than a passive investor, never signed a company check to pay a company bill and never made any oral promises guaranteeing the payment of the plaintiffs' salaries and thus is not a proper party to the lawsuit.

4.  Defendant Robert E. Polansky never made any oral promises guaranteeing the payment of the plaintiffs' salaries and thus is not a proper party to the lawsuit.

5.  Defendant Robert E. Polansky committed no act that overreached his authority as President of defendant OSM Communications thereby causing harm to come to plaintiffs which would permit them to pierce the corporate veil and attaché personal liability to defendant Robert E. Polansky thus he is not a proper party to the lawsuit.

        FOR THE DEFEDANTS
        OSM COMMUNICATIONS, INC.
        And ROBERT E. POLANSKY

By: _____
        Michael P. Goldsmith, Esq.
        38 West 21st Street – 5th Floor
        New York, NY 10010-6977
        Telephone: (212) 677-4441 ext.18
        Fed. Bar No. phv0219
        Attorney for Defendants
        OSM Communications, Inc. and
        Robert E. Polansky

4

CERTIFICATE OF SERVICE

This is to certify that on this 12th day of September 2005, a copy of the foregoing Local Rule 56(1) Statement was deposited in the United States mail, first-class, postage prepaid, addressed to:

| | |
|---|---|
| Robert E. Arnold, Esq. | J. Michael Sulzbach, Esq. |
| Law Offices of Robert E. Arnold, LLC | 385 Orange Street |
| 205 Church Street, Suite 310 | New Haven, CT  06511 |
| New Haven CT 06510-1805 | |

_____
Michael P. Goldsmith, Esq.