UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DONALD WAINRIGHT, ET AL., : | |
| : | |
| Plaintiffs, : | CIVIL ACTION NO. |
| : | 3:01-CV-02158 (WWE) |
| v. : | |
| : | |
| OSM COMMUNICATIONS, INC., ET AL., : | |
| : | |
| Defendants. : | SEPTEMBER 12, 2005 |

**LOCAL RULE 56(a)2 STATEMENT OF**
**DEFENDANTS ISRAEL H. POLANSKY AND ANNE POLANSKY**

**Preliminary Statement**

Local Rule 56(a)3 requires that each statement of material fact be followed by "a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial." Plaintiffs have failed to do this with respect to virtually all of the claimed facts and instead have made reference to copies of documents without supporting authentication or to purported testimony with no reference to the source of that testimony. In most instances, these defendants are without knowledge or information sufficient even to respond to plaintiffs' purported facts, but they will endeavor to admit what they know to be true.

1. Admitted.

2. Admitted.

3. Admitted.

4. Anne Polansky is without knowledge and Israel Polansky believes that LEDs were placed in retail stores.

5. Admitted that ISA went public.

6. These defendants are without knowledge as to the claimed fact or as to the source, accuracy, or authenticity of Exhibit B.

7. These defendants are without knowledge as to the source, accuracy, or authenticity of Exhibit B.

8. These defendants are without knowledge as to the source, accuracy, or authenticity of Exhibit B.

9. These defendants are without knowledge as to the claimed fact.

10. Admitted.

11. Admitted.

12. Admitted.

13. These defendants are without knowledge as to the claimed fact.

14. These defendants are without knowledge as to the claimed fact or as to the source, accuracy, or authenticity of Exhibit D.

15. These defendants are without knowledge as to the claimed fact or as to the source, accuracy, or authenticity of Exhibit D.

16. Israel Polansky believes that OSM did obtain a line of credit from Ameristar Capital Corporation and Anne Polansky has no knowledge as to this. These defendants are without knowledge as to the source, accuracy, or authenticity of Exhibit E.

17. These defendants are without knowledge as to the claimed fact or as to the source, accuracy, or authenticity of Exhibit F.

18. These defendants are without knowledge as to the claimed fact or as to the source, accuracy, or authenticity of Exhibit F.

19. These defendants are without knowledge as to the claimed fact or as to the source, accuracy, or authenticity of Exhibit G.

20. These defendants are without knowledge as to the claimed fact or as to the source, accuracy, or authenticity of Exhibit G.

21. Disputed as to these defendants. Further, these defendants have no knowledge as to the source, accuracy, or authenticity of Exhibit G. See Affidavit of Israel Polansky, paragraph 16.

22. These defendants are without knowledge as to the claimed fact or as to the source, accuracy, or authenticity of Exhibit H.

23. These defendants are without knowledge as to the claimed fact or as to the source, accuracy, or authenticity of Exhibit G.

24. These defendants are without knowledge as to the source, accuracy, or authenticity of Exhibit I.

25. These defendants are without knowledge as to the source, accuracy, or authenticity of Exhibit K.

26. These defendants are without knowledge as to the claimed fact.

27. Admitted by Israel Polansky. Anne Polansky has no knowledge as to the claimed fact.

28. These defendants are without knowledge as to the claimed fact or as to the source, accuracy, or authenticity of Exhibit I.

29. These defendants are without knowledge as to the source, accuracy, or authenticity of Exhibit I. This is a disputed fact, see Affidavit of Robert E. Polansky, paragraph 68.

30. These defendants are without knowledge as to the claimed fact or as to the source, accuracy, or authenticity of Exhibit I.

31. These defendants are without knowledge as to the claimed fact or as to the source, accuracy, or authenticity of Exhibit L.

32. These defendants have not been provided with a copy of Exhibit L and therefore are without knowledge as to the claimed fact.

33. These defendants have not been provided with a copy of Exhibit L and therefore are without knowledge as to the claimed fact.

34. It is admitted that Exhibit M is a copy of pages 67 through 69 of Robert Polansky's deposition.

35. The transcript speaks for itself.

36. This is a disputed fact. See Affidavit of Robert Polansky, paragraph 67.

37. These defendants are without knowledge as to the claimed fact or the source, accuracy, or authenticity of Exhibit N.

38. These defendants are without knowledge as to the claimed fact or the source, accuracy, or authenticity of Exhibit O.

39. These defendants are without knowledge as to the claimed fact.

40. These defendants admit that Exhibit M is an accurate copy of pages 68 through 69 of the deposition of Robert Polansky.

