UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DONALD WAINRIGHT, ET AL. | : | CIVIL ACTION NO. |
| *Plaintiffs* | : | 3:01 CV 02158 (WWE) |
| | : | |
| v. | : | |
| | : | |
| OSM COMMUNICATIONS, ET AL. | : | |
| *Defendants* | : | OCTOBER 25, 2005 |

## AFFIDAVIT OF DONALD WAINRIGHT

I Donald Wainright, of 30 Vista Drive, Easton, Connecticut 06612 being duly sworn do

hereby swear under the penalties of perjury:

1) I am over the age of eighteen and believe in the obligations of an oath.

2) I am a plaintiff in the above captioned action, which is pending in the United

    States District Court for the District of Connecticut.

3) On multiple occasions I was present when Israel Polansky would inform potential

    investors at meetings with those investors that he was personally funding OSM,

    that he would make sure that OSM's debts were paid, that he was the capital

    partner.

4) Before accepting the job with Robert Polansky at OSM, I was informed that OSM

    had a signed contract with NBC and that the company was properly capitalized.

    After I started at OSM I learned that there was no such contract.  Robert Polansky

    told me not to worry that his father Israel Polansky was committed to funding the

    company.

5) OSM landed a good contract with A&P Supermarkets shortly after I signed on with OSM.

6) Neither Deborah Russo-Williams nor myself were hired to raise money for OSM. Neither of us had any background or expertise in this area and was not expected to engage in such activities when hired.

7) Robert Polansky continued to make representations to me throughout my tenure at OSM that Israel Polansky would fund the obligations of OSM. I was informed by Robert Polansky not to worry about things so much.

8) The following people worked for OSM when I joined: Alan Jones, Jeff Mount, Lee York, Dan Giorgetti, and Deborah Russo.

9) The software used to communicate with OSM's electronic signs was installed and operational on a number of computers in OSM's New York office as well as at the backup systems stored in OSM's warehouse in Bridgeport, CT.  The software was also backed up on magnetic tapes stored in the CT warehouse.

10) Any copy of OSM's software I may have had in my possession was a duplicate of software installed on OSM's computers.

11) Documentation for operating OSM's software was in storage at the Bridgeport, CT warehouse.  Such documentation was readily available and known to Robert Polansky. New employees could have been trained using this documentation.

12)

13) OSM was unable to communicate with any signs because they were not hooked up by telephone.

14) There was no income being generated at the time I received Robert Polansky's termination letter.

15) I was personally present and witnessed conversations that included Israel and Robert Polansky when they attempted to solicit investors for the purposes of contributing venture capital to OSM.

16) Israel Polansky was aware of and participated and dominted conversations with Philip Morris and The Convenience Store Network for the purposes of purchasing or investing in OSM.

**Signed under penalties and pains of perjury, this \_\_\_\_ day of October 2005.**

_____/ S /_____
**Donald Wainright**

_____/ S /_____
**Robert E. Arnold, III, Esq.**
**Commissioner of Superior Court for**
**New Haven County, State of Connecticut**

3

<u>CERTIFICATION</u>

This is to certify that a true copy of the foregoing was sent via regular U.S. Mail,

postage prepaid, to the following counsel of record, on October 26, 2005:


Michael P. Goldsmith, Esq.
38 West 21st Street
New York, New York 10010-6977

J. Michael Sulzbach, Esq.
385 Orange Street
New Haven, CT 06511

/S/

_____
Robert E. Arnold, III