UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **DONALD WAINRIGHT, ET AL.** | : | **CIVIL ACTION NO.** |
| *Plaintiffs* | : | **3:01 CV 02158 (WWE)** |
| | : | |
| **v.** | : | |
| | : | |
| **OSM COMMUNICATIONS, ET AL.** | : | |
| *Defendants* | : | **OCTOBER 25, 2005** |

**PLAINTIFFS JOINT LOCAL RULE 56(a)2 STATEMENT**
**IN RESPONSE TO ISRAEL POLANSKY'S LOCAL RULE 56(a)1 STATEMENT**

**Preliminary Statement**

Local Rule 56(a)3 requires that each statement of material fact can be followed by "a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial." Israel Polansky have failed to do this with respect to virtually all of the claimed facts and instead have made reference to copies of documents without supporting authentication or to purported testimony with no reference to the source of that testimony. In most instances, the Plaintiffs are without knowledge or information sufficient to respond, but will endeavor to admit what they know to be true. Moreover, Plaintiffs remain at a distinct disadvantage because of the lack of compliance to OSM business records, personal bank accounts and his discontinuation of his deposition.

1. Admitted, except that Plaintiffs also claims fraud and other accounts in their complaint.

2. Admitted as to both.

3. Admitted

4. Plaintiff is unsure as to the exact age of Israel Polansky and asserts there is no relevance to repeated assertions as to this Defendant's age.

5. Plaintiff has insufficient information as to the claimed fact.

6. Admitted, except that Plaintiff also claims that that Defendant held himself out as the capital partner of OSM to investors (Affidavit Donald Wainright 10/25/2005).

7. This is a material fact that is in dispute. Israel Polansky started the company, funded the company, was copied on memorandums about employee decisions, met with employees about employee issues, was marketed as the chairman of the board to outside investors, met with investors and explained to them that he was the capital partner (Plaintiff's Motion for Summary Judgment, Plaintiffs Objection to Summary Judgment, Affidavit Donald Wainright October 2004, Affidavit Donald Wainright October 2005).

8. This is a material fact that is in dispute. Israel Polansky started the company, funded the company, was copied on memorandums about employee decisions, met with employees about employee issues, was marketed as the chairman of the board to outside investors, met with investors and explained to them that he was the capital partner (Plaintiff's Motion for Summary Judgment, Plaintiffs Objection to Summary Judgment, Affidavit Donald Wainright October 2004, Affidavit Donald Wainright October 2005).

9. This is a material fact that is in dispute. Israel Polansky was clearly listed as a signatory on the OSM account. Israel Polansky clearly had control over the OSM bank accounts. (See Exhibit   ).

10. This is a material fact that is in dispute. Israel Polansky was clearly listed as a signatory on the OSM account. Israel Polansky clearly had control over the OSM bank accounts. Israel Polansky deposition transcript demonstrates that he maintained an open-

loan with OSM to pay its debts whenever it "ran short." Israel personally guaranteed Deborah Russo-Williams salary in a meeting in June 1998 to convince her to stay at OSM. (See Exhibit  , Israel Polansky's Deposition  , Deposition of Deborah Russo-Williams  ).

11. Admitted except that the assets of personal property used in OSM's business were warehoused and maintained in Connecticut.

12. Plaintiff has no personal knowledge as to the living situation of Israel Polansky and asserts that his family structure, arrangements and living situations are without relevance to this matter.

13. This is an issue of disputed material fact.  Plaintiffs are unaware as to the capabilities of OSM to operate without Israel Polansky's alleged funding of the company.  OSM did have contracts with vendors such as A&P Supermarkets Inc.  According to Israel at his deposition he states that the company is still in existence and that he is not giving any more money to it.  Also, Robert Polansky explained that the death of his accountant has made it impossible for him to have complied with discovery for business records. (Israel Polansky Deposition  , Robert Polansky Deposition    ).

14. This is a disputed material fact.  Israel Polansky made certain that Donald Wainright was aware that Israel would fund the obligations of the company which included his salary.  (Deposition of Donald Wainright  , Deposition of Robert Polansky , Deposition of Israel Polasnky   ).

15. Admitted

16. Denied.  Deborah Russo-Williams has testified that Israel Polansky met with her in June 1998 to induce her to stay and then guaranteed her salary.  OSM bank records

show that in June 1998 Trump Air a shuttle service was paid for between Boston and New York. Moreover, records demonstrate that ATM withdrawals were made in both New York and Boston at that same day.

17. Denied. This is a dispute of material fact and has been raised sufficiently in Plaintiffs Motion for Summary Judgment and Plaintiff's Objection to Defendant's Motion for Summary Judgment.

18. Denied. This is a dispute of material fact and has been raised sufficiently in Plaintiffs Motion for Summary Judgment and Plaintiff's Objection to Defendant's Motion for Summary Judgment.

        THE PLAINTIFFS,
        DONALD WAINRIGHT, JANET WAINRIGHT
        and DEBORAH RUSSO-WILLIAMS

By:    / S /
_____
Robert E. Arnold, III, Esq.
205 Church Street Suite 310
New Haven, Connecticut 06510
(P)203-777- 3000
(F) 203-755-0036
Federal Bar No. 18093

## CERTIFICATION

This is to certify that a true copy of the foregoing was sent via regular U.S. Mail, postage prepaid, to the following counsel of record, on October 26, 2005:

Michael P. Goldsmith, Esq.
38 West 21st Street
New York, New York 10010-6977

J. Michael Sulzbach, Esq.
385 Orange Street
New Haven, CT 06511

/ S /
_____
Robert E. Arnold, III