**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **DONALD WAINRIGHT, ET AL.** | : | **CIVIL ACTION NO.** |
| *Plaintiffs* | : | **3:01 CV 02158 (WWE)** |
| | : | |
| **v.** | : | |
| | : | |
| **OSM COMMUNICATIONS, ET AL.** | : | |
| *Defendants* | : | **OCTOBER 25, 2005** |

**PLAINTIFFS JOINT LOCAL RULE 56(a)2**
**STATEMENT IN RESPONSE TO ROBERT POLANSKY'S**
**LOCAL RULE 56(a) 1 STATEMENT**

**Preliminary Statement**

Local Rule 56(a)3 requires that each statement of material fact can be followed by "a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial." Robert Polansky have failed to do this with respect to virtually all of the claimed facts and instead have made reference to copies of documents without supporting authentication or to purported testimony with no reference to the source of that testimony. In most instances, the Plaintiffs are without knowledge or information sufficient to respond, but will endeavor to admit what they know to be true. Moreover, Plaintiffs remain at a distinct disadvantage because of the lack of compliance to OSM business records, personal bank accounts and his discontinuation of his deposition.

1. Admitted as to the existence of the contract clause. There is an issue of complete dispute as to its enforceability and applicability owing to exceptions in the law and the facts of this case. These objections have been thoroughly briefed by Plaintiffs in their Objection to Defendants Summary Judgment. Motion.

2. Admitted, except that she did have documentation regarding the scope and conditions of her employment with OSM and their obligations to her as an employee.

3. Denied. Plaintiffs were wrongfully terminated after months of nonpayment of basic salary. The notion that they were discharged for cause is a material fact that is completely disputed and not supported by any documentation that is reliable or credible.

4. Admitted. Except that Donald Wainright did not leave OSM he was wrongfully terminated after months without receiving pay that he earned. Also Plaintiff objects that there was any harm to his not disclosing password to his personal computer station since all databases and software was on the server that was always accessible by the same password as was used since Valassis Inc had purchased the former ISA business. See deposition testimony of Donald Wainright Documents 124-7 pages 93 and 94.

5. Donald Wainright has admitted that it was entirely possible that he had copies or backup discs that he may have taken home during his years of work with OSM. Donald Wainright has never stated that he has removed any original articles of software from the company. Donald Wainright has testified that such software, its manuals and documentation were always readily available at OSM offices in New York and at Connecticut Warehouse. (Supplemental Wainright Affidavit).

6. Admitted except for the notion that this meant that OSM could not regain access to the systems such is a conclusion not proven or supported by expert testimony and not a statement of fact.

                                        THE PLAINTIFFS,
                                        DONALD WAINRIGHT, JANET WAINRIGHT
                                        and DEBORAH RUSSO-WILLIAMS

/ S /

By: _____
Robert E. Arnold, III, Esq.
205 Church Street Suite 310
New Haven, Connecticut 06510
(P)203-777- 3000
(F) 203-755-0036
Federal Bar No. 18093

## CERTIFICATION

This is to certify that a true copy of the foregoing was sent via regular U.S. Mail, postage prepaid, to the following counsel of record, on October 26, 2005:

Michael P. Goldsmith, Esq.
38 West 21st Street
New York, New York 10010-6977

J. Michael Sulzbach, Esq.
385 Orange Street
New Haven, CT 06511

/ S /
_____
Robert E. Arnold, III

3