UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DONALD WAINRIGHT, ET AL., | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NO. |
| | : | 3:01-CV-02158 (WWE) |
| v. | : | |
| | : | |
| OSM COMMUNICATIONS, INC., ET AL., | : | |
| | : | |
| Defendants. | : | OCTOBER 27, 2005 |

**MEMORANDUM OF DEFENDANTS ISRAEL H. POLANSKY AND ANNE POLANSKY IN SUPPORT OF THEIR MOTIONS PURSUANT TO LOCAL RULE 7(c) AND LOCAL RULE 7(b)3 WITH RESPECT TO THE DECISION OF THIS COURT GRANTING PLAINTIFFS' MOTION FOR EXTENSION OF TIME**

These defendants, Anne Polansky and Israel H. Polansky (who is 95 years old) have filed motions for summary judgment the response to which was due on or before September 29, 2005. Plaintiffs have now moved to file out of time a motion for enlargement and for an extension of time.

This is based on plaintiffs' counsel's claim that "plaintiffs' counsel inadvertently failed to properly file a motion for extension on September 29, 2005 despite the attempted filing with a disk on that same day by Attorney Michael Culkin, who works with Attorney Robert E. Arnold's office." Mr. Culkin has not filed an appearance in this matter and as set forth below there is good reason to conclude that no such attempt was ever made. Further, assertion, with nothing more does not meet the standards of excusable neglect set forth in plaintiffs' memorandum in support of their motion. In addition, the motion for extension of time itself fails to comply with Local Rule of Civil Procedure 7(b)2 which "requires a particularized showing that the time limitation

in question can not reasonably be met despite the diligence of the parties seeking the extension." It should be noted that defendants' pending motions for summary judgment are virtually the same as those on March 31, 2004. Plaintiffs have had a year and a half to prepare their responses.

Beyond Attorney Arnold's assertion of "the attempted filing with a disk," no facts are given which would support plaintiffs' motion for permission to file out of time a motion for enlargement of time or the motion for enlargement of time itself.

This flaunting of the orders of this Court is consistent with plaintiffs' counsels' behavior through out this case. The Rule 26 Scheduling Order entered in this matter on March 31, 2003 called for plaintiffs to have completed their discovery by the end of 2003. A month and a half after that deadline they moved for an extension of time to depose the defendants.

On March 31, 2004, these defendants filed motions for summary judgment which were substantially the same as those pending before the court now. Plaintiffs' responses were due at the end of April 2004. On April 23, 2004, they moved for an extension of time to respond. That motion was granted on April 27, 2004 extending the time for forty-five (45) days. On July 30, 2004, several weeks past the end of the granted extension, plaintiffs filed – but did not serve on the defendants – another motion for extension which was granted until September 7, 2004. September 7 came and went, and on October 12, 2004, plaintiffs filed a third motion for enlargement of time.

More recently, plaintiffs ignored the deadline of the court's order set forth at Document #101 giving plaintiffs ten (10) days to respond to certain discovery to be submitted by the defendants. The defendants submitted their discovery to the Court on June 22, 2005. Plaintiffs'

responses were thus due by July 5. The plaintiffs ignored the Court's order in at least two respects. First, plaintiffs' response was to "be supported by specific reference to the documents already turned over." [Doc. #99 at 3]. Plaintiffs' response made no such reference. Even more apropos to the matter before the Court now is the Court's observation in footnote 2 of the Follow-up Ruling on Plaintiffs' Motion to Compel [Doc. #109 at 2];

> Plaintiffs' submission was dated July 7, 2005; however, the motion was not docketed until July 28, 2005. [Doc. #100]. Defendants stated they did not receive anything from plaintiffs within the ten (1) period ordered by the Court. They contend that they received plaintiffs' response on August 2, 2005 by virtue of an CM-ECF e-mail from the Court. The Court's CM-ECF records indicate that plaintiffs' "response" was received from Robert E. Arnold III on July 28, 2005 and entered on August 1, 2005 at 12:07 PM. Notice was electronically mailed to all counsel of record on that date. Plaintiffs have not provided any contrary evidence to support their contention that their response was received or docketed at an earlier time.

In the matter before the Court now, plaintiffs' responses to defendants' motions for summary judgment were due by September 29, 2005 [see Docs. #126 and #127]. On October 24, 2005, these defendants received plaintiffs' motions for permission to file and for extension of time dated October 20, 2005. Significantly, counsel for these defendants has never received a copy of the September 29 motion for enlargement of time which plaintiffs' counsel claims Attorney Michael Culkin attempted to file with a disk. There is no more reason to believe that the September 29 motion existed or was subjected to an attempted filing any more than there was to believe plaintiffs' claims of a July 7 response which was in fact received by the Court on July 28. Had such a motion existed, defendants' counsel would have received a copy pursuant to Fed.R.Civ. 5(a) and Local Rule 5.

3

Neither plaintiffs' motion for permission to file nor plaintiffs' motion for enlargement of time should be granted. The motion for permission to file falls far short of the standards conceded by plaintiffs' in their memorandum in support of that motion. The motion for enlargement of time fails to comply with Local Rule 7(b)2 which requires "a particularized showing that the time limitation in question cannot be reasonably met in spite of the diligence of the parties seeking the extension." These defendants' motion for summary judgment has been, in essence, pending since March 31, 2004 and there has been no particularized showing why a response would not have been made as ordered.

        DEFENDANTS
        ISRAEL H. POLANSKY and ANNE POLANSKY

/s/_____
J. Michael Sulzbach   Fed Bar #ct00206
385 Orange Street
New Haven CT 06511
Telephone: (203) 781-0880
Fax: (203) 781-0861
E-mail: jms@sulzbachlaw.com
Attorney for Defendants
Israel H. Polansky and Anne Polansky

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DONALD WAINRIGHT, ET AL., | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NO. |
| | : | 3:01-CV-02158 (WWE) |
| v. | : | |
| | : | |
| OSM COMMUNICATIONS, INC., ET AL., | : | |
| | : | |
| Defendants. | : | OCTOBER 27, 2005 |

CERTIFICATE OF SERVICE

     I hereby certify that on October 27, 2005, a copy of foregoing Memorandum of Defendants Israel H. Polansky and Anne Polansky in Support of Their Motions Pursuant to Local Rule 7(c) and Local Rule 7(b)3 With Respect to the Decision of This Court Granting Plaintiffs' Motion for Extension of Time was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System. The parties served are as follows:

Counsel for plaintiffs Donald Wainright and Deborah Russo-Williams
Robert E. Arnold III, Esquire
205 Church Street, New Haven CT 06066
E-mail: arnoldlawfirm@msn.com

Counsel for defendants Robert E. Polansky and OSM Communications, Inc.
Michael P. Goldsmith, Esquire
38 W. 21st St., 5th floor, New York NY 10010-6977
E-mail: michael.p.goldsmith@verizon.net

                                            /s/_____
                                            J. Michael Sulzbach   Fed Bar #ct00206
                                            385 Orange Street
                                            New Haven CT 06511
                                            Telephone: (203) 781-0880
                                            Fax: (203) 781-0861
                                            E-mail: jms@sulzbachlaw.com