UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DONALD WAINRIGHT, ET AL., | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NO. |
| | : | 3:01-CV-02158 (WWE) |
| v. | : | |
| | : | |
| OSM COMMUNICATIONS, INC., ET AL., | : | |
| | : | |
| Defendants. | : | October 26, 2005 |

**MEMORANDUM IN SUPPORT OF MOTION
FOR RECONSIDERATION OF PLAINTIFFS' MOTION FOR
AN EXTENSION OF TIME AND ALTERNATIVELY TO SET ASIDE DECISION
FOR GOOD CAUSE SHOWN BY OF DEFENDANTS'**

Defendants received plaintiffs' motion for permission to file a motion for an extension of time on October 25, 2005. Immediately, defendants' attorney prepared an objection to the motion. On the morning of October 26, 2005, this attorney received an ECF communication indicating that the plaintiffs' motion for permission to file a motion for extension of time had been granted and that plaintiff's time to respond to defendants' summary judgment motion was extended to October 26, 2005. Defendants' seek reconsideration of the plaintiffs' motion and alternatively that the decision be set aside for good cause on the grounds that plaintiffs' attorney's repeated misconduct is at the heart of the instant motion and to grant the instant motion would be to allow misconduct to be rewarded.

Some history of plaintiffs' attorney's misconduct in this matter is relevant because plaintiffs' attorney has developed a habit of advising the court that something was done when in

fact it was not. The proof behind this statement lies in the fact that neither J. Michael Sulzbach, Esq. (the attorney for the other defendants) nor I ever received a copy of the papers in the incident described below or in the current situation. Let me start with the prior incident that took place before Magistrate Holly Fitzsimmons.

By virtue of an ECF email purportedly filed on July 28, 2005 and sent and received by me on August 2, 2005, I learned that the plaintiffs claimed to have filed a document with the court seeking further discovery. I learned this solely by virtue of the email communication and the date of the document entered as docket number 100 which recited the date of July 7, 2005 on its first page. It is a fact that prior to that date, I *never* received a copy of the document entitled "Plaintiffs' Responses" by mail, fax, or otherwise. It is also a fact that at the court's oral direction to plaintiffs' attorney I did receive a copy of the document many weeks later.

From the filing date on the email communication, it appeared to me that the Court did not receive the document until July 28, 2005. Certainly the court could have received it earlier and not provided counsel with notice of the filing but this does not seem reasonable or credible. Further, it was unclear who, if anyone, signed Plaintiffs' Responses since the Certificate of Service in the ECF document bore no signatures or executed Certificate of Service. I believe that the Certificate of Service was not executed because the papers were never served. At the time this lack of an executed Certificate of Service appeared to be a remarkable defect in the papers. Now it appears that it is emblematic of the way plaintiffs' attorney practices law before this court.

Per a prior order of Magistrate Holly Fitzsimmons, confirmed in a follow-up telephone conference in June, the court had already ruled on Plaintiffs' attorney's claims regarding open discovery issues. The court stated, in pertinent part, in its May 12, 2005 order:

> All of plaintiff's other discovery requests are otherwise denied. Any request for further information based on the receipt of this limited discovery must be supported by specific reference to the documents already turned over. The parties will copy the Court on any exchange of discovery or further requests for information.

The document filed by the plaintiffs' attorney on July 28, 2005 seeking additional discovery failed in all respects to comply with the court's order. Moreover, plaintiffs claimed a right to receive certain personal banking information. As the court stated in its May 12, 2005 order:

> At the hearing, counsel for OSM and Robert Polansky represented that his clients complied with the Court's order and produced the documents in their possession by FedEx delivery in January. Incredibly, counsel for plaintiffs had not reviewed the document production prior to the hearing and was unable to address the deficiencies of that production, if any. Unfortunately for plaintiffs, this was a missed opportunity.

Plaintiffs had an ample opportunity to complain if the documents produced were incomplete and plaintiffs' attorneys further request could not cure his firm's failure to review the documentation.

Thus after a telephone conference the court held on August 25, 2005 regarding plaintiffs' additional discovery requests, Magistrate Holly Fitzsimmons denied plaintiffs' requests for additional discovery and declared discovery closed. In so doing the court stated as follows:

> Plaintiffs' submission was dated July 7, 2005; however, the motion was not docketed until July 28, 2005. [Doc. #100]. Defendants stated they did not receive anything form plaintiffs within the ten (10) day period ordered by the Court. They contend that they received plaintiffs' response on August 2, 2005 by virtue of an CM-ECF e-mail from the Court. The Court's CM-ECF records indicate that plaintiffs' "response" was received from Robert E. Arnold, III on July 28, 2005 and entered on august 1, 2005 at 12:07 PM. Notice was electronically mailed to all counsel of record on that date. Plaintiffs have not provided any contrary evidence to support their contention that their response was received or docketed at an earlier time.

Defendants subsequently, served and filed their opposition to plaintiffs' motion for summary judgment and filed their own motions for summary judgment. As a result, plaintiffs' responses to defendants' motions were due to be filed and served by September 29, 2005.

Turning to the current incident, on or about September 28, 2005, I received a telephone message from a woman (I believe her name was Joanne) claiming to be calling on behalf of plaintiffs' attorney, Robert E. Arnold, III, Esq. and seeking consent to an extension of time to file plaintiffs' responses to defendants' motions for summary judgment. I returned the telephone call and spoke with the person who called me, as Mr. Arnold was not in the office even though his responses were due the following day. Although this is not my nature I gave the same response that Mr. Arnold gave me when I asked him for the courtesy of additional time to serve and file defendants' responses to plaintiffs' summary judgment motions, I said no. I am advised that J. Michael Sulzbach, Esq. gave Mr. Arnold's office the same response. I fully expected a motion for an extension of time to follow but one was never received and no ECF communication indicating that one was filed was received by me from the Clerk of the court.

