UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DONALD WAINRIGHT, et al., | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NO. |
| | : | 3:01-CV-02158 (WWE) |
| v. | : | |
| | : | |
| OSM COMMUNICATIONS, INC., et al., | : | |
| | : | |
| Defendants. | : | NOVEMBER 29, 2005 |

**REPLY OF DEFENDANTS ISRAEL H. POLANSKY AND ANNE POLANSKY TO PLAINTIFFS' JOINT MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

Defendants Israel H. Polansky and Anne. Polansky have moved for summary judgment on all counts and have supported their motion with affidavits made on personal knowledge setting forth such facts as would be admissible in evidence in accordance with Rule 56(e), Fed.R.Civ.Pro. These defendants also submitted various written materials, with foundation as necessary, in their appendix. These defendants demonstrated that they lack the control and domination over OSM prerequisite to the alter ego and instrumentality claims of the first and second causes of action. Defendant Israel Polansky demonstrated that there were no communications between him and any of the plaintiffs in connection with their initial employment with OSM and therefore there was no basis for the guarantee claims asserted in the third and fourth causes of action. Further, he established that the guarantee claims are barred by the statute of frauds. He also established that since he had no communications at all with Mrs. Wainwright and communications with Mr. Wainwright limited to Mr. Polansky's dismay at

continuing to fund OSM, it was impossible for Mr. Polansky to have made the guarantees asserted in the fifth cause of action.

In response, the plaintiffs have filed affidavits setting forth conclusions without supporting facts and have made reference to documents which in virtually all cases lack any foundation for admissibility and in all cases fail to establish facts which would support any of plaintiffs' claims.  Attached to this memorandum is a schedule of all of plaintiffs' "exhibits" setting forth their lack of foundation, authentication, and support of any claim.

It should also be noted that plaintiffs make reference to a purported transcript of a deposition of Israel Polansky.  Although that document contains nothing which supports plaintiffs' claims, the fact remains that there was no court reporter at the deposition of Israel Polansky, and it was not taken in accordance with Rule 30, Fed.R.Civ.Pro. in that, *inter alia*, the video photographer before whom the deposition was taken was unable to establish that she was an officer authorized to administer oaths.  At a hearing before Judge Fitzsimmons, plaintiffs' counsel represented that the video photographer had been a paralegal in his office.  Plaintiffs' counsel has represented that the video photographer has, sadly, passed away and that he has, somehow, come into possession of what is claimed to be a videotape of that deposition.  The chain of custody of that videotape is a mystery, and defendants have not had the opportunity to view it and cannot vouch for its accuracy, authenticity, or existence.  The genesis of the "transcript" is unknown to these defendants.

## STATUTE OF FRAUDS ISSUES

In their joint memorandum, the plaintiffs assert that the statute of frauds which would otherwise bar the alleged guarantee of Deborah Russo-Williams' salary by Israel Polansky does not do so because of the application of the doctrine of part performance. Plaintiffs claim that Connecticut law controls here, although, for the reasons set forth in defendants' memorandum in support of their motions for summary judgment (Doc. 128), New York law should control. Nonetheless, defendants will address Connecticut law first.

### CONNECTICUT LAW

It is assumed that the part performance referred to by the plaintiff Deborah Russo-Williams is her remaining in the employment of OSM for a year and a half after her alleged conversation with Israel Polansky. The judicially created doctrine of estoppel to bar assertion of the statute of frauds through the demonstration of acts of partial performance that establish the terms of the alleged contract is analyzed at length in *Glazer v. Dress Barn*, 274 Conn. 33, 59-71 (2005). There are three elements to avoiding the statute of frauds on the basis of partial performance: (1) statements, acts, or omissions that led to actual detrimental reliance; (2) knowledge or assent to the party's actions in reliance on the alleged contract; and (3) acts that unmistakably point to a contract such that they are "explainable upon no other theory." *Id.* at 67.

If the acts alleged to constitute partial performance are reasonably explicable on some other ground, those acts are insufficient evidence of part performance to remove the agreement from the statute of frauds. In fact, set forth at page 17 of the joint memorandum of these

defendants (Doc. 128) are series of facts which clearly explain Ms. Russo-Williams continuing employment without regard at all to the alleged guarantee.

