2005 NY Slip Op 07614

Decided on October 18, 2005
Friedman, J.P., Nardelli, Williams, Gonzalez, Sweeny, JJ.
6296 Index 604000/98

[*1]Carey & Associates, Plaintiff-Appellant,

v

Rudi Ernst, Jr., Defendant-Respondent, Rudolf Johann Othmar Ernst, et al., Defendants.

Carey & Associates LLC, New York (Michael Q. Carey of counsel), for appellant.
Koerner Silberberg & Weiner, LLP, New York (Joseph L. Fox of counsel), for respondent.

  Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about March 26, 2004, which, to the extent appealed from as limited by the briefs, granted defendants' cross motion to the extent of dismissing the fourth cause of action against defendant Rudi Ernst, Jr., unanimously reversed, on the law, without costs, the cross motion denied, the fourth cause of action reinstated and the matter remanded for further proceedings.

  In December 1997, plaintiff law firm was retained by defendants Rudolf and Angelika Ernst (the Ernsts) to represent Rudolf in an extradition proceeding brought by the Swiss government. The matter was litigated in United States District Court for the Southern District of New York. The retainer agreement was signed by the Ernsts, obligating both of them to pay plaintiff's fees. The agreement also was signed by the Ernsts' son, Rudi, Jr., as "Depositor," to reflect Rudi, Jr.'s deposit of $50,000 into an advance account on his parents' behalf. The retainer agreement authorized the firm to draw on that

advance account to cover any unpaid legal bills, and further authorized it to seek to withdraw as counsel if its bills were not paid.

In June 1998, the Ernsts stopped paying the firm's bills. The firm contacted Rudi, Jr., who earned a substantial salary as an ABC television executive, and asked for payment. According to the firm's principal, Michael Carey, Esq., Rudi, Jr. was told that if payment on the outstanding bills was not forthcoming, the firm would move to withdraw as counsel for Rudolf. Carey states that Rudi, Jr. responded that he wanted the firm to continue as counsel until after Rudolf's extradition hearing and that he would obtain the necessary funds by mortgaging a property he owned in Virginia. Rudi, Jr. admits that the firm asked him to pay the bills, but denies that he promised to pay them.

The firm represented Rudolf for approximately two more months, until either the extradition occurred or the firm's motion to withdraw was granted. At that time, the Ernsts had paid the firm $154,765.64 of the $227,039.78 billed under the agreement. Angelika testified at deposition that she and her husband failed to pay the balance owing because they "ran out of money." [*2]

The firm commenced the instant action for breach of the retainer agreement, seeking the unpaid balance plus collection costs. The first three causes of action sought recovery from the Ernsts on theories of breach of contract, quantum meruit and account stated. The fourth cause of action alleged that Rudi, Jr. breached his oral promise to Carey to pay the sums due under the retainer agreement. Defendants submitted a single answer denying any liability under the agreement and counterclaimed for breach of fiduciary duty and fraud with respect to the quality of the firm's representation.

The firm moved for summary judgment and dismissal of the defenses and counterclaims and defendants opposed and cross-moved to dismiss the quantum meruit (second) and oral promise (fourth) causes of action. Supreme Court granted the firm summary judgment on its first and third causes of action, but granted defendant's cross motion to the extent of dismissing the fourth cause of action against Rudi, Jr., finding his oral promise to pay his parents' debt unenforceable under the statute of frauds.

On appeal, the firm argues that because Rudi, Jr. made an independent promise to pay his parents' debt with the intent that he become primarily liable, the oral promise is enforceable under a recognized exception to the statute of frauds. We disagree. An oral promise to guarantee the debt of another is unenforceable pursuant to General Obligations Law § 5-701 (a)(2). However, under a long-standing exception to the statute, the promise need not be in writing if it is (1) supported by new consideration moving to the promisor and beneficial to him and, (2) the promisor has become in the intention of the parties a principal debtor primarily liable thereon (*Martin Roofing v Goldstein*, 60 NY2d 262, 265 [1983], *cert denied* 466 US 905 [1984]; *Concordia Gen. Contr. v Peltz*, 11 AD3d 502, 504 [2004]).

