UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DONALD WAINRIGHT, et al., | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NO. |
| | : | 3:01-CV-02158 (WWE) |
| v. | : | |
| | : | |
| OSM COMMUNICATIONS, INC., et al., | : | |
| | : | |
| Defendants. | : | JANUARY 5, 2006 |

**RESPONSE OF DEFENDANTS ISRAEL H. POLANSKY AND ANNE POLANSKY
TO PLAINTIFF'S JOINT MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

Although plaintiffs filed a memorandum in opposition to the motion for summary judgment of these defendants on October 26, 2005 (Doc. 135) to which these defendants responded in accordance with the Local Rules of Civil Procedure, plaintiffs have filed another "Memorandum of Law in Opposition to Defendants' Motions for Summary Judgment" on December 12, 2005 (Doc. 150). This new memorandum of plaintiffs is not authorized by the Local Rules and leave to file it has neither been sought nor granted. The new memorandum and its exhibits should not be considered by the court.

However, if the court is going to give any consideration to the new memorandum, these defendants respectfully request that the court consider the following. The motions for summary judgment of these defendants were supported by affidavits made on personal knowledge setting forth facts which would be admissible in evidence in accordance with Rule 56(e) Fed.R.Civ.P. Those affidavits and materials demonstrated that OSM was not the "alter ego and mere

instrumentality" of these defendants, and so neither Israel H. Polansky nor Anne Polansky had any liability under plaintiffs' breach of contract and failure to pay wages claims. Those materials likewise demonstrated that Israel H. Polansky did not guaranty the payment of OSM's obligations to plaintiffs Wainright and Williams and did not make any representations to any plaintiff.  Plaintiffs' initial opposition to defendants' motions failed to set forth facts which would be admissible in evidence to controvert defendants' motion.  All of this was set forth in detail in these defendants' reply (Doc. 149).  Thereafter, plaintiffs filed the new memorandum in opposition (Doc. 150) supplying "new facts" (Doc. 150 pp. 2 and 3).

Assuming, *arguendo*, that the alleged transcript of the deposition of Israel H. Polansky is accurate and admissible and that the other "new facts" are true, plaintiffs have still failed to meet their burden to produce such facts as would be admissible in evidence to provide a foundation for any of their claims against these defendants.  That Israel H. Polansky loaned money to OSM (even in 2004) and that his loans funded the operations of OSM do not make him different from a myriad of like investors and certainly do not support allegations of "alter ego and mere instrumentality."  That Donald Wainright was aware that Israel Polansky was the primary investor in OSM Communications does not even suggest that Israel Polansky represented anything to him or guaranteed anything to him.

Likewise, receipt of a copy of a company memorandum concerning the salary of one of the company's few employees does not make the company the alter ego and mere instrumentality of the recipient.

As to Anne Polansky, the existence of joint tax returns showing nominal income for the years 1996, 1997 and 1999 and a residence address at 69th Street in Manhattan does not compel or even support a conclusion that OSM was her alter ego and mere instrumentality or that money was drained from OSM and property was purchased through and placed in Anne Polansky's name to shield assets from OSM's creditors.

The situation here remains the same as it always has been. The plaintiffs have made conclusory allegations which might support causes of action against these defendants, but plaintiffs have failed to supply facts in support of any of those allegations.

                                  DEFENDANTS ISRAEL H. POLANSKY
                                  AND ANNE POLANSKY

/s/_____
J. Michael Sulzbach      Fed Bar ct00206
385 Orange Street
New Haven CT 06511
Tel.: (203) 781-0880
Fax: (203) 781-0861
Email: jms@sulzbachlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on January 5, 2006, a copy of the foregoing **Response of Defendants Israel H. Polansky and Anne Polansky to Plaintiffs' Joint Memorandum of Law in Opposition to Defendants' Motions for Summary Judgment** was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System. The parties served are as follows:

<u>Counsel for plaintiffs Donald Wainright and Deborah Russo-Williams</u>
Robert E. Arnold III, Esquire
205 Church Street, New Haven CT 06066
E-mail: arnoldlawfirm@msn.com

<u>Counsel for defendants Robert E. Polansky and OSM Communications, Inc.</u>
Michael P. Goldsmith, Esquire
38 W. 21st St., 5th floor, New York NY 10010-6977
E-mail: michael.p.goldsmith@verizon.net

 

/s/_____
J. Michael Sulzbach    Fed Bar #ct00206
385 Orange Street
New Haven CT 06511
Telephone: (203) 781-0880
Fax: (203) 781-0861
E-mail: jms@sulzbachlaw.com