UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DONALD WAINRIGHT, ET AL., | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NO. |
| | : | 3:01-CV-02158 (WWE) |
| v. | : | |
| | : | |
| OSM COMMUNICATIONS, INC., ET AL., | : | |
| | : | |
| Defendants. | : | January 5, 2006 |

### JOINT MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS OSM COMMUNICATIONS, INC. AND ROBERT E. POLANSKY

Plaintiff's most recent submission to the court, submitted without leave of the court, cites no reference to an indisputable fact or evidentiary testimony or admissible document that would entitle plaintiffs to summary judgment or to defeat defendants' motion for summary judgment. As stated throughout the prior and numerous submissions to this court, the plaintiffs seek to recover unpaid wages, bonus and benefits from the defendants. They allege that they were fraudulently induced to accept employment with defendant OSM Communications based on representations made to them by defendants Robert Polansky and Israel Polansky. The plaintiffs further allege that the individual defendants purposely kept OSM Communications undercapitalized to reap personal benefits and shield themselves from liability for personal obligations. There is no admissible evidentiary proof of any of these claims.

The undisputed facts, supported by admissible documentary evidence are:

(1)     Defendant OSM was set up in 1996 to restage a business previously undertaken by Valassis Communication that had been closed down and was no longer operating. Valassis

had a network of LED signs hanging in supermarkets. OSM purchased the assets of that company in an effort to sell advertising on the existing sign network.

(2) Defendant OSM's objective was to raise money to restage the business. It required millions of dollars to accomplish this result.

(3) OSM hired two former employees of Valassis, plaintiff Debbie Russo-Williams, who was hired on an at-will basis to perform programming and administration services and plaintiff Donald Wainright, who was hired through the execution of a contract to perform operations services as well as software/hardware development.

(4) Both plaintiffs were former employees of a company that defendant Robert Polansky ran and well knew all there was to know about Mr. Polansky and his proposed effort to re-stage the Valassis business through defendant OSM Communications.

(5) Defendant OSM was funded primarily by defendant Israel Polansky. At the beginning of the venture he was 86 years old and is 95 years old today.

(6) Defendant Israel Polansky's sole role was that of passive investor. He was never an officer of the company. He never signed a company check. He acted no differently than any other person who invests money in a start up venture.

(7) Defendant Israel Polansky's trips to New York were infrequent and he had no formal contact with either of the plaintiffs Donald Wainright or Debbie Russo-Williams.

(8) Defendant OSM did business from 1996 to 2000 at which point the venture was abandoned due to the fact that funding was not forthcoming to restage the business.

(9) Defendant Israel Polansky decided, as was his sole right, that he could no longer continue to invest beyond the $1,400,000 he had provided without any real prospects of outside investors.

(10) The Company paid plaintiffs Donald Wainright and Debbie Russo-Williams over $700,000 in salary and other compensation.

Defendant OSM is unfortunate story of a company with potential that failed because of its inability to do sufficient business and to raise the funds needed to finance the reintroduction of the LED sign network to the supermarkets. Despite this failure, plaintiffs Russo-Williams and Wainright, recognizing that defendant OSM Communications was a failed company without assets greedily seek to breach the corporate veil claiming that defendants Israel Polansky and Robert Polansky who tried to restage the company and suffered real losses owe them funds other than the $700,000 plus paid to them from 1996-2000. There is not one shred of admissible documentary evidence submitted to this court proving that defendant OSM Communications did not maintain proper corporate documents or that it failed to adhere to proper corporate guidelines.

These same plaintiffs admitted in deposition testimony that they password protected their computers and failed to share this information with defendant OSM Communications when they left and failed to return to work. This is a fact repeatedly admitted in the plaintiffs' deposition testimony. As a further manifestation of their greed, these two employees have joined defendant Robert Polansky's wife, defendant Ann Polansky, in this action. Again, there is not one shred of admissible evidence demonstrating that defendant Ann Polansky personally received anything of value from defendant OSM Communication.

There is not one legal theory or shred of admissible evidence that permits plaintiff Janet Wainright, the wife of plaintiff Donald Wainright, to succeed on her motion for summary judgment or to be allowed to continue as a plaintiff in this matter.

In the end, this is simply the story of an idea for a business venture with limited capital that failed despite defendant Robert Polanksy's best efforts. The business did not succeed and the plaintiffs did not realize the rewards of a successful venture. Rather than move on with their lives they have sued everyone in sight. It is a sad misuse of the judicial process.

WHEREFORE it is respectfully submitted that defendants OSM Communications, Inc. and Robert E. Polansky are entitled to summary judgment as previously set forth in all the prior submissions as there is no real factual dispute or question of law involved in this matter. In addition thereto, defendant Robert E. Polansky requests that this court award him his reasonable attorneys fees and the costs and disbursements incurred in the defense of this action.

> For the Defendants Robert E. Polansky
> And OSM Communications, Inc.
>
> _____
> Michael P. Goldsmith, Esq.
> 38 West 21st Street
> 5th Floor
> New York, NY 10010-6977
> (212) 677-4441 ext. 18
> (212) 677-6478 Fax
> Federal Bar No. phv0219
> michael.p.goldsmith@verizon.net

**CERTIFICATE OF SERVICE**

This is to certify that on this 6th day of January 2006, a copy of the foregoing Defendants Memorandum in Further Support of Summary Judgment on behalf of Robert E. Polansky and OSM Communications, Inc. was delivered to the undersigned electronically addressed to:

Robert E. Arnold, Esq.
Law Offices of Robert E. Arnold, LLC
205 Church Street, Suite 310
New Haven CT 06510-1805
arnoldlawfirm@msn.com

J. Michael Sulzbach, Esq.
385 Orange Street
New Haven, CT 06511
jms@sulzbachlaw.com

_____
Michael P. Goldsmith, Esq.