**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **DONALD WAINRIGHT, et aI.,** | : | |
| | : | |
| **Plaintiffs,** | : | **CIVIL ACTION NO.** |
| | : | **3:01-CV-02158 (WWE)** |
| **v.** | : | |
| | : | |
| **OSM COMMUNICATIONS, INC.,et aI.,** | : | |
| | : | |
| **Defendants,** | : | **JANUARY 6, 2006** |

**OBJECTION TO DEFENDANTS ISRAEL H. POLANSKY'S**
**MOTION TO QUASH**

On December 16, 2005, the Defendant, Israel H. Polansky, filed a Motion to
Quash the Plaintiff's Subpoena for the production of banking records.   Polansky argues
that since the Honorable Holly H. Fitzsimmons "closed discovery" on August 25, 2005
(Doc. 99), the Plaintiffs are not entitled to proceed with subpoenaing the bank records
directly from the Defendant's bank.  Respectfully, the Defendant's motion to quash
should be denied for the following reasons stated more fully herein below.

First, the Court did order Israel Polansky to provide information and detail about
the same bank accounts, the Plaintiffs are now seeking to secure for trial.  Accordingly,
the request was only denied in part.  Second there are different rules and considerations
between securing documents from a party opponent during pre-trial discovery and issuing
subpoenas for preserving relevant evidence for trial.  Accordingly, Pre-trial discovery is
established per FED. R. CIV. P. 26 (b)(1) which allows for liberal discovery: "[P]arties
may obtain discovery regarding any matter, not privileged, that is relevant to the claim or

defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter...Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." This liberal rule of discovery is subject only to the limitations of FED. R. CIV. P. 26(b)(2) which states in relevant part as follows "…The frequency or extent of use of discovery…shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues…"  The court clearly did not see that it was overly burdensome for the Defendant to have to answer questions regarding these documents.

While the court did deny in-part, the Plaintiffs request for discovery, it does not follow that the Defendant has the right, or even the standing to object to the subpoena of a third party for the preservation of relevant evidence at trial. The rules and procedures permitting the use and scope of trial subpoenas is established at FED. R. CIV. P. 45.  It is well established that an order quashing a subpoena may issue if such subpoena "requires disclosure of privileged or other protected matter and no exception or waiver applies, or . . . subjects a person to undue burden." FED. R. CIV. P. 45(c)(3)(A)(iii), (iv).  Moreover,

the burden in establishing an entitlement to an order quashing a subpoena is on the

movant. Goodman v. United States, 369 F.2d 166, 169 (9th Cir. 1966); see also 9A

CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND

PROCEDURE § 2459 (2d ed. 1995) (discussing motion to quash subpoena).  "There is a

particularly heavy burden upon a deponent to make a substantial showing in support of a

motion to quash as contrasted to some more limited protection." Horizons Titanium Corp.

v. Norton Co., 290 F.2d 421, 425 (1st Cir. 1961).  The Plaintiff submits that the

Defendants have not met this burden.  The Plaintiff further submits that such records are

relevant because they can be used to impeach the credibility of the witness at trial.  The

Plaintiff on operation and belief believes that Israel H. Polansky continued to fund Robert

Polansky and his OSM operations beyond those years that the Defendant contends OSM

was no longer doing business.  This belief is based on the testimony of Israel Polansky

who stated that he funded the company and intimated that the company was still active

years later and Israel Polansky was still paying the bills.

The Plaintiffs request that the Court deny the motion to quash.  The Plaintiffs are

paying for the reasonable expenses for producing these records.  The Bank has not

objected to the subpoena claiming tat it is unduly burdensome. Moreover the Defendant

is still free to move for a motion in limine at trial if Defendant can demonstrate any

unfairness or any prejudice that would be outweighed by the

WHEREFORE, Plaintiffs moves that said subpoena be allowed to go forward and that Defendant's Motion to Quash be denied.


PLAINTIFFS: DONALD WAINRIGHT;
DEBORAH RUSSO-WILLIAMS; & JANET
WAINRIGHT



_____

By, Robert Arnold III
    205 Church Street
    New Haven, Connecticut
    (t) 203-777-3000
    (f) 203-498-6022
    arnoldlawfirm@msn.com
    Federal Bar No. Ct18903

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2006, a copy of the foregoing Plaintiffs Objection to Defendant's Motion to Quash Subpoena was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent bye-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System. The parties served are as follows:

Counsel for defendants Robert E. Polansky and OSM Communications, Inc.
Michael P. Goldsmith, Esquire 38 W. 21st St., sth floor, New York NY 10010-6977 E-mail: michae1.p.goldsmith@verizon.net

Counsel for defendants Israel H. Polansky and Anne Polansky
J. Michael Sulzbach 385 Orange Street New Haven CT 06511
E-mail: ims@su1zbach1aw.com


PLAINTIFFS: DONALD WAINRIGHT;
DEBORAH RUSSO-WILLIAMS; & JANET
WAINRIGHT



_____
By, Robert Arnold III
205 Church Street
New Haven, Connecticut
(t) 203-777-3000
(f) 203-498-6022
arnoldlawfirm@msn.com
Federal Bar No. Ct18903