UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DONALD WAINRIGHT, ET AL.,

        Plaintiffs,

                          CIVIL ACTION NO.
                          3:01-CV-02158  (WWE) (HBF)

        v.

OSM COMMUNICATIONS, INC., et al.,

        Defendants,                  March 13, 2008


**MOTION FOR EXTENSION OF TIME TO PAY SECOND PHASE OF SETTLEMENT AND ADJUSTMENT OF FINAL PAYMENT TO COVER EXPENSES**


This is to file a motion to ask the court to delay the final payment of the settlement until the plaintiffs have returned the software which they acknowledge that they stole from the offices of OSM Communication in the same condition and state of functionality as when they took it.

Major Points:

.We were unaware of the motion of the court dated March 6 until the motion was faxed to my home on Wednesday at close of business Wednesday March 12, 2008 by Michael Sulzbach. Fax attached..note date and time of faxing). No communication was sent to Israel H.Polansky.

. As pro se I was told by the court at Bridgeport that I get "communications" in the mail. Michael Goldsmith, my legal counsel throughout the process, quit as of February 28th to go into private practice so I was unable to get pro se for several days to participate now approved. In addition my motion for a 30 day extension to get new counsel was granted.

. I was not a participant on the phone call with the court because of  lack of information as to the status and our understanding that the hearing was not going to take place./cancelled.  Had we known a decision was imminent or had been aware of the decision of March 6th we would have opposed this payment schedule as undoable given the financial condition and physical state of Israel Polansky (97.7 years old) on that call conference and requested that they complete their commitment in regard to the software.

As such, we would like to request an additional call or hearing by the court and consideration of this motion which we are now making in writing.

.My lawyer, Mike Goldsmith, had resigned from the case, going into private practice and as such I applied for and thought that I was granted 30 days to get new legal council to participate.

. Israel Polansky is 97 and a half years old and has prostate cancer with a wife of 96 who is suffering from dementia making him her primary caretaker making daily life quite difficult as it does for many in his position and functions in regard to the case primarily/both through his son Robert Polansky, who unaware of the facts, failed to inform him of the current status and of course his legal counsel.

. It is impossible for Israel Polansky to come up with the money in such a short term.

. Now that he is aware of the situation, having been informed as such by Robert Polansky, he will endeavor to raise the money through the sale of equities currently owned by his wife and difficult for him to readily access given her mental state and/or to look to other family members for assistance. Given his current cash position minus his outstanding bills, he doe not have the cash and will need ten days to produce the $23,000 payment which he cannot do with two-three working days notice. (Thursday, Friday, Monday) not having the cash on hand or readily available.

Key Facts:

The process of Plaintiff's returning the software which they stole is turning out to be beyond our financial means to handle, a financial burden.

We were forced to transfer the tapes to DVD at a cost of $2,800. James King as consultant is costing $5,000. Now Don Wainright has refused to do the work on the DVD's translating and working with James, and as such, we have now been forced to look for alternative software people (directed by the court to do so) who will charge an industry average of 50 (jr) – 100 (sr) an hour to do what Don could do comfortably.

James King estimated that it would take Don Wainright one whole day to do what James defined as necessary. Given that he supervised them in the development of the software he knows what he is talking about.

We believe it will take a new senior software consultant a week of work to do it representing an additional $4-$5 thousand which we do not have to readily spend. In addition, the three copies of the discs are with the plaintiffs, James King and attorney Sulzbach. We do not have a copy to provide a new consultant but assume we could readily get one of the three.

As such, the court by requesting we put the money in escrow and should take into consideration once again that:

They stole the tapes effectively closing down the company and it is their responsibility to return them in a way they can be used. When they were taken they were fully functional.

We need to take the software, put it into a computer, and direct connect a sign see if the software they say is there, is operational.

We paid the first $23,000 in good faith and would like the court to recognize it as such. Putting another $23,000 in escrow represents a hardship. We are committed to pay and will pay 10 days after they complete the work of returning the software to the satisfaction of James King. Our track record of paying is good, their track record of doing what is necessary is not although Debbie seems to have made some progress identifying verbally to James what is in her PC with no progress on the tapes transferred to DVD.

As such, we need to be able to cover our expenses in getting the software returned properly from the balance of the $23,000.

Expenses: James King of $5,000, transferring tapes $2,800, tape software consultant $4,000 (TBD) = $11,200.

In sum, we believe it inappropriate for the expense of returning the tapes they stole, in the workable form at the time in which they removed the software, to continue to fall on the defendants not the plaintiffs and as such request an adjustment as being fair and equitable and an order to make them further comply to the satisfaction of Mr. King and of course, the court.

In addition, we request an extension to April 1, 2008 to pay half with the second half paid on completion. We believe this to be fair and equitable to all parties and request the court to so order.

Robert E.Polansky, Three East 69th Street, Apt 2a, New York, NY 10021
917-902-0049, Robertepolansky@aol.com

Copies First Class Mail To:

J.Michael Sulzbach, 385 Orange Street, New Haven, CT. 06511
M.Culkin,Culkin Law Firm LLC, 182 Grand Street, Suite 415,Waterbury, CT. 06702

M@culkinlaw.com
jms@sulzbachlaw.com

Certificate Of Service:

I hereby certify that this motion was filed via over night mailed in hard copy and that a
copy of this motion was sent via first class mail to the following parties.