41. These defendants are without knowledge as to the claimed fact and have not seen "the records."

42. These defendants are without knowledge as to the claimed fact or the source, accuracy, or authenticity of Exhibit Q.

43. Israel Polansky is without knowledge as to the claimed fact or the source, accuracy, or authenticity of Exhibit R.

43. These defendants are without knowledge as to the claimed fact.

44. These defendants admit that Exhibit R shows home mortgage interest and points reported.

45. The claimed fact is admitted, but these defendants are without knowledge as to source, accuracy, or authenticity of Exhibit A.

46. This is not a material fact and Israel Polansky has complied with all discovery orders of this court.

47. The claimed fact is disputed. See Affidavit of Israel Polansky, paragraph 3.

48. The claimed fact is disputed. The claimed fact is not supported by Exhibit B and, further, these defendants are without knowledge as to the source, accuracy, or authenticity of Exhibit B.

49. These defendants do not understand the claimed fact and therefore cannot admit or deny it.

50. Anne Polansky is without knowledge as to the claimed fact or as to the source, accuracy, or authenticity of Exhibit B and Israel Polansky admits that he ended his board membership with ISA in 1991 but is without knowledge as to the source, accuracy, or authenticity of Exhibit B.

51. These defendants are without knowledge as to the claimed fact in that they do not know and no evidence is given as to the time of the selloff of the assets of ISA. They do admit that Israel and Robert Polansky created a company with the goal of attracting investment dollars to an advertisement business and that Robert Polansky was President/CEO and Israel Polansky was a Director.

52. The claimed fact is admitted.

53. These defendants are without knowledge as to the claimed fact in that they have no knowledge of the "bank records" referred to therein.

54. These defendants do not know what the term "these amounts" refers to and therefore are without knowledge as to the claimed fact.

55. The claimed fact is admitted insofar as it alleges that the plaintiff has not properly requested evidence of loan agreements and therefore has none. As to Exhibit S, a purported

transcript of a deposition of Israel Polansky, these defendants are without knowledge as the source, accuracy, or authenticity of the purported transcript. A video taped deposition of Israel Polansky was taken before a person who could not prove her authority as a notary and whom plaintiffs' counsel stated had performed paralegal work for him. The plaintiffs have since produced a purported video tape, but plaintiffs have failed to establish the chain of custody of that video tape or its authenticity, and that it has not been altered. Exhibit T would not be admissible at trial.

      57.    The claimed fact is disputed. See Affidavit of Israel Polansky.

      58.    The defendants are without knowledge as to the claimed fact or as to the source, accuracy, or authenticity of Exhibit F.

      59.    The claimed fact is disputed. Israel Polansky does not believe that he was ever a signatory on any corporate account of OSM. These defendants have never been provided a copy of Exhibit L and are therefore without knowledge as the source, accuracy, or authenticity of Exhibit L.

      60.    These defendants do not understand the claimed fact and so are without knowledge as to the claimed fact which is unsupported by reference to any evidence.

      61.    These defendants do not understand the claimed fact and so are without knowledge as to the claimed fact which is unsupported by reference to any evidence.

      62.    The defendants are without knowledge as to the first sentence of the claimed fact. As to the remaining claimed fact, these defendants are without knowledge as to the source,

accuracy, or authenticity of Exhibits A and U and are consequently without knowledge as to the claimed fact.

63. These defendants do not understand the materiality of the claimed fact and dispute, as set forth above, the admissibility of Exhibit T. The Affidavit of Robert E. Polansky, paragraph 77, establishes that, consistent with the Affidavit of Israel Polansky, Israel Polansky ceased funding the operations of OSM and advanced funds only for payment to attorneys who represented both Israel Polansky and OSM Communications.

Disputed Issues of Material Fact

For the reasons set forth in their Motion for Summary Judgment these defendants contend that there are no genuine issues to be tried as to them.

        THE DEFENDANTS
        ISRAEL H. POLANSKY and ANNE POLANSKY

By: _____
        J. Michael Sulzbach
        385 Orange Street
        New Haven, CT 06511
        Telephone: (203) 781-0880
        Fed. Bar No. ct00206
        Attorney for Defendants
        Israel H. Polansky and Anne Polansky

**CERTIFICATE OF SERVICE**

This is to certify that on this 12th day of September, 2005, a copy of the foregoing was deposited in the United States mails, first-class, postage prepaid, addressed to:

Robert E. Arnold, Esquire
205 Church Street, Suite 310
New Haven CT 06510

Karen E. Haley, Attorney at Law
419 Whalley Avenue, Suite 105
New Haven CT 06511

Michael P. Goldsmith, Esquire
38 West 21st St., 5th floor
New York NY 10010-6977

                                                                          _____
                                                                           J. Michael Sulzbach