On Monday October 17, 2005, having received nothing electronically from the court or Mr. Arnold, Mr. Sulzbach and I called the court to find out if oral argument would be required and when a decision might be issued, as one of the defendants in this matter is 94 years of age. We both understood that the matter was fully briefed and that a decision would be issued in 3-4 months. On October 25, 2005, I received plaintiffs' current motion and further as I was in the process of preparing papers urging the court to reject it in the strongest possible terms I learned through ECF communication that the motion had been granted. I called the court and spoke to one of the clerks to seek clarification. I was told that motions of the kind made by plaintiff are

routinely granted. I respectfully urge that there is nothing routine or ordinary about the circumstances in which plaintiff's attorney has made his motion for an enlargement of time.

In support of the motion plaintiffs' attorney claimed the following:

(a) That he inadvertently failed to file a proper motion for an extension of time on September 29, 2005;

(b) That he was operating under the mistaken belief that he had until October 26th to respond to defendants' motions for summary judgment; and

(c) When he became aware of the error he immediately filed the instant motion.

Not a single one of these statements can be deemed to be credible and thus forms the basis for setting aside the court's decision for good cause.

As to the first statement even if counsel did try to file the motion on September 29, 2005, it was incumbent upon Mr. Arnold to attach as an exhibit a copy of those motion papers to the instant motion as proof of his good faith intent. This particular exhibit is not forthcoming because it does not exist. The proof of this fact is once again found in the fact that even if it was prepared (of which there is no tangible proof) it was never served upon Mr. Sulzbach or me. Without a Certificate of Service a motion is defective and even if filed, it is as if it had never been made. There was no Certificate of Service because quite simply there was no service. Consequently there is no good faith demonstration that plaintiffs' attorney was operating under the belief that he inadvertently failed to file a proper motion.

As to the second statement, since plaintiff's attorney did not receive an order or decision of the court extending his time to respond to the defendants' summary judgment motions, I am left to surmise that plaintiffs' attorney had to have made an ex parte communication with the

court to operate under the mistaken belief that plaintiffs' responses were due by October 26, 2005. Short of that, his claim of mistaken belief is made up out of whole cloth. I believe that plaintiffs' attorney's claim of mistaken belief has been completely fabricated. The proof of this comment is found in the date he picked for his papers to be due.

The date plaintiffs' attorney picked for plaintiffs' responses are 27 days after the date they were actually due. This is a peculiar date as courts and statues generally give guidance in terms of full weeks not an odd number of days. It is probably derived from Mr. Arnold's mistaken belief that September has 31 days thus giving him four (4) additional weeks (28 days) to respond. One can only conclude that Mr. Arnold's claim that he was under the mistaken presumption that his responses were due 27 days after the original date without any communication from the court is fanciful at best and cannot under any circumstances be construed as a good faith basis to avoid meeting a time requirement.

Finally Mr. Arnold claims that he did not become aware of the error until October 19, 2005. This too is not credible. The Clerk of the Court transmits email communication to all parties of a notice of a motion for an extension of time within days of the actual filing. I received no such notice leaving me to only one undeniable conclusion - that it was never filed. More significantly, Mr. Arnold would have received the exact same electronic notice from the Clerk of the Court within days and the absence of such notice would have been a substantial clue that the motion was never filed and that Mr. Arnold did not have 27 additional days to respond to the defendants' motions for summary judgment.

Law office failure alone is not a sufficient basis to grant the within relief. It is particularly egregious when the claim of law office failure cannot be supported by any documented fact. Under no circumstances can plaintiffs' attorney reasonably claim that he has

demonstrated to this court excusable neglect. This is particularly so when the claims of law office failure contain not one shred of credibility. Additionally, plaintiff cannot demonstrate that it could not respond to defendants' summary judgment motions in a timely manner.

I do not quarrel with the court's preference to grant such motions for extensions of time when requested. But I cannot sit idly by when the reasons submitted in support of the motion by plaintiffs' attorney are not reasonable or credible. They are simply consistent with a pattern of ignoring court orders to gain additional time to complete tasks that do not require extra time to complete.

Lastly, as a further indication of plaintiffs' attorney's continual neglect of proper process the Certificate of Service attached to the Memorandum of Law in Support of Plaintiff's Motion for Enlargement of Time to Object to Defendants' Motion for Summary Judgment is dated October 30, 2005, a date, at the time the motion was made had not yet passed.

> DEFENDANTS
> OSM COMMUNCIATIONS, INC.
> ROBERT E. POLANSKY
>
> By: _____
> Michael P. Goldsmith
> 38 West 21st Street – 5th Floor
> New York, NY 10010-6977
> Telephone: (212) 677-4441 ext.18
> Fed. Bar No. phv0219
> Attorney for Defendants
> OSM Communications, Inc. and
> Robert E. Polansky
> michael.p.goldsmith@verizon.net

## CERTIFICATE OF SERVICE

This is to certify that on this 3rd day of November 2005, a copy of the foregoing motion was transmitted electronically to:

| | |
|---|---|
| Robert E. Arnold, Esq.<br>Law Offices of Robert E. Arnold, LLC<br>205 Church Street, Suite 310<br>New Haven CT 06510-1805<br>arnoldlawfirm@msn.com | J. Michael Sulzbach, Esq.<br>385 Orange Street<br>New Haven, CT  06511<br>jms@sulzbachlaw.com |

_____
Michael P. Goldsmith, Esq.