Likewise in *Bonbur v. Industry Rigors,* 1997 CONN. Super. LEXIS 3524 the court could not conclude that

> "continued employment" or "remaining a dedicated employee" is part performance that would be sufficient to overcome the provisions of the statute of frauds. The plaintiff has failed to allege conduct that "cannot 'in the ordinary course of human conduct, be accounted for in any other manner as having been done in pursuance of a contract'" [*Id.* at 8 HN 11, internal citations omitted].

The plaintiffs also assert that under Connecticut law "the statute of frauds will not serve as an engine of fraud." While this may be true, there are no facts set forth by qualified testimony or exhibits which would be admissible which support a claim that Israel Polansky defrauded Ms. Russo-Williams or the other plaintiffs.

## NEW YORK LAW

As to New York law, while part performance may be an element of an exception to the statute of frauds, it takes more than performance of a series of acts and the allegation that those acts were performed pursuant to a contract. Those additional requirements were set forth at page 18 of these defendants' memorandum in support of their motion for summary judgment and have recently been set forth by the court in *Carey & Associates v. Ernst*, 205 NY Slip Op 07614 (1st Dept., October 18, 2005) where the Appellate Division considered partial performance of a claimed oral guarantee:

> However, under a long-standing exception to the statute, the promise need not be in writing if it is (1) supported by new consideration moving to the promisor and beneficial to him and, (2) the promisor has become in the intention of the parties a

> principal debtor primarily liable thereon (*Martin Roofing v. Goldstein*, 60 NY2d 262, 265 (1983), *cert denied* 466 US 905 [1984]; *Concordia Gen. Contr. V. Peltz*, 11 AD3d 502, 504 [2004]).
>
> The proponent of the oral agreement has the burden or producing evidence showing consideration moving to the promisor … and that it was the intention of the parties that [the promisor] was to become primarily liable.

A copy of this opinion is annexed hereto. Here, the plaintiffs have set forth no facts showing new consideration moving to Israel Polansky and, as set forth at page 18 of these defendants' Memorandum (Doc. 128), until bringing this lawsuit Ms. Russo-Williams looked only to OSM for payment. It should also be noted that as set forth in Deborah Russo-Williams' affidavit of October 30, 2004, (Doc. 70, Exhibit 5) paragraph 13, Ms. Russo-Williams entered into a "Second Employment Agreement with OSM" a copy of which agreement was annexed to that affidavit as Exhibit B and which made no mention whatsoever of Israel Polansky or any liability on his part. This is hardly an indication of the intention of the parties that Israel Polansky was to become primarily liable.

Although the alleged guarantee is barred by the statute of frauds as set forth above, defendants do concede that because the alleged agreement could be performed within one year it is not subject to that particular aspect of the Connecticut and New York statutes of frauds.

## CONCLUSION

The plaintiffs have no causes of action against these defendants, and accordingly, their motions for summary judgment should be granted.

>                               DEFENDANTS ISRAEL H. POLANSKY
>                               and ANNE POLANSKY
>
>
>                               /s/_____
>                               J. Michael Sulzbach    Fed Bar #ct00206
>                               385 Orange Street
>                               New Haven CT 06511
>                               Telephone: (203) 781-0880
>                               Fax: (203) 781-0861
>                               E-mail: jms@sulzbachlaw.com
>                               Attorney for Defendants
>                               Israel H. Polansky and Anne Polansky

**CERTIFICATE OF SERVICE**

I hereby certify that on November 29, 2005, a copy of foregoing **Reply of Defendants Israel H. Polansky and Anne Polansky to Plaintiffs' Joint Memorandum of Law in Opposition to Defendants' Motions for Summary Judgment, Table of Exhibits to Plaintiffs' Motions for Summary Judgment, Doc. 105, Table of Exhibits to Plaintiffs' Joint Memorandum in Opposition to Defendants' Motion for Summary Judgment, Doc. 135, and 2005 NY Slip OP 07614** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.  The parties served are as follows:

Counsel for plaintiffs Donald Wainright and Deborah Russo-Williams
Robert E. Arnold III, Esquire
205 Church Street, New Haven CT 06066
E-mail: arnoldlawfirm@msn.com

Counsel for defendants Robert E. Polansky and OSM Communications, Inc.
Michael P. Goldsmith, Esquire
38 W. 21st St., 5th floor, New York NY 10010-6977
E-mail: michael.p.goldsmith@verizon.net

/s/_____
J. Michael Sulzbach    Fed Bar #ct00206
385 Orange Street
New Haven CT 06511
Telephone:  (203) 781-0880
Fax: (203) 781-0861
E-mail: jms@sulzbachlaw.com