The proponent of the oral agreement has the burden of producing evidence showing consideration moving to the promisor, here Rudi, Jr., and that it was the intention of the parties that Rudi, Jr. was to become primarily liable. The firm has failed on both counts. Although the firm identifies its continued representation of Rudolf as the new consideration flowing to Rudi, Jr., that continued representation only benefitted Rudolf directly since he was the only one receiving legal services. Rudi, Jr. obtained no direct benefit from that

3

representation other than his peace of mind that his father would not be without representation.

Courts have generally required that the new consideration be both tangible and directly beneficial to the promisor in order to satisfy this exception (*see Martin Roofing,* 60 NY2d at 266-267 [oral promise by former corporate officer to pay contractor for services provided to corporation not enforceable where benefit flowed only to corporation, not promisor personally]; *Gibbs v Holden*, 137 Misc 480, 483 [1930] [oral promise by father to pay plaintiff his damages if plaintiff would not prosecute son civilly or criminally unenforceable where not beneficial to father]; *Rosenman & Colin v Sandler*, 2002 US Dist LEXIS 900 [SD NY 2002] [oral promise to pay legal fees owed by partnership not enforceable where only indirect benefit to promisor in form of firm's continued representation of partnership in bankruptcy proceeding]).

Nor did the firm produce evidence that the parties intended that Rudi, Jr. would become primarily liable, as opposed to acting as a surety for his parents' default. Although it is undisputed that the Ernsts did not have the funds to pay the firm's bills and that Rudi, Jr. paid many of them, such had been the case from the very beginning when Rudi, Jr. made the initial $50,000 deposit. Thus, contrary to the firm's suggestion, the
Ernsts' inability to pay in June 1998 does not constitute evidence of a new agreement to make [*3]Rudi, Jr. primarily liable. Indeed, according to the agreement itself, the Ernsts' primary liability remained even if the bills were paid by someone else.

A reversal is required, however, on the basis of the part performance exception to the statute of frauds. An oral agreement may be enforceable despite the lack of writing where a plaintiff's part performance is

"unequivocally referable" to that oral agreement (*Anostario v Vicinanzo*, 59 NY2d 662, 664 [1983]). Here, the firm's continued representation of Rudolf after informing Rudi, Jr. that it would seek to withdraw if its bills were not paid raises an issue of fact as to whether such partial performance was unequivocally referable to the oral agreement.

Significantly, Rudi, Jr. admits that the firm threatened to withdraw unless the fees were paid and that the firm asked for his personal guarantee. Further, when Rudi, Jr. was asked at deposition what he told Carey to persuade him to continue the firm's representation, he evasively responded that he could not recall. In this context, the firm's decision to continue representation, as opposed to withdrawing, raises an inference that Rudi, Jr. provided some form of assurance of payment. While Rudi, Jr. denies that he provided such assurance, the firm has offered sufficient evidence to raise a triable issue of fact as to whether its part performance removed the oral agreement from the statute of frauds (*see Spirt v Spirt*, 209 AD2d 688, 689 [1994] [plaintiff stated sufficient facts to raise a triable issue as to whether his part performance was unequivocally referable to defendant's oral agreement to convey a life interest in real property; *Spodek v Riskin*, 150 AD2d 358, 360 [1989] [documentary evidence of an oral venture agreement raised issue of fact as to whether plaintiff's actions constitute part performance]). Accordingly, the dismissal against Rudi, Jr. should be vacated and the fourth cause of action reinstated.

In light of the foregoing, it is unnecessary for us to consider the firm's additional arguments, including that a June 22, 1998 letter constitutes a writing sufficient to satisfy the statute of frauds.

We reject Rudi, Jr.'s argument that the alleged oral agreement violated Code of Professional Responsibility DR 5-107 (22 NYCRR 1200.26), which

prohibits an attorney from accepting payment of fees from a person other than the client absent prior disclosure and consent of the client. The facts at bar, including the retainer agreement itself, overwhelmingly demonstrate that Rudi, Jr.'s payments were with his parents' consent.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: OCTOBER 18, 2005

**CLERK**