Counsel For Plaintiffs: Michael Culkin, The Culkin Law Firm, LLC, 182 Grand Street,
Suite 415, Waterbury, CT 06702..203-725-8984
M@culkinlaw.com

Counsel For Defendants: Israel Polansky  J.Michael Sulzbach, 385 Orange Street, New
Haven,CT 06511, 203-781-0880
JMS@Sulzbachlaw.com

By:_____
         Robert E. Polansky, 3 East 69th Street, Apt. 2a, New York, New York 10021 917-
902-0049,
RobertEPolansky@aol.com

**J. MICHAEL SULZBACH**
**ATTORNEY AT LAW**
**385 Orange Street**
**New Haven CT 06511**
**Tel: (203) 781-0880; Fax: (203) 781-0861**

## FAX COVER SHEET

Date:       March 12, 2008

TO:         Robert Polansky                          Fax:   (212) 472-7704

FROM:       J. Michael Sulzbach, Esquire             Fax:   (203) 781-0880
                                                     Tel.:  (203) 781-0861

RE:

Number of Pages (including cover):        5

**MESSAGE:**

*The information contained in this message is attorney privileged and confidential information intended only for the use of the individual or entity named. If the reader of this message is not the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the above address via the U.S Postal Service.*

# J. MICHAEL SULZBACH
### ATTORNEY AT LAW
### 385 ORANGE STREET
### NEW HAVEN, CONNECTICUT 06511

TELEPHONE
(203) 781-0880
TELEFAX
(203) 781-0861

March 12, 2008

**Via: Federal Express**

Mr. Israel Polansky
9 Nardell Road
Newton, MA 02459

    Re:    **Wainright, et al. v. OSM Communications, et al.**

Dear Mr. Polansky:

    Judge Fitzsimmons has ordered that the final payment is to be made by March 17th.

                Very truly yours,

                J. Michael Sulzbach

JMS/bsb
Enclosures
Cc:    Robert E. Polansky

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DONALD WAINWRIGHT | : | |
| JANET WAINWRIGHT | : | |
| DEBORAH A. RUSSO-WILLIAMS | : | |
| | : | |
| v. | : | CIV. NO. 3:01CV2158 (WWE) |
| | : | |
| OSM COMMUNICATIONS, INC. | : | |
| ISRAEL H. POLANSKY | : | |
| ROBERT E. POLANSKY | : | |
| ANNE POLANSKY | : | |
| | : | |

**ORDER**

This case was reported settled in August 2006, with payment to be made by Attorney Sulzbach's client, Israel Polansky, in two installments by October 16, 2006. Plaintiffs agreed to assist defendants in recovering data from defendants' computers and, to that end, provided passwords at the settlement conference.

On July 20, 2007, the Court conducted a telephone conference with Attorneys J. Michael Sulzbach, Michael Culkin, and Michael Goldsmith. It was agreed that the settlement payment would be made to plaintiffs in the amount agreed to at the settlement conference, within five days of their appearance at the designated location or by August 31, 2007, whichever was sooner.

A telephone conference was held on August 17, 2007, at which time counsel for defendant Israel Polansky sought another thirty (30) days, to September 30, to transfer tapes into a p.c. friendly format so that plaintiffs could assist in the recovery of information, before paying the remaining funds agreed to in

the settlement. The Court denied defendant's request. [Doc. #188 at 2].

On August 17, 2007, the Court ordered defendant to pay the final settlement amount into an escrow account by Friday, August 31, 2007. The final transfer of settlement funds was to be paid to plaintiffs no later than Monday, September 17, 2007. [Doc. #188 at 2].

Plaintiffs' Motion to Reopen Judgment was denied without prejudice to renewal within sixty (60) days, or by October 17, 2007, if defendants failed to comply with the Court's ruling and order. [Doc. #188 at 2].

On September 26, 2007, plaintiff's counsel contacted the Court to report that defendant has not paid the remaining funds within the time frame ordered by the Court.

On October 4, 2007, a Show Cause hearing was held and the parties mediated a resolution.

On February 8, 2008, plaintiffs renewed the Motion to Reopen Judgment, stating that "defendants have refused to provide the settlement funds agreed to. . . . ." [Doc. #194].

On March 6, 2008, with a Show Cause hearing scheduled, the parties meet with the Court to discuss a resolution. After discussion, the Court rules as follows:

1.    Defendant Israel Polansky will forthwith pay the final settlement amount into the escrow account of plaintiffs' counsel, Michael Culkin. Attorney Culkin will advise the Court if the funds are not received by March 17, 2008.

2

2.    Plaintiffs' counsel may release half of the settlement funds
      to plaintiffs upon deposit of the final settlement payment.
      The balance of the settlement funds will be paid from the
      escrow account to plaintiffs not later than Tuesday, April
      1, 2008.

3.    Counsel for defendant Israel Polansky, Michael Sulzbach,
      will advise plaintiff's counsel and the Court on or before
      Monday, March 10, 2008, how much time it will take to clone
      Ms. Russo-Williams' hard drive; what, if any, assistance
      will be required of Ms. Russo-Williams and how much of her
      time will be required. Mr. Sulzbach will inform anyone
      involved in extracting data from the hard drive that efforts
      to secure information and assistance from Ms. Russo-Williams
      must be completed not later then April 1, 2008.

4.    A followup telephone conference will be held on March 11,
      2008 at 11AM.

      SO ORDERED at Bridgeport, Connecticut this 6th day of March
2008.

                              /s/
                        HOLLY B. FITZSIMMONS
                        UNITED STATES MAGISTRATE JUDGE

3